DAVID P. BEITCHMAN (SBN 198953)
dbeitchman@bzlegal.com
ANDRE BONIADI (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 VENTURA BLVD., SUITE 570
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
FACSIMILE:   (818) 986-9119

*Attorneys for Defendant/Counterclaimant,*
Shirley Suleminian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN and ORIT COHEN, individuals, | Case No. 2:21-cv-08597-MWF-AS |
| Plaintiffs, | **SHIRLEY SULEMINIAN'S ANSWER TO COMPLAINT AND COUNTER CLAIMS FOR:** |
| vs. | 1. **Declaratory Judgement of Non-Infringement** |
| SHIRLEY SULEMINIAN, an individual | 2. **Cancellation of Registration 15 U.S.C.§ 1119** |
| Defendant. | 3. **Breach of Contract** |
| | 4. **Promise Without Intent to Perform** |
| SHIRLEY SULEMINIAN, an individual | **[DEMAND FOR JURY TRIAL]** |
| Counterclaimant, | |
| vs. | Action Filed:      11/2/2021 |
| RONEN COHEN and ORIT COHEN, individuals, | |
| Counter-Defendants. | |

- 1 -

**ANSWER AND COUNTERCLAIMS**

Defendant/Counterclaimant SHIRLEY SULEMINIAN f/k/a Shirley Klein (hereinafter "Shirley" or "Defendant"), for her Answer, Affirmative Defenses and Counterclaims, states as follows:

### IN ANSWER TO THE ALLEGATIONS OF THE COMPLAINT

1.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

2.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations

3.     Admit that Orit Cohen and Defendant were engaged in a business venture at one time, which allowed the use of the SKU ("Shirley Klein Unlimited" Mark), and subsequently entered into an agreement entitled "SKU Diamonds LLC Partners Resolution and Separation Contract and Agreement" but deny that it terminated business partnership between "Plaintiffs" and Defendant.

4.     Admit that the Separation Agreement is the best evidence of its contents. Deny as to the remaining allegations in this paragraph.

5.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.  Defendant Denies that she was unable to sell all merchandise using the SKU mark because the parties had agreed to evenly split the remaining inventory, and each was allowed to sell off their share of the same, on which some of the inventory contained the SKU mark.  Defendant further admits that the name would remain with Orit, but not that Orit or her husband would eb entitled to trademark the name, as Defendant Shirley Suleminian (Whose maiden name is Shirley Klein) had first use superior rights of the Shirley Klein Unlimited mark.

6.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, but Defendant

**ANSWER AND COUNTERCLAIMS**

admits it appears the Plaintiff received federal registration for the SKU JEWELRY trademark.

7.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations Deny

8.     Deny, in so far as Defendant did not renew her trademark registration for her trademark featuring her initials, SHIRLEY KLEIN UNLIMITED (SKU, U.S. Reg. No. 3787221) simply because she had not calendared the date for renewal properly, and not because of the Separation Agreement.

9.     Deny

10.    Admit

11.    Deny

12.    Deny, in so far as the only products sold featuring defendant's name trademark, SKU, were those products that consisted of the remaining inventory, of which Orit and Defendant agreed to split half and half and liquidate.

13.    Deny

14.    Deny.

15.    Admit

16.    This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

17.    This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

18.    This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

19.    This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

20.    Admit

21.    Admit

**ANSWER AND COUNTERCLAIMS**

22.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, but admits that the USPTO appear to reflect the allegations in this paragraph.

23.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations because Defendant is the superior rights holder to the name Shirley Klein Unlimited, which is what the mark SKU consists of – Defendant's maiden name and the work unlimited, and Ronen and Orit's filing of the mark referenced in this paragraph was done in bad faith.

24.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, but admits that the USPTO appear to reflect the allegations in this paragraph.

25.     Defendant admits the allegation in this paragraph only in so far that she is engaged in the retail sales of jewelry.

26.     Defendant admits that she operates a jewelry store as described in this paragraph, but denies that she sells any items branded with the SKU trademark.

27.     Deny that Defendant sells jewelry through www.sku.jewelry.  Admit that Defendant sells jewelry through third party online platforms, including Etsy.

28.     Defendant denies that she currently operates the website identified in Paragraph 28 of the Complaint, but admits that she in fact did create the name "SKU" as it is a combination of the initials her birth name and the word "unlimited."

