ERIC LEVINRAD (State Bar No. 169025)
  elevinrad@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422

Attorneys for Plaintiffs and Counter-defendants  Ronen Cohen and Orit Cohen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RONEN COHEN and ORIT COHEN, individuals,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SHIRLEY SULEMINIAN, an individual,<br><br>　　　　Defendant.<br><br>SHIRLEY SULEMINIAN, an individual,<br><br>　　　　Counterclaimant.<br><br>　vs.<br><br>RONEN COHEN and ORIT COHEN, individuals,<br><br>　　　　Counter-Defendants. | Case No. 2:21-cv-08597-MWF-AS<br><br>**ANSWER TO COUNTERCLAIM** |

Counter-defendants RONEN COHEN and ORIT COHEN ("Counter-defendants ") submit this Answer in response to Counterclaimant Shirley Suleminian's ("Counterclaimant") Counterclaims dated December 8, 2021 ("Counterclaim"). All allegations not expressly admitted are hereby denied. Any allegations that may be implied or inferred from the headings of the Counterclaim are denied.

1. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore deny the allegations contained in Paragraph 1.

2. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 2, and therefore deny the allegations contained in Paragraph 2.

3. Paragraph 3 contains legal argument and conclusion, to which no response is required. To the extent a response is required, Counter-defendants deny the allegations in Paragraph 3.

4. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4, and therefore deny the allegations contained in Paragraph 4.

5. Counter-defendants admit the allegations contained in Paragraph 5.

6. Counter-defendants admit the allegations contained in Paragraph 6.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Non-Infringement

### Concerning Defendant's Use of "SKU"

7. Counter-defendants incorporate by reference all of their answers to Paragraphs 1 through 6 as if stated here in full.

8. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 8, and therefore deny the allegations contained in Paragraph 8.

9. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 9, and therefore deny the allegations contained in Paragraph 9.

10. Counter-defendants admit that Shirley and Orit discussed entering into a partnership selling jewelry; that Shirley and Orit entered into such partnership; that Shirley and Orit formed SKU Diamond Jewelry, LLC; and that SKU Diamond Jewelry, LLC began selling merchandise under the SKU mark. Except as expressly admitted herein, Counter-defendants deny all other allegations in Paragraph 10.

11. Counter-defendants admit that there are disputes and litigation between Danny Suleminian on the one hand, and Ronen and Mr. Abramov, on the other hand, and that Orit and Shirley are also parties to such litigation. Except as expressly admitted herein, Counter-defendants deny all other allegations in Paragraph 11.

12. Counter-defendants admit that a Separation Agreement was entered into by and between Orit and Shirley, in which Shirley agreed to no longer use the name "SKU" in connection with certain jewelry sales; that Orit and Shirley would equally split the remaining inventory, and that such provision is stated within the Separation Agreement. Except as expressly admitted herein, Counter-defendants deny all other allegations in Paragraph 12.

13. Counter-defendants admit that on execution of the Separation Agreement, Shirley received half of the "SKU" marked inventory. Counter-defendants lacks sufficient information to admit or deny the allegation that Shirley began selling only that inventory and therefore denies such allegation. Counter-defendants deny all other allegations in Paragraph 13.

14. Paragraph 14 contains legal argument and conclusion, to which no response is required. To the extent a response is required, Counter-defendants deny the allegations in Paragraph 14.

15. Counter-defendants admit that there is an actual and ongoing controversy between Plaintiffs and Defendant as to whether Shirley's conduct infringes upon Plaintiffs' rights under federal and state law. Counter-defendants deny all other allegations in Paragraph 15.

16. Paragraph 16 contains legal argument and conclusion, to which no response is required. To the extent a response is required, Counter-defendants deny the allegations in Paragraph 16.

17. Denied.

18. Denied.

19. Counter-defendants admit that pursuant to the agreement between Orit and Shirley, the Separation Agreement called for the equal division of any remaining inventory featuring the SKU mark. Counter-defendants deny all other allegations in Paragraph 19.

20. Paragraph 20 contains legal argument and conclusion, to which no response is required. To the extent a response is required, Counter-defendants deny the allegations in Paragraph 20.

## COUNTERCLAIM COUNT II

### Cancellation Of Registration

### 15 U.S.C. § 1119

21. Counter-defendants incorporate by reference all of their answers to Paragraphs 1 through 20 as if stated here in full.

22. Admitted.

23. Paragraph 23 contains legal argument and conclusion, to which no response is required. To the extent a response is required, Counter-defendants admit the allegations in Paragraph 23.

24. Denied.

25. Denied.

## COUNTERCLAIM COUNT III

### Breach of Contract

26. Counter-defendants incorporate by reference all of their answers to Paragraphs 1 through 25 as if stated here in full.

