Milord A. Keshishian, Esq. (SBN 197835)
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
10516 West Pico Boulevard
Los Angeles, California 90064
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorney for Shirley Suleminian

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONEN COHEN and ORIT COHEN, individuals, | Case No.: 2:21-cv-08597-SSS(ASx) |
| Plaintiffs, | |
| vs. | **PROTECTIVE ORDER** |
| SHIRLEY SULEMINIAN, an individual, | [Discovery Matter] |
| Defendant. | |
| SHIRLEY SULEMINIAN, an individual, | |
| Counterclaimant, | **Honorable Alka Sagar** |
| vs. | |
| RONEN COHEN and ORIT COHEN, individuals, | |
| Counter-Defendants. | |

Pursuant to <u>Fed.R.Civ.P. 26(c)</u>, the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order (the "Stipulated Protective Order") to govern the handling of information and materials produced in the course of discovery or filed with the Court in this Action (as defined in Section 2.1 below).

1.   A. <u>PURPOSE AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulated Protective Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this Action, whether or not the same material has been obtained during the course of discovery in the Action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

## B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, customer lists and sales records, yet undisclosed marketing and business plans, CAD design files and prototypes for yet undisclosed product designs, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  Moreover, this is an action between former business partners, now competitors in the same business sector (fashion fine jewelry); as a result, an attorney's eyes only designation is required to adequately protect each parties' trade secret business information.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u> shall refer to the above-captioned action, case number 2:21-cv-08597-SSS-ASx.

2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3    "<u>CONFIDENTIAL</u>" Information or Items:

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's Counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Such information may include, but is not limited to:

(a)    Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Designating Party;

(b)    Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California;

(c)    Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information which is not otherwise protected as "Highly Confidential – Attorneys' Eyes Only".

(d)    The fact that an item or category is listed as an example in this or other sections of this Stipulated Protective Order does not, by itself, render the item or category discoverable.

2.4    <u>Consultant</u>: A person, including non-party expert and/or consultant,

1 retained or employed by Counsel to assist in the preparation of the case, to the

2 extent that they are reasonably necessary to render professional services in this

3 Action, and subject to the disclosure requirements within this Stipulated Protective

4 Order.

5       2.5   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

6 their support staff) (both defined herein).

7       2.6   <u>Designating Party</u>: A Party or Non-Party that designates information or

8 items that it produces in disclosures or in responses to discovery as

9 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10 ONLY"

11       2.7   <u>Disclosure or Discovery Material</u>: All items or information, regardless

12 of the medium or manner in which it is generated, stored, or maintained (including,

13 among other things, testimony, transcripts, and tangible things), that are produced or

14 generated in disclosures or responses to discovery in this matter.

15       2.8   <u>Expert</u>: A person with specialized knowledge or experience in a matter

16 pertinent to the litigation who has been retained by a Party or its Counsel to serve as

17 an expert witness or as a consultant in this Action.

18       2.9   <u>House Counsel</u>: Attorneys who are employees of a Party to this Action

19 including their associates, clerks, legal assistants, stenographic, videographic and

20 support personnel.  House Counsel does not include Outside Counsel of Record or

21 any other outside counsel.

22       2.10  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>:

23 Subject to the limitations in this Stipulated Protective Order, Designated Materials

24 may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for

25 the purpose of preventing the disclosure of information or materials which, if

26 disclosed to the receiving party, might cause competitive harm to the Designating

27 Party.  Information and material that may be subject to this protection includes, but

28 is not limited to, technical and/or research and development data, intellectual

property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business. Nothing in Section 2.3 shall limit the information or material that can be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Section. Before designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party's Counsel shall make a good faith determination that the information warrants such protection.  Such information may include, but is not limited to:

(a)    The financial performance or results of the Designating Party, including without limitation income statements, profit and loss statements, balance sheets, cash flow analyses, budget projections, purchase and sale records and present value calculations;

(b)    Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)    Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party; and

(d)    Information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12   <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm

which has appeared on behalf of that Party, and includes support staff.

