1  Geoffrey M. Gold (SBN 142625)
    ggold@ecjlaw.com
2  Kelly Cunningham SBN 186229)
    kcunningham@ecjlaw.com
3  Jason L. Haas (SBN 217290)
    jhaas@ecjlaw.com
4  Elliot Z. Chen (SBN 313941)
    echen@ecjlaw.com
5  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
6  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
7  Facsimile  (310) 859-2325

8  Attorneys for Plaintiffs and Counter-Defendants
   Ronen Cohen and Orit Cohen

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RONEN COHEN and ORIT COHEN, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation,<br><br>Defendants.<br><br>SHIRLEY SULEMINIAN, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>RONEN COHEN and ORIT COHEN, individuals,<br><br>Counter-Defendants. | Case No. 2:21-cv-08597-SSS-ASx<br><br>*Hon. Sunshine S. Sykes – Crtrm 2*<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN;**<br><br>**(3) COUNTERFEITING;**<br><br>**(4) DECLARATORY JUDGMENT**<br><br>*Action Filed:*  November 2, 2021<br>*Trial Date:*     February 21, 2023<br><br>**DEMAND FOR JURY TRIAL** |

17932.1:10701865.3

1

FIRST AMENDED COMPLAINT

Plaintiffs RONEN COHEN and ORIT COHEN ("Plaintiffs") hereby complain and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are husband and wife proprietors of a family jewelry business, selling and offering for sale necklaces, earrings, rings, among other pieces, each made out of precious metals, namely gold, silver, and platinum, and precious gems, namely diamonds.

2. Plaintiffs operate their business at their Beverly Hills showroom at 222 N. Canon Dr. 2nd Floor, Suite 200, Beverly Hills, CA 90210, and also through https://skudiamonds.com/ and further make use of the @skudiamonds Instagram handle.

3. Plaintiffs were previously in a business partnership with Defendant Shirley Suleminian ("Suleminian"); that partnership operated under the SKU DIAMONDS name, using the SKU trademark.

4. On or about July 6, 2020, Plaintiff Orit Cohen and Suleminian entered into and executed an agreement, entitled "SKU Diamonds LLC Partners Resolution and Separation Contract and Agreement" (the "Separation Agreement"), terminating the business partnership between Plaintiffs and Suleminian.

5. As part of that Separation Agreement, Suleminian expressly agreed that the SKU name would remain with Plaintiff Orit Cohen, specifically stating: "7. Shirley and/or her new gold and diamonds business name will not use "SKU" in its name to sell, advertise, or advertise on Instagram selling gold and diamonds jewelry." Additionally, the Separation Agreement further states at Paragraph 9 that the SKU name will remain with Orit.

6. Following the Separation Agreement, the parties went their separate ways. On or about July 9, 2020, Suleminian filed a Fictitious Business Name Statement for her previous business, Defendant SKU Jewelry Company ("SJC"), to begin doing business as "Kaylee & Rose". On or about October 9, 2020, Suleminian

formed a separate business, Defendant Kaylee and Rose, Inc. ("Kaylee and Rose"). Defendants Suleminian, SJC, and Kaylee and Rose are referred to collectively as "Defendants."

7. Plaintiffs applied for the SKU JEWELRY mark on October 14, 2020 (Appl. Ser. No. 90252939). Plaintiffs received federal registration for the SKU JEWELRY trademark on September 28, 2021. (Reg. No. 6497453).

8. Plaintiffs applied for the SKU DIAMONDS mark on October 14, 2020 (Appl. Ser. No. 90252957). Plaintiffs received federal registration for the SKU DIAMONDS trademark on December 28, 2021. (Reg. No. 6600485).

9. Unbeknownst to Plaintiffs throughout their partnership with Suleminian, Suleminian claims to have been the owner of a previous trademark registration for SKU, U.S. Reg. No. 3787221 (the "'221 Registration"). Suleminian concealed the '221 Registration from Plaintiffs, who could not have learned about the '221 Registration because it was actually registered and applied for by Suleminian's cousin and former employee, David Mousiki. Mousiki admits that he never owned any rights in the SKU mark. Thus, the '221 Registration was *void ab initio*. But in any case, Suleminian claims that Mousiki assigned the '221 Registration to her (no assignment was recorded with the USPTO). Consistent with the Parties' separation agreement—including specifically Suleminian agreeing not using SKU mark, and Plaintiff Orit Cohen retaining ownership and use of the SKU name and trademark—Suleminian did not renew the '221 Registration. As such, the USPTO canceled Suleminian's '221 Registration on December 18, 2020.

