David P. Beitchman (SBN 198953)
dbeitchman@bzlegal.com
Andre Boniadi (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 Ventura Blvd., Suite 570
Encino, California 91436
Telephone: (818) 986-9100
Facsimile: (818) 986-9119

Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
**MILORD & ASSOCIATES, P.C.**
10516 West Pico Boulevard
Los Angeles, California 90064
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorneys for Shirley Suleminian,
SKU Jewelry Company, and
Kaylee and Rose, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN and ORIT COHEN, individuals, <br><br>         Plaintiffs, <br><br>         vs. <br><br> SHIRLEY SULEMINIAN, an individual, SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation <br><br>         Defendant. <br><br> ———————————————— <br><br> AND RELATED COUNTERCLAIMS | Case No.:  2:21-CV-08597-SSS-ASx <br><br> Hon. Sunshine S. Sykes <br><br> **DEFENDANTS SHIRLEY SULEMINIAN, SKU JEWELRY COMPANY, AND KAYLEE AND ROSE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> **(filed concurrently with Request for Judicial Notice)** <br><br> Date:      January 6, 2023 <br> Time:     2:00 p.m. <br> Location:  3470 Twelfth Street <br>              Riverside, CA 92501 <br>              Courtroom 2 |

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on January 6, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 3470 Twelfth Street, Courtroom 2, Riverside, California 92501-3801, before Honorable Sunshine S. Sykes, Defendants Shirley Suleminian ("Suleminian"), SKU Jewelry Company ("SKU Jewelry"), and Kaylee and Rose, Inc. ("Kaylee"), (collectively, "SKU Parties") will and hereby move the Court to dismiss Plaintiffs Ronen Cohen ("Ronen") and Orit Cohen's ("Orit") (collectively "Cohen") First Amended Complaint ("FAC") (ECF No. 48).

This motion is based on the accompanying Memorandum of Points and Authorities, Request for Judicial Notice ("RFJN"), and all pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

The parties met and conferred pursuant to Local Rule 7-3's meet and confer requirement on the instant motion on November 15, 2022.  No resolution was reached and Plaintiffs stated that they would oppose the motion.

Dated:  November 22, 2022   Respectfully submitted,

**BEITCHMAN & ZEKIAN, P.C.**
**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants
Shirley Suleminian,
SKU Jewelry Company, and
Kaylee and Rose, Inc.

-a-
**MOTION TO DISMISS COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Long before Plaintiffs' implausible trademark claims, Suleminian coined the "SKU" trademark using the initial of her first name, her maiden name "Klein," and the term "Unlimited."  She began using the SKU trademark on jewelry as early as January 2, 2009 and filed a trademark application with the USPTO on September 25, 2009, through her cousin.  The FAC does not and cannot allege any date of priority preceding Suleminian's date of first use, thus the trademark infringement claims fail as a matter of law.  Plaintiffs have not and cannot allege that Suleminian ever assigned trademark rights in SKU to Plaintiffs, because she did not.  Instead, the FAC refers to the separation agreement as an unfounded basis for Plaintiffs' purported rights in the mark, but conceals the actual document because it contradicts their implausible claim.  The separation agreement is not only devoid the word "assignment" of trademark, but it is also devoid of the word "trademark" because Suleminian never granted any such rights upon separation, and specifically did not grant the goodwill she had developed since 2009.  Thus, because Plaintiffs' fabricated allegations are controverted by evidence, the FAC fails to allege plausible claims and should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

Suleminian coined and began using the SKU mark in 2009 on jewelry as an employee of her husband's company, Kohan & Suleminian Enterprises, Inc., dba Silver International ("K&S"), for which a trademark application was filed and registered.  Request for Judicial Notice ("RFJN") Ex. 1.  The employee tasked with filing the application, David Mousiki, unfortunately applied for the mark in his individual name instead of the company, thereby rendering the application and registration void.  *Id*.  Suleminian and K&S, however, have common law rights in the SKU mark through continued use of the mark since 2009.  RFJN Ex. 2.

