1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10
11    RONEN COHEN, *et al*.,                Case No. 2:21-cv-08597-SSS-ASx
12                          Plaintiffs,     **ORDER GRANTING**
13                                          **DEFENDANTS' MOTION TO**
                                            **DISMISS PLAINTIFFS' FIRST**
14           v.                             **AMENDED COMPLAINT [DKT.**
15                                          **51]**
16    SHIRLEY SULEMINIAN, *et al.*,
17                          Defendants.
18
19
20
21
22
23
24
25
26
27
28

Before the Court is Defendants Shirley Suleminian, SKU Jewelry Company, and Kaylee and Rose, Inc.'s (collectively, the "Defendants") Motion to Dismiss ("Motion") Plaintiff Ronen Cohen and Orit Cohen's (collectively, the "Plaintiffs") First Amended Complaint ("FAC"). [Dkt. 51]. The Motion is fully briefed and ripe for consideration. The Court deemed this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Defendants' Motion is GRANTED.

## I. BACKGROUND

On September 25, 2009, Defendants registered the word mark "SKU," registration number 3787221, with the United States Patent and Trademark Office ("USPTO"). [Dkt. 51-1 at 7]; [Dkt. 48 at 3, ¶9]. Defendants' trademark registration identifies the individual David Mousiki as the owner of the mark. [Dkt. 51-1 at 7]. The "SKU" mark was assigned to the SKU Jewelry Company on January 10, 2019. [Dkt. 51-1 at 21]. Defendants, as SKU Jewelry, sold various jewelry items online. [Dkt. 51-1 at 11].

In 2018, Plaintiffs and Defendants formed SKU Diamond Jewelry, LLC, using the SKU trademark. [Dkt. 48 at 2, ¶3]; [Dkt. 51 at 3–4]. On July 6, 2020, Plaintiffs and Defendants dissolved their business relationship and executed a Separation Agreement memorializing the dissolution. [Dkt. 48 at 2, ¶4]. The Separation Agreement stated that Defendant Shirley Suleminian would transfer 50% of her share of the company to Plaintiff Orit Cohen, making Orit Cohen the sole owner of SKU Diamond Jewelry, LLC. [Dkt. 51-1 at 23, ¶4]. Plaintiffs now own and operate SKU Diamond Jewelry, LLC. [Dkt. 48 at 2, ¶¶1–2].

On October 13, 2020, Plaintiffs registered the word mark "SKU Jewelry," registration number 6497453, with the USPTO. [Dkt. 51-1 at 30]; [Dkt. 48 at 3, ¶7]. Plaintiffs' trademark registration identifies the individual Ronen Cohen as the owner of the mark. [Dkt. 51-1 at 30]. On October 14, 2020, Plaintiffs registered the word mark "SKU DIAMONDS," registration number 6600485,

1    with the USPTO.  [Dkt. 51-1 at 33]; [Dkt. 48 at 3,¶8].  Plaintiffs' trademark

2    registration identifies the individual Orit Cohen as the owner of the mark.  [Dkt.

3    51-1 at 33].

4                                **II.  Standard**

5          Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) test

6    the legal sufficiency of the claims asserted in a complaint.  *Navarro v. Block*,

7    250 F.3d 729, 732 (9th Cir. 2001).  Subject to Rule 12(b)(6), the Court reviews

8    the complaint for facial plausibility.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663

9    (2009).  "A claim has facial plausibility when the plaintiff pleads factual content

10   that allows the court to draw the reasonable inference that the defendant is liable

11   for the misconduct alleged."  *Id*.  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

12   544, 556 (2007)).  To state a plausible claim for relief, the complaint "must

13   contain sufficient allegations of underlying facts" to support its legal

14   conclusions.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual

15   allegations must be enough to raise a right to relief above the speculative level. .

16   .on the assumption that all the allegations in the complaint are true (even if

17   doubtful in fact) . . . "  *Twombly*, 550 U.S. at 555 (citations and footnote

18   omitted).

19         In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are

20   taken as true and construed in the light most favorable to the nonmoving party."