29.     Deny

30.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations

31.     Admit

32.     Deny in do far as Defendant has never manufactured or produced a counterfeit product nor committed infringement, as the only products she has sold

**ANSWER AND COUNTERCLAIMS**

featuring the SKU mark are those identified in the Separation Agreement, which Defendant is permitted to sell.

33.     This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

34.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

35.     Deny

36.     Deny.

37.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

38.     Deny

39.     This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

40.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

41.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

42.     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

43.     Deny

44.     This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

45.     Deny.

**ANSWER AND COUNTERCLAIMS**

46.    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

47.    Deny.

48.    Deny

49.    Deny

50.    Deny.

51.    Deny.

52.    Deny

53.    Deny

54.    This paragraph contains legal conclusions and is devoid of factual assertions and is thus not suited for an answer by the named Defendant.

55.    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations. However, Plaintiff admits the USPTO appears to reflect this allegation

56.    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations. However, Plaintiff admits the USPTO appears to reflect this allegation.

57.    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations. However, Plaintiff admits the USPTO appears to reflect this allegation.

58.    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph, and based thereon, denies those allegations.

59.    Admit

60.    Deny

**ANSWER AND COUNTERCLAIMS**

## **AFFIRMATIVE DEFENSES**

Defendant states the following as Affirmative Defenses without taking upon themselves the burden of proof thereof:

1.      Defendant alleges that the Complaint and each cause of action therein alleged against Defendant fails to state facts sufficient to constitute a cause of action.

2.      On or about July 6, 2020, for good and valuable consideration, Plaintiff Orit Cohen and Defendant Shirley Suleminian separated their jewelry business by signed settlement agreement, splitting the remaining inventory among themselves. The enforceability of said agreement is subject to the Court's adjudication.

3.      That Plaintiffs have engaged in conduct with respect to the property and/or accounts which are the subject matter of this action sufficient to constitute a waiver of any alleged breach of contract or any other conduct, if any, as set forth in the Complaint.

4.      Defendant alleges, upon information and belief, that Plaintiffs' Complaint and each cause of action therein alleged against Defendant is barred in whole or in part by the doctrine of consent.

5.      Defendant alleges, upon information and believe that Plaintiffs have failed to mitigate their damages.

6.      Defendant alleges, upon information and belief, that Plaintiffs' Complaint and each cause of action therein alleged against Defendant is barred in whole or in part as all alleged acts or omissions of Defendant were at all times justified, privileged, reasonable and done in good faith.

7.      Defendant alleges upon information and belief that by virtue of the acts and/or omissions of Plaintiffs, Plaintiffs are estopped from asserting its claims against Defendant.

8.      Defendant alleges upon information and belief that by virtue of the acts and/or omissions of Plaintiffs, Plaintiffs' recovery in this action is barred under the equitable doctrine of unclean hands.

**ANSWER AND COUNTERCLAIMS**

# COUNTERCLAIMS

Defendant SHIRLEY SULEMINIAN f/k/a Shirley Klein (hereinafter "Shirley" or "Defendant") hereby counterclaims against Plaintiffs and in support of same alleges as follows:

## Nature of the Counterclaims and Jurisdiction

1. Defendant brings counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that they do not violate Plaintiffs' rights under federal and California law.  Defendant further counterclaims to cancel or restrict Plaintiffs' Trademark Registration pursuant to 15 U.S.C. § 1119.

2. Defendant brings further counter claims for breach of contract and for promise without intent to perform.

3. The Court has subject matter over the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the state-law counterclaims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

## The Parties

4. Defendant/Counterclaimant Shirley is an individual residing in and conducting business in the City of Los Angeles, California.

5. Plaintiff/Counter-Defendant Ronen Cohen ("Ronen") is an individual residing in and conducting business in the City of Los Angeles, California.

6. Plaintiff/Counter-Defendant Orit Cohen ("Orit") is an individual residing in and conducting business in the City of Los Angeles, California.

**ANSWER AND COUNTERCLAIMS**

**COUNTERCLAIM COUNT I**

**Declaratory Judgment of Non-Infringement**

**Concerning Defendant's Use of "SKU"**

7.      Defendant repeats and reincorporates the foregoing paragraphs as though set forth fully herein.

8.      Defendant was engaged in the commercial retail aspect of the jewelry business for many years prior to the instant action.  In operating as such, Defendant, then using her maiden mane "Klein" traded under the name Shirley Klein Unlimited, using the unlimited designation because Shirley sold many different types and styles of jewelry.

9.      Ultimately Shirley trademarked her birth-name initials, along with the letter "u" for unlimited, and eventually received United States Registration Number 37987221.