27. Admitted.

28. Admitted that at Paragraph 4, the agreement indicates that "At the completion of the inventory split, Shirley will transfer her 50% share of the LLC to Orit and Orit will own 100% of the LLC." Counter-defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 28, and therefore deny such remaining allegations.

29. Cross-defendants lack sufficient information to admit or deny the allegations that "Shirley did in fact sell limited amounts of the remaining SKU branded inventory that she received as a result of the termination and separation of the partnership," and therefore deny such allegation. Counter-defendants deny the remaining allegations in Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNTERCLAIM COUNT IV

### Promise without Intent to Perform

35. Counter-defendants incorporate by reference all of their answers to Paragraphs 1 through 34 as if stated here in full.

36. Counter-defendants admit that Shirley and Orit entered into the Separation Agreement on or about July 6, 2020. Counter-defendants deny the remaining allegations in Paragraph 36.

37. Counter-defendants admit that the Agreement provides that "Partners agree to Split the inventory equally between them 50/50." Counter-defendants deny the remaining allegations in Paragraph 37.

38. Admitted.

39. Counter-defendants admit that "Shirley did in fact execute the Separation Agreement, give up her rights to the SKU DIAMOND name, and transfer her shares in the LLC to Orit." Counter-defendants deny the remaining allegations in Paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 43, and therefore deny the allegations contained in Paragraph 43.

44. Counter-defendants lack sufficient information to admit or deny the allegations contained in Paragraph 44, and therefore deny the allegations contained in Paragraph 44.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Counterclaim, and each purported cause of action alleged therein against Counter-defendants fails to state facts sufficient to constitute a cause of action against Counter-defendants.

### SECOND AFFIRMATIVE DEFENSE

(No Damages Sustained)

2. Counterclaimant has not sustained any damages as a result of any of

Counter-defendants' actions alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

3. The Counterclaim is barred by the doctrines of unclean hands and *in pari delicto*.

### FOURTH AFFIRMATIVE DEFENSE
(Improper Splitting of Claims)

4. Counts III and IV of the Counterclaim are currently the subject of litigation pending in state court. By asserting these claims in this action, Counterclaimant has improperly split these claims over two separate actions, and Counts III and IV should therefore be dismissed.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

5. The Complaint is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

6. Plaintiff failed to take reasonable steps to mitigate its damages, if any, in a commercially reasonable manner with respect to the matters alleged against Defendants in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
(Plaintiff's Wrongful Conduct)

7. Counterclaimant's alleged damages have been brought about wholly and solely by reason of the acts and conduct of Counterclaimant and without any unlawful or wrongful conduct whatsoever on the part of Counter-defendants and, as a result and consequence thereof, Counterclaimant is barred from recovery thereof.

### EIGHTH AFFIRMATIVE DEFENSE
(Acquiescence)

8. Counterclaimant's purported claims for relief against Counter-

defendants are barred by acquiescence.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

1. The Counterclaim, and all claims for relief contained therein, are barred by Counterclaimant's prior consent to the actions described therein.

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

2. The Counterclaim, and each purported cause of action therein, is barred by Counterclaimant's breach of the agreement at issue in the Complaint.

## RESERVATION OF RIGHTS TO ALLEGE ADDITIONAL AFFIRMATIVE DEFENSES

12. Counter-defendants reserve their rights to allege additional affirmative defenses.

## PRAYER

WHEREFORE, Counter-defendants pray that:

1. Counterclaimant takes nothing by her Counterclaim herein;
2. Counter-defendants be awarded their costs of the suit herein, including reasonable attorney's fees to the extent provided by law; and
3. Counter-defendants be awarded such other and further relief as this Court deems just and proper.

DATED: December 28, 2021

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By:    */s/ Eric Levinrad*
     ERIC LEVINRAD
Attorneys for Plaintiffs
Ronen Cohen and Orit Cohen

# PROOF OF SERVICE

**Cohen, et al. v. Suleminian**
Case No. 2:21-cv-08597-MWF-AS

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

On December 28, 2021, I served true copies of the following document(s) described as **ANSWER TO COUNTERCLAIM** on the interested parties in this action as follows:

| | |
|---|---|
| David P. Beitchman, Esq.<br>Andre Boniadi, Esq.<br>**BEITCHMAN & ZEKIAN, P.C.**<br>16130 Ventura Blvd., Suite 570<br>Encino, CA  91436<br>Tel:  (818) 986-9100<br>Fax:  (818) 986-9119<br>Email:  dbeitchman@bzlegal.com;<br>aboniadi@bzlegal.com | *Attorneys for Defendant/Counterclaimant,*<br>*SHIRLEY SULEMINIAN* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 28, 2021, at Los Angeles, California.

_____
Courtney Hamilton

4894526.1

-1-
ANSWER TO COUNTERCLAIM