2.13   <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record House Counsel(and their respective support staffs).

2.14   <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their House Counsel or Outside Counsel of Record that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a

1  Designating Party agrees otherwise in writing or a court order otherwise directs.
2  Final disposition shall be deemed to be the later of (1) dismissal of all claims and
3  defenses in this Action, with or without prejudice; and (2) final judgment herein
4  after the completion and exhaustion of all appeals, rehearings, remands, trials, or
5  reviews of this Action, including the time limits for filing any motions or
6  applications for extension of time pursuant to applicable law.

7          The use of Designated Materials at depositions or trial does not void the
8  documents' status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY" material or void the restrictions on the use of the
10  Designated Materials.  Upon request of a Party, the Parties shall meet and confer
11  concerning the use and protection of Designated Material in open court at any
12  hearing.

13          At deposition, the Party using Designated Material must request that the
14  portion of the proceeding where use is made be conducted so as to exclude persons
15  not qualified to receive such Designated Material.

16          At trial, the Party using Designated Material must request that the portion of
17  the proceeding where use is made be conducted so as to exclude persons not
18  qualified to receive such Designated Material.

19          Prior to the pretrial conference, the Parties shall meet and confer concerning
20  appropriate methods for dealing with Designated Material at trial.

21  5.    DESIGNATING PROTECTED MATERIAL

22          5.1    Designated Material.  Information or material may be designated for
23  confidential treatment pursuant to this Stipulated Protective Order by the
24  Designating Party, if: (a) produced or served, formally or informally, pursuant to the
25  Federal Rules of Civil Procedure or in response to any other formal or informal
26  discovery request in this Action; and/or (b) filed or lodged with the Court.

27          5.2    Manner and Timing of Designations.  Except as otherwise provided in
28  this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure

or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.  If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Stipulated Protective Order. If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Stipulated Protective Order.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing

Party must affix the legend "CONFIDENTIAL" or "HIGHLY    CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     Deposition transcripts and portions thereof taken in this Action may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

Within sixty (60) days after a deposition transcript is certified by the court reporter, any Party may designate pages of the transcript and/or its exhibits as Designated Material.  During such sixty (60) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation).  If any Party so designates such material, the parties shall provide written notice of such designation to all parties within the sixty (60) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all Counsel.

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL "or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     <u>Copies</u>.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Stipulated Protective Order.

5.3     When a Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

(a)     Within forty-five (45) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)     By notice to all Parties to this Action and to the Producing Party, if such party is not a party to this Action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by email.

5.4     A Party shall be permitted to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

(a)     The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law

1  (including, but not limited, to the employment relationship and the vendor-customer
2  relationship); or

3     (b)    The material being produced could be considered
4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
5  ONLY" material of the Designating Party under Section 2.3 or Section 2.10 of this
6  Stipulated Protective Order if it were in the possession of the Designating Party.

7     5.5    Upon notice of designation, all persons receiving notice of the
8  requested designation of materials shall:

9     (a)    Make no further disclosure of such Designated Material or
10 information contained therein, except as allowed in this Stipulated Protective
11 Order;

12    (b)    Take reasonable steps to notify any persons known to have
13 possession of or access to such Designated Materials of the effect of such
14 designation under this Stipulated Protective Order.

15    (c) If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
16 ATTORNEYS' EYES ONLY" material or information contained therein is
17 disclosed to any person other than those entitled to disclosure in the manner
18 authorized by this Stipulated Protective Order, the Party responsible for the
19 disclosure shall, immediately upon learning of such disclosure, inform the
20 Designating Party in writing of all pertinent facts relating to such disclosure, and
21 shall make every effort to prevent further disclosure by the unauthorized person(s).