10. On information and belief, Suleminian intended to abandon and did abandon any rights to the SKU mark in 2020 both by her express intent, by her actions in ceasing use of the SKU mark, and by choosing not to renew the '221 registration, thus allowing it to be cancelled.

11. Likewise, between May 29, 2019 and January 28, 2021, Suleminian failed to file a Statement of Information with the California Secretary of State for

SKU Jewelry Company, allowing it to become SI delinquent.

12. Defendants now operate a jewelry business under the name Kaylee and Rose at 9435 Brighton Way, Beverly Hills, CA 90210.

13. On information and belief, at the prodding and insistence of her husband—who is involved in a separate business dispute with Plaintiff Ronen Cohen—Suleminian changed course and began using the SKU mark again, contrary to the Separation Agreement, and despite her earlier abandonment of the mark. On or about January 28, 2021, Suleminian filed a revised Statement of Information for SJC, bringing it back into good standing with the California Secretary of State. She continued to do so even after the filing of this lawsuit.

14. Despite Plaintiff's ownership of federally-registered trademark rights, Defendants willfully and knowingly sold and offered for sale products bearing the SKU Marks for the purpose of causing confusion and/or to pass off those products as those of Plaintiffs.

15. Defendants sold jewelry of all types through their website at https://sku.jewelry until shortly after the filing of this lawsuit. The URL itself incorporates the SKU JEWELRY mark in its entirety.

16. On information and belief, Defendants are selling jewelry branded with the SKU marks through Defendants' Kaylee and Rose jewelry store location.

17. On September 30, 2021, Plaintiffs sent a cease and desist letter by email and first class mail to Defendants setting forth Plaintiffs' allegations as set forth in this Complaint. Plaintiffs received no response from Defendants.

18. Plaintiffs therefore now bring this action in light of Defendants' continued infringement upon Plaintiffs' intellectual property rights in the SKU Marks.

## JURISDICTION AND VENUE

19. The Court has jurisdiction over the subject matter of this action under Title 28 United States Code, §§ 1331 and 1338(a), and 15 U.S.C. §§ 1116 and 1121.

20. This Court has personal jurisdiction over Plaintiff because Plaintiff has its principal place of business in California, is a citizen of California, has committed infringing acts in California and engages in business activities that constitute substantial or continuous and systematic contacts with the State of California.

21. Venue is proper in this District under Title 28 United States Code § 1400(b).

**PARTIES**

22. At all times relevant herein, Plaintiffs were and are California residents and citizens thereof.

23. On information and belief, at all times relevant herein, Defendant Suleminian was and is a California resident and citizen thereof. Defendant SJC is a corporation incorporated in California, with its principal place of business in Beverly Hills, California. Defendant Kaylee and Rose is a corporation incorporated in California, with its principal place of business in Beverly Hills, California.

24. On information and belief, at all relevant times herein, Defendants SJC and Kaylee and Rose were and are owned and controlled by Defendant Suleminian.

**THE TRADEMARKS IN SUIT**

25. The SKU JEWELRY mark (U.S. Reg. No. 6497453) in Class 14 for "Jewelry; Diamond jewelry; Gemstone jewelry; Gold jewelry; Silver thread jewelry," received registration from the United States Patent and Trademark Office ("USPTO") on the principal register on September 28, 2021, and is owned by Plaintiff Ronen Cohen.

26. The SKU DIAMONDS mark (U.S. Reg. No. 6600485) in Class 14 for "Gold and diamond jewelry," received registration from the USPTO on the principal register on December 28, 2021, and is owned by Plaintiff Orit Cohen.

27. Registration of the SKU JEWELRY and SKU DIAMONDS marks on the principal register constitutes prima facie evidence of the validity of the SKU JEWELRY and SKU DIAMONDS mark, of the registration of the marks, of the

registrant's ownership of the marks, and of the registrant's exclusive right to use the SKU JEWELRY and SKU DIAMONDS marks in commerce on or in connection with the goods or services specified in the registration.

## THE ACCUSED PRODUCTS

28. Defendants make, use, sell and offer to sell jewelry, namely rings, earrings, necklaces, and watches, among many other, utilizing a variety of precious metals and precious gems, including but not limited to gold and diamonds.

29. Defendants operate a jewelry store in Beverly Hills under the name Kaylee and Rose, with an address of 9435 Brighton Way, Beverly Hills, CA 90210. On information and belief, Defendants are selling jewelry branded with the SKU trademark at the Kaylee and Rose store.

30. Defendants sell jewelry through the website www.sku.jewelry (the "**Infringing Website**") and through third party online platforms, including but not limited to Etsy and Amazon ("**Third Party Websites**").