In 2018, Suleminian was convinced to form a separate company, SKU Diamond

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Jewelry, LLC, to work with Orit to sell jewelry.  RFJN Ex. 3.  On January 7, 2019, Suleminian incorporated SKU Jewelry Company, as her sole entity, to sell jewelry under her SKU trademark.  RFJN Ex. 4.  On January 10, 2019, S&K executed a trademark assignment agreement transferring all rights to the SKU and the goodwill associated therewith to SKU Jewelry.  RFJN Ex. 5.

Towards the middle of 2020, Plaintiffs became jealous of and hostile towards Suleminian and her husband, resulting in Suleminian's execution of a July 6, 2020, separation agreement.  RFJN Ex. 6, FAC ¶ 4.  Nothing in the separation agreement discusses the assignment of any trademark rights from Suleminian to SKU Diamonds LLC or to Orit.  *Id*.  The FAC conceals the separation agreement to allow fabrication of its terms.  Paragraph 5 contends that "Separation Agreement further states at Paragraph 9 that the SKU name will remain with Orit," but it omits the context that (1) Paragraph 9 is intended as a message to be posted to customers, (2) it does not assign any trademark rights to Orit, and (3) read in its entirety the "SKU Name and Instagram" account remain with Orit, and "Shirley now has a new name and Instagram" account.  *Id*.  Having a new Instagram name and account cannot and does not equate to a transfer of trademark rights and Plaintiffs' claims are not only implausible, they are laughable.  It should also be noted that the term "goodwill" is absent in the agreement, let alone goodwill being transferred, thus it cannot serve as a valid assignment of any SKU trademark rights from Suleminian to Orit.  *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1041 (W.D. Wash. 2019) ("An assignment without the associated goodwill, i.e. an assignment in gross, is invalid.").

The next day, on July 7, 2020, Orit immediately filed an Amendment to Articles of Organization of SKU Diamonds Jewelry, LLC amending the management form to "One Manager" instead of the prior "All LLC Members."  RFJN Ex. 7.  Suleminian continued her business using the SKU trademark under her SKU Jewelry Company.  RFJN Ex. 4. In August of 2020, S&K's trademark SKU trademark registration came up for renewal and it was realized that it was filed under Mousiki, and an attempt to correct the

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

registration was made by obtaining an assignment from Mousiki.  RFJN Ex. 8.  Because a trademark application in an individual's name instead of the entity's name is void, the SKU registration was abandoned.

Ronen, however, ignoring the rule and the fact that he had never sold jewelry under any SKU mark, fraudulently filed a trademark application for "SKU JEWELRY" on October 13, 2020, listing himself individually as the applicant and eventual registrant. RFJN Ex. 9 .  The very next day, Orit similarly filed a fraudulent application for "SKU DIAMONDS" listing herself individually as the applicant and eventual registrant despite never using any such trademark in her individual capacity.  RFJN Ex. 10.  Although Plaintiffs never had any trademark rights to any "SKU" trademark, to survive a finding that the registrations are void *ab initio*, the applications should have been filed under SKU Diamond Jewelry, LLC, which Orit operates to this day.  RFJN Ex. 11.  But SKU Diamond Jewelry, LLC does not have any rights in the "SKU" trademarks, which are solely owned by Suleminian, which she has used since 2009.

Because the true facts contradict the allegations in the FAC, Plaintiffs cannot plead plausible claims and the FAC should be dismissed with prejudice.

## III.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a claim where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

the plaintiff to relief." *Levy v. adidas AG*, No. CV 18-6542 PSG (MAAx), 2018 WL 5942000, at *2 (C.D. Cal. Nov. 13, 2018) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).  When the complaint's allegations are refuted by documents, the court need not accept the allegations as true.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Court may consider facts subject to judicial notice at the dismissal stage without converting the movant's motion into one for summary judgment.  *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Similarly, the Court may consider "documents incorporated into the complaint by reference."  *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1203 (C.D. Cal. 2017); *accord Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Even in trademark cases, as here, "a court may consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading' without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.'"  *Antiaging Inst. of California, Inc. v. Solonova, LLC*, No. 15-03416-AB (FFMx), 2015 WL 12792028, at *1 (C.D. Cal. Nov. 19, 2015) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  The incorporation by reference doctrine is permitted to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id.* (internal citations and quotations omitted).