21   *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th

22   Cir. 2002).  Although a complaint attacked by a Rule 12(b)(6) motion "does not

23   need detailed factual allegations," a plaintiff must provide "more than labels and

24   conclusions."  *Twombly*, 550 U.S. at 555.  Accordingly, to survive a motion to

25   dismiss, a complaint "must contain sufficient factual matter, accepted as true, to

26   state a claim to relief that is plausible on its face," which means that a plaintiff

27   must plead sufficient factual content to "allow[] the Court to draw the

28

1  reasonable inference that the defendant is liable for the misconduct alleged."
2  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

3    If a complaint fails to state a plausible claim, "'[a] district court should
4  grant leave to amend even if no request to amend the pleading was made, unless
5  it determines that the pleading could not possibly be cured by the allegation of
6  other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)
7  (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also*
8  *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of
9  discretion denying leave to amend when amendment would be futile).  Although
10  a district court should freely give leave to amend  when justice so requires under
11  Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad'
12  where the plaintiff has previously amended its complaint." *Ecological Rights*
13  *Found v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
14  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

15                        **III.  DISCUSSION**

16    Defendants argue Plaintiffs' FAC should be dismissed because Plaintiffs
17  cannot establish valid ownership of the "SKU Diamond" and "SKU Jewelry"
18  marks (collectively, the "SKU marks").  Specifically, Defendants contend that
19  they are the senior user of the mark and the marks Plaintiffs claim are void *ab*
20  *initio* because they are registered in an individual's name, as opposed to the
21  corporation.  [Dkt. 51 at 6–9].  Further, Defendants argue that because Plaintiffs
22  fail to establish ownership of the SKU marks, Plaintiffs' counterfeiting claim
23  fails as a matter of law.  [Dkt. 51 at 9–10].  Plaintiffs contend that, as the owners
24  of the federally registered SKU marks, they are entitled to a presumption of
25  ownership and validity of the SKU marks.  [Dkt. 52 at 9–11].  Further, Plaintiffs
26  contend that Defendants' priority argument is premature.  [Dkt. 52 at 13].

27    As an initial matter, the Court grants Defendants' Request for Judicial
28  Notice ("Request") of the USPTO website showing the registration of the marks

1  at issue, the Separation agreement, the archived webpages, and the assignment

2  agreement between Mousiki and SKU Jewelry company.  [Dkt. 51-1 at 2].  The

3  Court "may take judicial notice of court filings and other matters of public

4  record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th

5  Cir. 2006).  The Court may further take judicial notice of documents not

6  attached to the Complaint where "no party questions their authenticity and the

7  complaint relies on those documents." *Harris v. County of Orange*, 682 F.3d

8  1126, 1132 (9th Cir. 2012).  Specifically, because Plaintiffs FAC references the

9  assignment of the "SKU" mark to SKU Jewelry and Defendant's alleged prior

10  use of the "SKU" mark, the Court finds it appropriate for judicial notice.  [Dkt.

11  48 at 3, ¶9].  As for Plaintiffs' own Request [Dkt. 52-1], the Court need not

12  address it as the documents to be judicially noticed are duplicative of the

13  documents already before the Court.

14  A.  **Assignment of the SKU Marks**

15  Defendants argue that because they are the senior user of the SKU marks,

16  Plaintiffs cannot establish valid ownership of the SKU marks.  [Dkt. 51 at 6].

17  Plaintiffs contend that: (1) Defendants impliedly assigned their common law

18  rights in the SKU marks to SKU Diamond Jewelry, LLC; (2) Defendants

19  expressly abandoned their prior rights to the SKU marks through the Separation

20  Agreement; and (3) the Separation Agreement transferring the business to

21  Plaintiff Orit Cohen effectively assigned the SKU marks to Plaintiff Orit Cohen.

22  [Dkt. 52 at 14–16].  The Court addresses these arguments below.