10.      Subsequently, because Counter-Defendant Ronen was in business with Shirley's husband, non-party Danny Suleminian, selling vintage watches, Shirley and Orit discussed entering into a similar partnership selling jewelry.  Ultimately, Shirley and Orit entered into such partnership, formed SKU Diamond Jewelry, LLC, and pursuant thereto began collectively selling merchandise under Shirley's trademarked initials "SKU."

11.      At some point hereafter significant disputes, followed by multiple litigation, erupted between Danny Suleminian on the one hand, and Ronen and a third partner, non-party Jack Abramov, on the other hand.  It was not long before the influence of Ronen and Abramov that caused Orit to follow suit, resulting in litigation between Orit and Shirley, including but not limited to the instant action.

12.      As a result of the disputes, a Separation Agreement was entered into by and between Orit and Shirley, in which Shirley agreed to no longer use the name "SKU" in connection with certain jewelry sales- with one critical exception identified in the Separation Agreement, but disregarded by Orit and Ronen in the underlying

**ANSWER AND COUNTERCLAIMS**

action:  The parties agreed that, consistent with their separation, Orit and Shirley would equally split the remaining inventory (that was already branded with the "SKU" mark).  Such provision is stated clearly within the Separation Agreement.  Upon splitting the inventory, as one would logically assume, Orit and Shirley would each be entitled to sell off that remaining inventory until it was gone.  Orit and Shirley would be entitled to retain for themselves any of the proceeds from such sales.

13.  On execution of the Separation Agreement, Shirley received half of the "SKU" marked inventory and began selling only that inventory.  Shirley never ordered, caused to be ordered, manufactured or caused to be manufactured, or otherwise sold any product featuring the "SKU" mark in violation of the terms of the Separation Agreement, including her half of the previously existing shared inventory.

14.  Despite the foregoing, and with full knowledge of the Orit and Shirley's agreement, Plaintiff/Counter-Defendants bring the underlying action as part of a compendium of litigation between the parties (there are no less than 6 pending actions between the husbands and wives).

15.  As set forth more fully in Plaintiff's Complaint, there is an actual and ongoing controversy between Plaintiffs and Defendant as to whether the use by Shirley in selling of the agreed amount of divided, previously produced inventory infringes upon Plaintiffs' rights under federal and state law.

16.  Plaintiff's claims for infringement under 15 U.S.C. §§ 1114(1) 1051 and 1125(a), for false designation of origin, and counterfeiting all require a showing of a valid and protectable trademark and require a showing that any such use by Defendant Counter-Claimant was and is unauthorized.

17.  First, Ronen and Orit's filing for and receiving federal registration for SKU JEWELRY on October 14, 2020 is improper and constitutes a misrepresentation on the United States Patent and Trademark Office, as Shirley is and remains the superior rights holder of the mark, and has not assigned her now-canceled registration, nor authorized Ronen and Orit's filing of the SKU JEWELRY mark.  Shirley is

**ANSWER AND COUNTERCLAIMS**

informed and believes and thereon alleges that application for such mark contains false, misleading or inaccurate information.

18.     Second, the SKU JEWELRY mark is descriptive in that it merely sets forth the name (in initial form) of the original creator of the jewelry line, Shirley Klein (SK), and that the creation of such jewelry is not limited to one particular style or item (Unlimited- "u").  As such, not only is Orit not entitled to "own" Shirley's initials via federal registration, Orit has not achieved "secondary meaning" necessary to protect its mark.  Accordingly, her mark is not valid.

19.     Moreover, pursuant to the agreement between Orit and Shirley, the Separation Agreement called for the equal division of any remaining inventory featuring the SKU mark; thereafter both Orit and Shirley were entitled to, and had the right to sell off the remaining sku branded inventory, as a final termination and unwinding of their partnership, which is precisely what both parties did.

20.     Given that the only sales of "SKU" branded jewelry conducted by Shirley, post separation, are those described herein- the selling off of inventory per Orit and Shirley's agreement, and because such was permissive and not a result of Shirley's manufacturing such products post separation, no claim for false designation of origin or counterfeiting lies; for these and other reasons,  Defendant/Counter-Claimant Shirley's limited permissive use of the SKU designation does not violate any of Plaintiffs' rights under federal or state law.

## COUNTERCLAIM COUNT II
### Cancellation Of Registration
### <u>15 U.S.C. § 1119</u>

21.     Defendant repeats and reincorporate the foregoing paragraphs as though set forth fully herein.

**ANSWER AND COUNTERCLAIMS**

22.   Plaintiff is the registrant of the mark SKU JEWELRY, which they applied for on October 14, 2020 and received federal registration on September 28, 2021, under U/S/ Registration Number 6497453.