22    5.6    <u>Inadvertent Failures to Designate</u>.  If any party required to produce
23 documents contends that it inadvertently produced any Designated Material without
24 marking it with the appropriate legend, or inadvertently produced any Designated
25 Material with an incorrect legend, the Producing Party may give written notice to
26 the receiving party or parties, including appropriately stamped substitute copies of
27 the Designated Material.  If the parties collectively agree to replacement of the
28 Designated Material, then the documents will be so designated.  Within five (5)

business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the Producing Party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Materials designated under this Stipulated Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any Party or person receiving them for any business or any other purpose.  No Party or person shall disclose Designated Material to any other Party or person not entitled to receive such Designated Material under the specific terms of this Stipulated Protective Order.  For purposes of this Stipulated Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality (the "Challenging Party") at any time consistent with the Court's scheduling order(s).  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 37-1 et seq. (and in compliance with Civil Local Rule 79-5.1, if applicable) within twenty-one (21) days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the ability to challenge the confidentiality designation for each challenged designation.  In addition, the Designating Party may file a motion for a protective order preserving the confidential designation at any time if there is good cause for doing so.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and

confer requirements imposed by the preceding paragraph.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Until such time as a determination has been made on any such motion by the Court.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

(a)    Any person who appears on the face of the Designated Material marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

(b)    Outside Counsel of Record to the parties in this Action, House counsel, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation

1  attorneys, and organizations retained by such attorneys to provide litigation support

2  services in this Action and the employees of said organizations;

3     (c)   Experts, Consultants, including non-party experts and

4  consultants retained or employed by Counsel to assist in the preparation of the case,

5  to the extent they are reasonably necessary to render professional services in this

6  Action, and subject to the disclosure requirements of Section 7.1.  Each Expert or

7  Consultant must sign a certification (see "Exhibit A") that he or she has read this

8  Stipulated Protective Order, will abide by its provisions, and will submit to the

9  jurisdiction of this Court regarding the enforcement of this Stipulated Protective

10 Order's provisions;

11    (d)   A Party's officers and/or employees, which may include House

12 Counsel;

13    (e)   The Court, its clerks, and Court officials, employees, secretaries,

14 and any court reporter retained to record proceedings before the Court.  Designated

15 Material may be disclosed to any special master, referee, expert, technical advisor or

16 Third-Party Consultant appointed by the Court, to the jury in this Action, and any

17 interpreters interpreting on behalf of any party or deponent.; and

18    (f)   Any mediator or settlement officer, and their supporting

19 personnel, mutually agreed upon by those parties engaged in settlement discussions.

20 Each mediator or settlement officer must sign a certification that he or she has read

21 this Stipulated Protective Order, will abide by its provisions, and will submit to the

22 jurisdiction of this Court regarding the enforcement of this Stipulated Protective

23 Order's provisions.

24    7.3   Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES

25 ONLY" Information or Items.  Materials designated "HIGHLY CONFIDENTIAL –

26 ATTORNEYS' EYES ONLY" may be disclosed only to the following Designees:

27    (a)   Any person who appears on the face of the Designated Material

28 marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author,

1  addressee, or recipient thereof;

2      (b)    Counsel to the parties in this Action, including any Outside
3  Counsel of Record, and their respective associates, clerks, legal assistants,
4  stenographic, videographic and support personnel, and other employees of such
5  outside litigation attorneys, and organizations retained by such attorneys to provide
6  litigation support services in this Action and the employees of said organizations. ;

7      (c)    Experts or Consultants for the parties to this Action, as defined
8  herein; and

9      (d)    The Court, its clerks, Court officials, employees, any special
10  master, referee, expert, technical advisor or Third-Party Consultant appointed by the
11  Court, to the jury in this Action, and any interpreters interpreting on behalf of any
12  party or deponent;

13      (e)    Court reporters retained to transcribe depositions and/or retained
14  to record proceedings before the Court; and.

15      (f)    Any mediator or settlement officer, and their supporting
16  personnel, mutually agreed upon by those parties engaged in settlement discussions
17  provided that he or she sign a certification that he or she has read this Stipulated
18  Protective Order, will abide by its provisions, and will submit to the jurisdiction of
19  this Court regarding the enforcement of this Stipulated Protective Order's
20  provisions.