31. Defendants operated the website https://www.sku.jewelry/, offering necklaces, waist chains, earrings, hand chains, anklets, bracelets, rings, and mid-finger rings. Defendants' website encouraged web visitors to "Join the SKU family," and specifically stating regarding Ms. Suleminian: "When creating SKU, she opted to create a line designed for customers who wish to follow the latest jewelry trends, while maintaining affordable prices and great quality." (https://www.sku.jewelry/about, last visited October 21, 2021 [TCF].)

32. Defendants operated a SKU JEWELRY shop via Etsy, offering rings, necklaces, pendants, earrings, bracelets, and bangles. (https://www.etsy.com/shop/SKUJewelry?ref=profile_header, last visited October 21, 2021 [TCF].)

33. Defendants continue to operate a SKU JEWELRY shop via the Amazon Marketplace, offering rings, necklaces, earrings, bracelets, and bangles. (https://www.amazon.com/s?srs=3042674011, last visited September 2, 2022.)

34. Defendants' Accused Products are found and offered for sale at least on the Infringing Website, Third Party Websites, and in physical locations within the State of California.

35. Plaintiffs sent a cease and desist letter to Defendants dated September 30, 2021, setting forth the claims now pleaded herein. Within that September 30, 2021 letter, Plaintiffs provided notice to Defendants of the registration of the SKU JEWELRY mark (U.S. Reg. No. 6497453). 15 U.S.C. § 1111.

36. Defendants' rampant infringement and counterfeiting has left Plaintiffs with no choice but to file this lawsuit to seek the intervention of the Court.

## COUNT 1

### Trademark Infringement

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1114, 1125, *et seq.*)**

37. Plaintiffs refer to and incorporate by reference the foregoing paragraphs of the Complaint.

38. Plaintiffs own all right, title and interest in and to the SKU trademarks, including specifically the federally-registered trademark for SKU JEWELRY (U.S. Reg. No. 6497453) and the federally-registered trademark for SKU DIAMONDS mark (U.S. Reg. No. 6600485).

39. Defendants have, without the consent of Plaintiffs as registrants of the SKU Marks, used in commerce reproductions, counterfeits, copies, and/or colorable imitations of the SKU Marks in connection with the sale, offering for sale, distribution, or advertising of jewelry, including jewelry pieces consisting of precious metals and precious gems. Such use by Defendants of the SKU Marks on or in connection with such jewelry is likely to cause confusion, or to cause mistake, or to deceive.

40. Without license or authorization, Defendants have knowingly and willfully used and continued to use the SKU Marks in connection with the advertisement, offer for sale, and sale of the Accused Products, through the Internet

and physical retail stores, among other channels.

41. Defendants' use of the SKU Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

42. Plaintiffs have been harmed by Defendants' actions.

## COUNT 2

## False Designation of Origin

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1125(a), *et seq.*)**

43. Plaintiffs refer to and incorporate by reference the foregoing paragraphs of the Complaint.

44. Defendants have used in commerce the SKU mark on or in connection with goods, namely jewelry, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' jewelry with Plaintiffs and Plaintiffs' jewelry.

45. Defendants have used in commerce the SKU mark on or in connection with goods, namely jewelry, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, namely jewelry, specifically with such origin, sponsorship, or approval relating to Plaintiffs.

46. Defendants' use of the SKU mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of jewelry is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

47. Plaintiffs have been harmed by Defendants' actions.

/ / /

/ / /

/ / /

## COUNT 3

## Counterfeiting

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1114, *et seq.*)**

48. Plaintiffs refer to and incorporate by reference the foregoing paragraphs of the Complaint.

49. Defendants have, without the consent of Plaintiffs as registrants of the SKU Marks, reproduced, counterfeited, copied, and/or colorably imitated the SKU Marks and applied such reproductions, counterfeits, copies, and/or colorable imitations to labels, signs, prints, packages, wrappers, and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of jewelry.

50. Such use by Defendants of the SKU Marks on or in connection with such jewelry is likely to cause confusion, or to cause mistake, or to deceive.

51. On information and belief, the acts committed under this Count 3 have were committed and are being committed with the knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

52. Defendant Suleminian, both individually and on behalf of her businesses (including Defendants SJC and Kaylee and Rose) specifically agreed not to use the SKU Marks for purposes of avoiding confusion, mistake, or deception after the cessation of her business relationship with Plaintiffs, but nonetheless Defendants used the SKU Marks on identical goods without consent or authorization of Plaintiff.