## IV.   ARGUMENT

### A.   It is Undisputed that Suleminian is the Senior User of the Mark and Plaintiffs' Implausible Trademark Claims Fail

The FAC fails to allege that Plaintiffs established any trademark rights prior to Suleminian.  "It is a cardinal principle of federal trademark law that the party who uses the mark first gets priority."  *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).  The Lanham Act protects the earlier "**use** of a mark in commerce."

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (emphasis in original).  To assert a viable trademark infringement claim, a plaintiff must allege that it is the senior user of the mark, that it has been in continuous use, and that there is sufficient market penetration prior to the alleged infringement.  *See Hanginout, Inc. v. Google, Inc.*, 54 F.Supp.3d 1109, 1118 (S.D. Cal. 2014); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F.Supp.2d 830, 851 (C.D. Cal. 2012).  The FAC fails to use the terms "prior," "priority," "senior," "seniority," or "junior," let alone establish that Plaintiffs used the mark prior to Suleminian.  Indeed, the FAC concedes – as it must – that Suleminian used the mark at least ten years prior to Plaintiffs' fraudulently obtained trademark registration, which are void *ab initio*.  FAC ¶ 9.

"To acquire ownership of a trademark it is not enough to have invented the mark first or ***even to have registered it first***; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) (emphasis added).  The party claiming it owns the trademark bears the burden to show that the trademark is valid and protectable.  *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927-28 (9th Cir. 2005).  Plaintiffs cannot allege let alone prove they have senior trademark rights and their registrations – aside from being invalid – cannot plausibly support a trademark infringement claim under Section 1114.

Similarly, Plaintiffs' false designation of origin fails because the elements for a common law trademark infringement claim are the same as a Section 1114 registered trademark claim.  "In order to prevail on a Lanham Act false designation claim or a common law trademark infringement claim, a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Financial, Inc.*, 661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009) (*citing* 15 U.S.C. §§ 1114, 1125).  "This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to [ ] § 17200 are 'substantially congruent' to claims made under the

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

Thus, Plaintiffs fail to plead ownership of any trademark rights, i.e., the requisite element of any trademark infringement cause of action, let alone prior ownership, and the FAC should be dismissed. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (noting that, to state a claim, plaintiff must allege ownership of a trademark).

**B.    Plaintiffs' Cannot Establish Senior Rights Through the Trademark Registrations that are Void *Ab Initio* Because the Individuals Do Not Own Any Trademark Rights**

It is axiomatic that only the actual owner of the mark must be properly listed in a trademark application.  Trademark Manual of Examining Procedure ("TMEP") § 1201.02(b) ("An application that is not filed by the owner is void."); *Holiday Inn v. Holiday Inns, Inc.,* 534 F.2d 312, n. 6 (C.C.P.A 1976).  It is also well established that a person may not file the application in the individual's name, e.g., president or officer of corporation, when the application is made on behalf of the company.  *In re Wella A.G.*, 787 F.2d 1549, 1554, 229 U.S.P.Q. 274 (Fed. Cir. 1986) (J. Nies, concurring. "Under section 1 of the Lanham Act, only the owner of a mark is entitled to apply for registration."); TMEP 1201.02(c)(4).  Plaintiffs agree because they assert that the SKU Parties' trademark registration, which was filed by employee Mousiki in his individual name instead of the company, is void.  FAC ¶ 9.  Thus, because Oren – listed as the applicant in the `453 registration – and Orit – listed as the applicant in the `485 registration – were not the true owners of the mark, which, if any, should have been filed by SKU Diamond Jewelry, LLC as applicant, then both registrations are void *ab initio*. *Great Seats, Ltd. v. Great Seats, Inc.*, 84 USPQ2d 1235, 1239 (TTAB 2007) ("In a use-based application under Trademark Act Section 1(a), only the owner of the mark may file the application for registration of the mark; if the entity filing the application is not the owner of the mark as of the filing date, the application is void ab initio.").  This statutory