23  Trademark owners may establish common law trademark rights by

24  demonstrating senior use, even when the mark was improperly registered with

25  the USPTO.  *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134,

26  1138 (C.D. Cal. 2009).  To demonstrate senior use, an owner must show a mark

27  was "sufficiently public" so that the "public identifies the mark with the

28  'adopter of the mark.'"  *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109,

1119 (S.D. Cal. 2014) (citing *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*,
188 F.3d 427, 433–34 (7th Cir. 1999)).  Common law trademark rights are
limited geographically, and senior users must demonstrate "actual market
penetration within a specific area".  *Hanginout, Inc.*, 54 F. Supp. 3d at 1122.
Use of a mark in promotional advertising, catalogues, newspaper ads, or articles
are sufficient to establish senior use, and no "evidence of actual sales" is
required.  *Id*. at 1119 (citing *Rearden LLC v. Rearden Commerce*, 683 F.3d
1190, 1205 (9th Cir. 2012)).  "The common law trademark and service mark
rights of [an] acquired corporation as well as the statutory rights shown by the
registrations must necessarily be presumed to have passed to the surviving
corporation. . .Neither a formal assignment nor recordation of an assignment in
the Patent and Trademark Office is necessary to pass title or ownership to
common law or statutory trademark rights." *American Manufacturing
Company, Inc. v. Phase Industries, Inc.*, 192 U.S.P.Q. 498, 1976 WL 21151, at
*2 (TTAB 1976); *see also Diebold, Incorporated v. Multra-Guard, Inc.*, 189
U.S.P.Q. 119, 1975 WL 20913, at *6 (TTAB 1975); *Chien Ming Huang v. Tzu
Wei Chen Food Co. Ltd.*, 849 F.2d 1458, 1460 (Fed. Cir. 2015).

Here, the Court finds that Defendants assigned their common law
trademark rights to SKU Diamond Jewelry, LLC.  Defendants began using the
SKU marks in 2009 to sell jewelry.  [Dkt. 51-1 at 11].  Defendants sold jewelry
using the SKU marks online.  [Dkt. 51-1 at 11].  Accordingly, Defendants
established common law trademark rights.  In 2018, Plaintiffs and Defendants
entered into a partnership and formed SKU Diamond Jewelry, LLC.  [Dkt. 51 at
3]; [Dkt. 48 at 2, ¶3].  SKU Diamond Jewelry, LLC sold jewelry and advertised
its jewelry on its Instagram account.  [Dkt. 51-1 at 23].  As Defendants and
Plaintiffs formed a new partnership using the SKU marks to sell jewelry,
consistent with Defendants' prior use, Defendants' common law trademark
rights passed to SKU Diamond Jewelry, LLC.  *Chien Ming Huang*, 849 F.2d at

1460 ("Indeed, appellant is correct that title to the trademark passed upon
incorporation.").

**B.** **Validity of Plaintiffs' trademarks**

The Court finds that Plaintiffs are unable to show valid ownership of the
SKU marks.  "[The Ninth Circuit] has consistently held that state common law
claims of unfair competition and actions pursuant to California Business and
Professions Code § 17200 are substantially congruent to claims made under the
Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).
To prove trademark infringement, and therefore prove false designation of
origin and unfair competition, plaintiffs must show: (1) that it has a valid,
protectable trademark and (2) that defendant's use of the mark is likely to cause
confusion. *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d
890, 898 (C.D. Cal. 2014) (citing *Applied Info. Scis. Corp. v. eBay, Inc.*, 511
F.3d 966, 969 (9th Cir. 2007).  To prove counterfeiting, plaintiffs must show:
(1) a non-genuine mark identical to the registered, genuine mark of another; and
(2) the genuine mark was registered for use on the same goods to which the
infringer applied the mark. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
658 F.3d 936, 946 (9th Cir. 2011).

Registration of a trademark discharges the plaintiff's common law burden
to prove validity of the mark. *Tie Tech, Inc, v, Kinedyne Co.*, 296 F.3d 778, 783
(9th Cir. 2002).  "[T]he registrant is granted a presumption of ownership, dating
to the filing date of the application for federal registration, and the challenger
must overcome this presumption by a preponderance of the evidence." *Helix
Environmental Planning, Inc. v. Helix Environmental and Strategic Solutions*,
No. 3:18-cv-2000-AJB-AHG, 2020 WL 25564341, at *3 (S.D. Cal. May 20,
2020).  Defendant can rebut the presumption by showing the plaintiff registrant
has failed to establish valid ownership rights in the mark. *Id.*; *see also Yedi, Inc.
v. Universal Connect Wholesale*, No. 2:22-cv-02202-RGK-AGR, 2022 WL

3137930, at *2 (C.D. Cal. June 22, 2022) (stating that the registrant's presumption of validity "may be rebutted if a challenger can show that the registrant had not established valid ownership rights in the mark at the time of registration by a preponderance of the evidence." (internal quotations omitted)).