23.   This is an action involving a registered mark, *i.e.*, the mark set forth in the '453 Registration.  Accordingly, this Court is granted jurisdiction to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registration of any party to this action." 15 U.S.C. § 1119.

24.   Plaintiff's SKU JEWLERY mark is descriptive in that it intentionally contains the mark formerly created and owned by Shirley Suleiman f/k/a Shirley Klein.  As set forth herein and above, Shirley trademarked her initials with the word "unlimited" to describe that it was she, Shirley Klein, selling unlimited types, styles and designs of jewelry.  Plaintiffs/Counter-Defendants merely inserted the word "Jewelry" next to the Shirley Klein Unlimited abbreviation, and immediately applied for the '453 mark the moment Shirley unintentionally failed to renew her SKU mark.

25.   Accordingly, the '453 Mark is also deceptive and subject to cancelation.

## COUNTER CLAIM COUNT III
## <u>Breach of Contract</u>

26.   Defendant repeats and reincorporates the foregoing paragraphs as though set forth fully herein.

27.   As set forth herein and throughout, Orit and Shirley were business partners in the operation of a retail jewelry venture.  When the parties terminated the relationship, a written Separation Agreement was entered into by and between Orit and Shirley regarding their respective interest in SKU Diamond Jewelry, LLC.  The Separation Agreement specifically stated in paragraph 2 that "Right After [sic] the inventory count, Partners agree to Split [sic] the inventory equally between them 50/50 by picking one item at a time…"

28.     Thereafter at Paragraph 4, the agreement indicates that "At the completion of the inventory split, Shirley will transfer her 50% share of the LLC to Orit and Orit will own 100% of the LLC," confirming that the at inventory split, and Shirley's right to the value of the same, was in fact the basis for her relinquishing her 50% ownership in the company to Orit.

29.     Consistent with the Separation Agreement, and as supported by logic, the parties agreed that in receiving half of the remaining SKU branded inventory, Orit and Shirley could sell the remaining SKU branded inventory and retain the respective proceeds for themselves.  Pursuant thereto, Shirley did in fact sell limited amounts of the remaining SKU branded inventory that she received as a result oof the termination and separation of the partnership.

30.     Shirley has performed each of the conditions, covenants, and promises required by her per the parties' agreement, except for those which were specifically prevented by Plaintiffs/Counter-Defendants.

31.     Despite the foregoing, Plaintiffs/Counter-Defendants have breached the agreement by, among other things, suing Shirley to prevent her from selling her 50% of the remaining inventory.

32.     Moreover, Plaintiffs/Counter-Defendants have breached the Separation Agreement by filing a Trademark for the name "SKU JEWELRY," the filing of which was not authorized by the terms of the Separation Agreement. Alternatively, Paragraph 9 of the Separation Agreement states that on completion of the separation, "Orit remains with the SKU DIAMONDS Name and Instagram…"  The Separation Agreement, nor any other agreement between the parties, does not permit or allow the trademarking of Shirley's initials in any from, including with the word "unlimited" which together formed the SKU mark that Shirley created and owned well before those matters identified in the underlying Complaint.

33.     Plaintiffs/Counter-Defendants actions as set forth herein and above constitute material breaches of the agreements between the parties.

**ANSWER AND COUNTERCLAIMS**

34.     As a direct and proximate result of Plaintiffs/Counter-Defendants breaches of the parties' agreements, Defendant/Counter-Claimant has suffered serious damages in an amount to be proven at time of trial, inclusive interest attorney fees, costs and consequential damages.

**COUNTER CLAIM COUNT IV**

**<u>Promise without Intent to Perform</u>**

35.     Defendant repeats and reincorporate the foregoing paragraphs as though set forth fully herein.

36.     As alleged herein and throughout, Shirley and Orit entered into that certain Separation Agreement on or about July 6, 2020, which memorialized some, but not all, of the agreed points between them.  Defendant/Counter-Complainant is informed and believes and thereon alleges that at no time did Plaintiff/Counter-Defendants have any intention of performing under the Agreement, but instead took the actions herein in order to take for themselves the remaining assets of the business partnership and prevent Shirley from continuing to transact business.

37.     Specifically, Orit averred in the Agreement that Shirley would be entitled to half of the remaining inventory on dissolution of the partnership.  The parties knew, agreed and acknowledged that they would be entitled to sell the remaining inventory.