21      7.4    If any Party wishes to disclose information or materials designated
22  under this Stipulated Protective Order as "CONFIDENTIAL," or "HIGHLY
23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Expert and/or
24  Consultant, it must first identify that individual to the Counsel for the Designating
25  Party and submit a Certification pursuant to Section 7.8.

26      7.5    Legal Effect of Designation.  The designation of any information or
27  materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
28  EYES ONLY" is intended solely to facilitate the conduct of this litigation.  Neither

such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the Designated Materials constitute or contain any trade secret or confidential information.  Except as provided in this Stipulated Protective Order, no Party to this Action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

7.6     Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.[1]

7.7     Certificates Concerning Designated Materials.  Each Expert and/or Consultant, to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement and Agreement to be Bound ("Acknowledgement") in the form attached hereto as "Exhibit A."  Counsel who makes any disclosure of Designated Materials shall retain each executed Acknowledgement and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Expert and/or Consultant to the attorneys for the Designating Party.

7.8     Use of Designated Materials by Designating Party.  Nothing in this Stipulated Protective Order shall limit a Designating Party's use of its own information or materials, or prevent a Designating Party from disclosing its own information or materials to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the

---

[1] Parties and representatives of parties not entitled to receive the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must leave the room for said portion of the deposition.

1  confidentiality of the information.

2

3  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4           IN OTHER LITIGATION

5          If a Party is served with a subpoena or a court order issued in other

6  litigation that compels disclosure of any information or items designated in this

7  Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8  EYES ONLY" that Party must:

9          (a)    promptly notify in writing the Designating Party (such

10 notification shall include a copy of the subpoena or court order);

11         (b)    promptly notify in writing the party who caused the subpoena

12 or order to issue in the other litigation that some or all of the material covered by

13 the subpoena or order is subject to this Stipulated Protective Order. (such

14 notification shall include a copy of this Stipulated Protective Order); and

15         (c)    cooperate with respect to all reasonable procedures sought to

16 be pursued by the Designating Party whose Protected Material may be affected.

17         If the Designating Party timely seeks a protective order, the Party served

18 with the subpoena or court order shall not produce any information designated in

19 this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20 ATTORNEYS' EYES ONLY" before a determination by the court from which

21 the subpoena or order issued, unless the Party has obtained the Designating

22 Party's permission.  The Designating Party shall bear the burden and expense of

23 seeking protection in that court of its confidential material and nothing in these

24 provisions should be construed as authorizing or encouraging a Receiving Party

25 in this Action to disobey a lawful directive from another court.

26 9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

27          PRODUCED IN THIS LITIGATION

28

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as "Exhibit A."

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines.  All Parties specifically reserve the right to demand the return of any privileged documents that they may produce inadvertently during discovery if the Producing Party determines that such documents contain privileged information.  After receiving notice of such inadvertent production by the Producing Party, the Receiving Party, within five (5) business days of receiving any such notice, agrees to locate and return to the producing party all such inadvertently produced documents, or certify the destruction thereof.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and ensure the materials are marked with the legend:

"CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER."

(a)   Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   If a filing party fails to seek to file under seal items which a party in good faith believes to have been designated as or to constitute "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, such party may move the Court to file said information under seal within four (4) days of service of the original filing.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a Party of liability for damages caused by failure to properly seek the filing of Designated Material under seal in accordance with Local Rule 79-5.2.2.

(c)   If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

(d)   <u>Retrieval of Designated Materials.</u>  The Party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the Action (including after any appeals), to the extent the Court permits such retrieval.

12.4   <u>Client Communication</u>.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients

1    and, in the course of rendering such advice, relying upon the examination of

2    Designated Material.  In rendering such advice and otherwise communicating with

3    the client, however, Counsel shall not disclose any Designated Material, except as

4    otherwise permitted by this Stipulated Protective Order.

5        12.5    <u>No Contract.</u>  This Stipulated Protective Order shall not be construed to

6    create a contract between the Parties or between the Parties and their respective

7    Counsel.

8        12.6    <u>Court's Retention of Jurisdiction</u>.  The Court retains jurisdiction after

9    final termination of the Action prior to trial, to enforce this Stipulation.