53. On information and belief, Defendants intended to pass off their SKU-branded products as those of Plaintiffs.

54. On information and belief, Defendants acted willfully in branding their products with the SKU Marks.

55. Defendants' use of the SKU mark on jewelry constitutes a counterfeit of the federally-registered SKU JEWELRY mark and the SKU DIAMONDS mark,

both of which are registered on the principal register in the USPTO for jewelry, and are in use by Plaintiffs.

56. On information and belief, Defendants intentionally used the SKU Marks, knowing such mark or designation was a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

57. Plaintiffs have been harmed by Defendants' actions.

## COUNT 4

### Declaratory Judgment of Trademark Ownership

### (Declaratory Judgment Act, 28 U.S.C. § 2201)

58. Plaintiffs refer to and incorporate by reference the foregoing paragraphs of the Complaint.

59. Defendants claims ownership of the SKU trademark as evidenced by Suleminian's currently pending application for registration of the SKU mark with the USPTO.

60. On July 8, 2021, Suleminian filed a trademark application with the USPTO for SKU (U.S. Appl. Ser. No. 90/818344) in Class 14 for "Jewellry (sic) made of precious metals," claiming use in commerce (the "'344 Application").

61. In the '344 Application, Suleminian claims ownership of the '221 Registration, even though that trademark was cancelled on December 18, 2020 for failure to file requirement maintenance pursuant to Sections 8 and Section 9 of the Trademark Act. 15 U.S.C. §§ 1058, 1059.

62. Suleminain's claims of ownership and Suleminian's trademark application for the SKU mark in Class 14 for virtually identical goods are inconsistent with Plaintiff's ownership of the SKU mark.

63. On March 1, 2022, the USPTO sent Suleminian an Outgoing Office Action, rejecting the '344 Application because of a likelihood of confusion with Plaintiffs' marks in U.S. Registration Nos. 6497453 and 6600485.

64. Suleminian responded to that Office Action on September 1, 2022,

requesting that the application be suspended pending the outcome of this case and continuing to claim that Suleminian has a superior claim to the applied for mark. The USPTO suspended the '344 Application on September 3, 2022.

65. A case or controversy exists between Plaintiffs and Defendants as to the ownership of the SKU mark.

66. Plaintiffs and their brand will be harmed by the registration of a competing trademark for SKU.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

## As to COUNTS 1 and 2:

1. A preliminary and permanent injunction against Defendants, their agents, employees, assigns, and successors in interest, and those persons in active concert or participation with Defendants, enjoining them from continued acts of infringement of the SKU Marks. 15 U.S.C. § 1116.

2. Defendants' profits.

3. Damages sustained by Plaintiffs.

4. Plaintiffs' costs of the action.

5. Plaintiffs' actual damages, according to the circumstances of the case, as assessed by the court up to three times the amount found as actual damages. 15 U.S.C. § 1117.

6. Such other recovery as the Court in its discretion deems just to compensate Plaintiffs.

7. A finding that this is an exceptional case and an award of reasonable attorney fees to Plaintiff.

8. Such other relief as the Court deems just and equitable.

## As to COUNT 3 – Counterfeiting

9. An award of damages equal to three times Defendants' profits. 15 U.S.C. § 1117(b).

10. Alternatively, whichever amount is greater between the foregoing damages or three times Plaintiffs' damages. 15 U.S.C. § 1117(b).

11. Reasonable attorneys' fees. 15 U.S.C. § 1117(b).

12. Pre-judgment and post-judgment interest.

13. Statutory damages for use of counterfeit marks.

14. Plaintiffs reserve the right to elect, at any time before final judgment is rendered by the court, to recover, instead of actual damages and profits, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of not less than $1,000 or more than $200,000 per counterfeit mark, or, alternatively, upon a finding of willfulness, not more than $2,000,000 per counterfeit mark, as the Court considers just.

15. Such other relief as the Court deems just and equitable.

### As to COUNT 4 – Declaratory Judgment

16. A declaratory judgment ruling that Plaintiffs own the SKU trademark.

17. Issue an Order either: (i) directing the USPTO to deem the '344 Application abandoned; or (ii) directing Suleminian to withdraw the '344 Application.

18. Such other relief as the Court deems just and equitable.

DATED: October 25, 2022         ERVIN COHEN & JESSUP LLP

By:  */s/ Jason L. Haas*
Attorneys for Plaintiffs and Counter-Defendants Ronen Cohen and Orit Cohen

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | **CENTRAL DISTRICT OF CALIFORNIA** |
| 3 | *Cohen, et al. v. Suleminian, et al.* |
| 4 | *Case No. 2-21-cv-08597-SSS-ASx* |

The undersigned certifies that on November 2, 2022, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**FIRST AMENDED COMPLAINT**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By: _____*/s/ Elliot Z. Chen*_____
      Elliot Z. Chen