-6-

requirement cannot be waived.  *See* 17 U.S.C. § 1051(a)(1); *Chien Ming Huang v. Tzu Wei Chen Food Co. Ltd.*, 849 F.2d 1458, 1460 (Fed. Cir. 1988) ("No authority has been cited for excusing noncompliance with 15 U.S.C.A. § 1051. Neither the Board nor the courts can waive this statutory requirement."); *Great Seats, LTD. V. Great Seats, Inc.*, 2007 WL 1740870 (T.T.A.B. 2007).

Thus, even assuming, *arguendo*, that SKU Diamond Jewelry, LLC made bona fide use of any SKU trademark, then only that entity should be listed as the applicant for the `453 and `485 Registrations.  Instead, the applicants are Orit and Ronen, thereby the `453 and `485 Registrations are void *ab initio*.  Aside from the Registrations failing to form the basis of a viable trademark infringement claim, they are void and should be cancelled by this Court.

## C.     Plaintiffs' Counterfeiting Cause of Action Fails as a Matter of Law Because the SKU Parties are the Senior Users of the SKU Mark and Plaintiffs' Trademark Registrations are Void

Because Plaintiffs' trademark registrations are void *ab initio*, there can be no counterfeiting claim.  A counterfeiting claim under "Section 1116(d) requires that the mark in question be (1) a non-genuine mark identical to the ***registered***, genuine mark of another, where (2) the genuine mark was ***registered*** for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 946 (9th Cir.2011) (emphasis added).  Plaintiffs do not have valid trademark registrations and the counterfeiting claim fails as a matter of law.

Separately, Plaintiffs' counterfeiting claim fails because the FAC admits that the SKU Parties are the senior users of the SKU Mark by almost ten years.  Thus, as senior users, the SKU Parties cannot infringe a junior purported users' trademark. *Solar Sun Rings, Inc. v. Pools*, No. EDCV142417PSGKKX, 2016 WL 6139615, at *2 (C.D. Cal. Jan. 13, 2016) (holding that "Defendants are therefore correct that" "they are entitled to summary judgment because Secard is the senior user of Solar Heat Squares and therefore,

as a matter of law, cannot infringe on Solar Sun Squares."). Also, because the SKU Parties, as the senior users of the mark, cannot infringe Plaintiffs' purported trademarks, the SKU Parties cannot be held liable for counterfeiting – assuming that Plaintiffs own valid registrations. *Partners for Health & Home, L.P. v. Seung Wee Yang,* No. CV 09–07849, 2011 WL 5387075, at *8 (C.D. Cal. Oct.28, 2011) ("Trademark infringement under 15 U.S.C. § 1114(1) also constitutes trademark counterfeiting when the infringer uses a 'counterfeit mark,' which is defined as 'a counterfeit of a mark that is **registered** on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use ....'15 U.S.C. § 1116(d)(1)(B)(I).") (emphasis added). Because trademark infringement cannot be found here, there cannot be counterfeiting as a matter of law.

## V.   CONCLUSION

The FAC fails to allege senior use of any mark to establish any protectable rights and fails to plausibly plead any cause of action on which relief can be granted, especially because the trademark registrations are void and invalid. Plaintiffs cannot plausibly cure the defects in the FAC because they cannot allege prior ownership rights in any SKU trademarks, thereby warranting a dismissal of the FAC with prejudice.

Dated:  November 22, 2022          Respectfully submitted,

**BEITCHMAN & ZEKIAN, P.C.**
**MILORD & ASSOCIATES, P.C.**
By: /s/ Milord A. Keshishian
Milord A. Keshishian
Shirley Suleminian,
SKU Jewelry Company, and
Kaylee and Rose, Inc.

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**