Here, Plaintiffs have shown the SKU marks are federally registered and therefore presumptively valid.  [Dkt. 48 at 3, ¶¶7–8]; *see Yedi, Inc.*, No. 2:22-cv-02202-RGK-AGR, 2022 WL 3137930, at *2; *see also Pom Wonderful, LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) ("Registration of a mark is prima facie evidence of the validity of the mark, the registrant's ownership of the mark, and the registrant's exclusive right to use the mark in connection with the goods specified in the registration.").  The burden then shifts to Defendants to show that Plaintiffs cannot show valid ownership of the SKU marks.  *Helix Environmental Planning, Inc.*, No. 3:18-cv-2000-AJB-AHG, 2020 WL 25564341, at *3; *Vuitton et Fils S.A. v. Young Enterprises, Inc.*, 644 F.2d 769, 775 (9th Cir. 1981) ("[R]egistration and entry of a trademark on the Principal Register of the United States Patent and Trademark Office shifts the burden of proof from the plaintiff, who would have to establish his right to exclusive use in a common law infringement action to the defendant, who must introduce sufficient evidence to rebut the presumption of plaintiff's right to such protected use.").  Defendants contend that Plaintiffs lack valid ownership of the SKU marks because the registered owners are individuals, as opposed to the corporate entity that intends to use it.  [Dkt. 51 at 8–9].  As such, Defendants challenge the presumptive validity of Plaintiffs' ownership rights to the SKU marks and necessarily challenges Plaintiffs ability to state a trademark infringement or false designation of origin claim.  *Pom Wonderful, LLC*, 775 F.3d at 1124 (noting that plaintiffs must show that they have a protected ownership interest in the mark at issue to prevail on their trademark infringement claim).

"[A]n application filed by one who is not the owner of the mark sought to be registered is a void application." *Conolty d/b/a Fairway Fox Golf v. Conolty O'Connor NYC, LLC*, 111 U.S.P.Q.2d 1302, 2014 WL 3427346, at *8 (TTAB July 3, 2014). Trademark applications that list an individual, and not a corporation, as owner are void *ab initio*. *American Forests v, Barbara Sanders*, 54 U.S.P.Q.2d 1860, 1999 WL 1713450, at * (TTAB Sept. 23, 1999); *see also Uncle Nearest, Inc. v. Danica Dias*, 2022 WL 17859843, at *10 (TTAB Dec. 8, 2022) (finding that the individual named applicant for the mark was appropriate because the individual was "the sole shareholder, owner and employee" of the corporation using the mark). As the SKU marks are being put to use by the corporation SKU Diamond Jewelry, LLC, owned and operated by both Plaintiffs Orit Cohen and Ronen Cohen [Dkt. 48 at 2, ¶¶1–2], the appropriate owner of the SKU marks should be SKU Diamonds, LLC. That is not the case here. The USPTO applications of the SKU marks show Plaintiff Orit Cohen as the owner of one mark and Plaintiff Ronen Cohen as the owner of the other mark. [Dkt. 51-1 at 30–33]. Accordingly, the SKU marks are void *ab initio* and therefore Plaintiffs' ownership of the SKU marks is invalid.

Because Plaintiffs ownership of the SKU marks is invalid, Plaintiffs are unable to state a claim for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment.

## IV.  CONCLUSION

Because Plaintiffs individual ownership of the SKU marks is invalid, Plaintiffs are unable to state a claim for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment. Accordingly, Defendants' Motion [Dkt. 51] is **GRANTED.** The Court further **GRANTS** Plaintiffs **leave to amend** their FAC to demonstrate sole ownership of the corporations they allege are using the SKU marks. *See* [Dkt. 52 at 19]. Any amended complaint must be filed on or before **March 28, 2023**. If Plaintiffs choose to file a Second Amended

Complaint, they are **DIRECTED** to file contemporaneously therewith a Notice of Lodging to the Complaint that provides the Court with a redline version that shows the amendments.

      **IT IS SO ORDERED**.

Dated: March 15, 2023

_____
SUNSHINE S. SYKES
United States District Judge