38.     The parties further understood that the name "SKU DIAMONDS would remain with Orit.

39.     In reliance of the agreements between Shirley and Orit, Shirley did in fact execute the Separation Agreement, give up her rights to the SKU DIAMOND name, and transfer her shares in the LLC to Orit.  Despite the same, Plaintiff/Counter-Defendants have taken direct action in contravention of the Separation Agreement, and in contravention of the promises made to induce Shirley to execute the same.

40.     Plaintiffs/Counter-Defendants have secretly, wrongfully and without authorization trademarked Shirley's birth-name initials, SK, along with the letter "U", after documenting that the SKU DIAMOND name will remain with Orit, and further,

**ANSWER AND COUNTERCLAIMS**

Plaintiff/Counter-Defendants have taken action, including but not limited to filing a trademark infringement claim, to prevent Shirley from selling off her lawfully received 50% interest in the remaining partnership inventory.

41.   Defendant/Counter-Claimant is informed and believes and thereon alleges that Plaintiffs/Counter-Defendants have intentionally engaged in such conduct with ulterior motives, specifically to continue, agitate and expand the ongoing litigation between the two couples and former business partners.

42.   Defendant/Counter-Claimant is informed and believes and thereon alleges that at the time Plaintiffs/Counter-Defendants made the representations to induce Shirley to execute the Separation Agreement, as well as at the time Plaintiffs/Counter-Defendants represented that they agreed to the written terms therein, Plaintiffs/Counter-Defendants knew those representations to be false, and made such representations with the intent to deceive and defraud Shirley, and to induce her into giving up her interest in the LLC and giving up the right to use her SKU name and mark without limitation.

43.   Said representations were of a material importance in that Shirley would not have taken the actions herein alleged if not for the specific false representations and/or promises made by Plaintiffs/Counter-Defendants.  Namely, Shirley would not have agreed to the terms of the Separation Agreement.

44.   Shirley's reliance on the said representations were justified given the circumstances in which they were made.

45.   As a direct and proximate result of Plaintiffs/Counter-Defendants' fraudulent actions, Shirley suffered serious economic damages in an amount to conform to proof at time of trial, together with pre-judgment interest at the maximum legal rate, together with costs of suit.

46.   Furthermore, the aforesaid conduct of Plaintiffs/Cross-Defendants was despicable conduct that subjected Shirley to an unjust hardship, in conscious disregard

**ANSWER AND COUNTERCLAIMS**

of her rights, so as to justify an award of exemplary and punitive damages according to proof.

WHEREFORE, Defendant and Counterclaimant prays for relief as follows:

1.      Dismissal of all Plaintiffs' claims with prejudice.

2.      Entry of a declaratory judgment that Defendant's use of the designation "SKU" does not violate any of Plaintiffs' rights in its mark, including pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), the common law trademark infringement and unfair competition, California Unfair Competition under California Business and Professions Code § 17200, 15 U.S.C. § 1125(c), or any other rights under federal or state law.

3.      An order of cancellation of the '453 Registration, or an order requiring the registration to be amended to include a disclaimer of the term SKU as generic in the standard language used by the Patent and Trademark Office, *i.e.*, "[n]o claim is made to the exclusive right to use SKU apart from the mark as shown."

4.      Damages sustained by Defendant/Counterclaimant on Count 3 for breach of contract and Count 4 for promise without intent to perform.

5.      For exemplary and punitive damages.

6.      Award of attorney's fees and costs under 15 U.S.C. § 1117(a) as an exceptional case.

7.      Such other relief as the Court deems just and equitable.

DATED: December 8, 2021                    **BEITCHMAN & ZEKIAN, P.C.**


                                                           By:    /s/ David Beitchman
                                                                   David P. Beitchman,
                                                                   *Attorneys for*
                                                                   *Defendant/Counterclaimant,*
                                                                   SHIRLEY SULEMINIAN

- 16 -
**ANSWER AND COUNTERCLAIMS**

1

## DEMAND FOR JURY TRIAL

2

3      Plaintiff and Counter-Defendant hereby demands trial by jury.

4

5    DATED: December 8, 2021          **BEITCHMAN & ZEKIAN, P.C.**

6

7                                    By:  /s/ David Beitchman
                                         David P. Beitchman,
8                                        *Attorneys for*
                                         *Defendant/Counterclaimant,*
9                                        SHIRLEY SULEMINIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND COUNTERCLAIMS**