10       12.7    This Stipulated Protective Order shall not diminish any existing

11   obligation or right with respect to Designated Material, nor shall it prevent a

12   disclosure to which the Designating Party consented in writing before the disclosure

13   takes place.

14       12.8    Unless the Parties stipulate otherwise, evidence of the existence or

15   nonexistence of a designation under this Stipulated Protective Order shall not be

16   admissible for any purpose during any proceeding on the merits of this Action.

17       12.9    By stipulating to the entry of this Stipulated Protective Order no Party

18   waives any right it otherwise would have to object to disclosing or producing any

19   information or item on any ground not addressed in this Stipulated Protective Order.

20   Similarly, no Party waives any right to object on any ground to use in evidence any

21   of the material covered by this Stipulated Protective Order.  Moreover, this

22   Stipulated Protective Order shall not preclude or limit any Party's right to seek

23   further and additional protection against or limitation upon production of documents

24   produced in response to discovery.  The Parties reserve their rights to object to,

25   redact or withhold any information, including confidential, proprietary, or private

26   information, on any other applicable grounds permitted by law, including third-party

27   rights and relevancy.

28       12.10 Nothing in this Stipulated Protective Order shall require disclosure of

1 materials that a Party contends are protected from disclosure by the attorney-client
2 privilege or the attorney work-product doctrine.  This provision shall not, however,
3 be construed to preclude any Party from moving the Court for an order directing the
4 disclosure of such materials where it disputes the claim of attorney-client privilege
5 or attorney work-product doctrine.

6 13.    FINAL DISPOSITION

7       13.1   Modification.  The Parties reserve the right to seek modification of this
8 Stipulated Protective Order at any time for good cause.  The Parties agree to meet
9 and confer prior to seeking to modify this Stipulated Protective Order for any
10 reason.  The restrictions imposed by this Stipulated Protective Order may only be
11 modified or terminated by written stipulation of all Parties or by order of this Court.
12 Parties entering into this Stipulated Protective Order will not be deemed to have
13 waived any of their rights to seek later amendment to this Stipulated Protective
14 Order.

15      13.2   Survival and Return of Designated Material.  After the final disposition
16 of this Action, within sixty (60) days of a written request by the Designating Party,
17 each Receiving Party must return all Protected Material to the Producing Party or
18 destroy such material, provided that no Party will be required to expunge any system
19 back-up media such as copies of any computer records or files containing Protected
20 Material which have been created pursuant to automatic archiving or back-up
21 procedures on secured central storage servers and which cannot reasonably be
22 expunged, and further provided that any destruction does not destroy or affect the
23 destroying party's computer programs, hardware, software, servers, or the like. As
24 used in this subdivision, "all Protected Material" includes all copies, abstracts,
25 compilations, summaries, and any other format reproducing or capturing any of the
26 Protected Material.  Whether the Protected Material is returned or destroyed, the
27 Receiving Party must submit a written certification to the Producing Party (and, if
28 not the same person or entity, to the Designating Party) by the sixty (60) day

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record and House Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## **STIPULATION**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  October 19, 2022        By:    /s/ *Milord A. Keshishian*
                                       Milord A. Keshishian
                                       MILORD & ASSOCIATES, PC
                                       Attorneys for Defendant/Counterclaimant
                                       Shirley Suleminian

Dated:  October 19, 2022        By:    /s/  *Elliot Z. Chen*
                                       Elliot Z. Chen
                                       Ervin Cohen & Jessup LLP
                                       Attorneys for Plaintiffs/Counter-Defendants

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2    DATED:  October 19, 2022

3

4

5    ____/ s / Sagar_____

6    Honorable Alka Sagar
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 18, 2022        /s/ Milord A. Keshishian
                                    Milord A Keshishian

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2022, in the case of RONEN COHEN and ORIT COHEN v. SHIRLEY SULEMINIAN, No. 2:21-cv-08597-SSS-ASx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

28
**STIPULATED PROTECTIVE ORDER**