1  David P. Beitchman (SBN 198953)
   dbeitchman@bzlegal.com
2  Andre Boniadi (SBN 266412)
   aboniadi@bzlegal.com
3  **BEITCHMAN & ZEKIAN, P.C.**
   16130 Ventura Blvd., Suite 570
4  Encino, California 91436
   Telephone: (818) 986-9100
5  Facsimile: (818) 986-9119

6
   Attorneys for Shirley Suleminian,
7  SKU Jewelry Company, and
   Kaylee and Rose, Inc.
8

Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
**MILORD & ASSOCIATES, P.C.**
10516 West Pico Boulevard
Los Angeles, California 90064
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

9              **UNITED STATES DISTRICT COURT**

10
11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12  RONEN COHEN, an individual; ORIT        Case No.:  2:21-CV-08597-SSS-ASx
13  COHEN, an individual; and SKU
    DIAMOND JEWELRY, LLC, a California      Hon. Sunshine S. Sykes
14  limited liability company,

15                                          **DEFENDANTS SHIRLEY**
          Plaintiffs,                       **SULEMINIAN, SKU JEWELRY**
16                                          **COMPANY, AND KAYLEE AND**
                                            **ROSE, INC.'S NOTICE OF MOTION**
17          vs.                             **AND MOTION TO DISMISS THE**
                                            **SECOND AMENDED COMPLAINT**
18
    SHIRLEY SULEMINIAN, an individual;      **(filed concurrently with a Third Request**
19  SKU JEWELRY COMPANY, a California       **for Judicial Notice; and Declaration of**
20  Corporation; and KAYLEE AND ROSE,       **Milord A. Keshishian)**
    INC., a California Corporation
21
                                            Date:      May 12, 2023
22        Defendant.                        Time:      2:00 p.m.
23  _____        Location:  3470 Twelfth Street
                                                       Riverside, CA 92501
24                                                     Courtroom 2
25  AND RELATED COUNTERCLAIMS
26  _____
27
28

**TO THE HONORABLE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on Friday, May 12, 2023, at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 3470 Twelfth Street, Courtroom 2, Riverside, California 92501-3801, before Honorable Sunshine S. Sykes, Defendants Shirley Suleminian ("Suleminian"), SKU Jewelry Company ("SKU Jewelry"), and Kaylee and Rose, Inc. ("Kaylee"), (collectively, "SKU Parties") will and hereby move the Court to dismiss Plaintiffs Ronen Cohen ("Ronen"), Orit Cohen ("Orit"), and SKU Diamond Jewelry, LLC ("SKU Diamond") (collectively "Plaintiffs") Second Amended Complaint ("SAC") (ECF No. 61).

This motion is based on the accompanying Memorandum of Points and Authorities, a Third Request for Judicial Notice ("Third RFJN"), Declaration of Milord A. Keshishian, and all pleadings and papers on file, and upon any other matters that may be presented to the Court at the time of the hearing.

The parties met and conferred under Local Rule 7-3's meet and confer requirement on this motion on April 4, 2023. No resolution was reached and Plaintiffs stated that they would oppose the motion. Declaration of Milord A. Keshishian ("Keshishian Decl.") ¶ 2.

Dated: April 11, 2023                    Respectfully submitted,

                                         **BEITCHMAN & ZEKIAN, P.C.**
                                         **MILORD & ASSOCIATES, P.C.**

                                         /s/ Milord A. Keshishian
                                         Milord A. Keshishian
                                         Attorneys for Defendants
                                         Shirley Suleminian,
                                         SKU Jewelry Company, and
                                         Kaylee And Rose, Inc.

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF FACTS .......................................................................................... 2

III. LEGAL STANDARD ................................................................................................ 4

    A.  Plaintiffs' SAC Pleads No Viable Theory of Ownership of the "SKU"
        Trademark .......................................................................................................... 6

        1.  It is Undisputed that Silver International is the Senior User of the
            Mark and Plaintiffs' Implausible Trademark Claims Fail ..................... 7

        2.  The "SKU" Trademark Did Not Pass to SKU Diamond Jewelry, LLC
            Because Silver International, Not Suleminian, Owned the Mark ........ 8

        3.  The Separation Agreement Does Not Mention "Trademark,"
            "Assignment," or "Goodwill," and Did Not Assign the SKU
            Trademark to SKU Diamond Jewelry, LLC or Orit ........................... 10

    B.  Plaintiffs Cannot Establish Rights Through the Trademark Registrations
        Because They Are Void *Ab Initio* ................................................................ 10

        1.  Plaintiff's Registrations are Invalid Because Neither Registration Lists
            the Actual Owner of the Mark ...................................................... 10

        2.  Plaintiffs' Fabricated Oral Assignment of Trademark Rights Does Not
            Remedy their Invalid Registrations ............................................... 12

        3.  Even if a "Sole Owner" May Submit an Application on Behalf of their
            Company, Orit is not the Sole Owner of SKU Diamond Jewelry, LLC,
            Thus, the '485 Registration is Void ............................................. 12

        4.  Ronen's Nunc Pro Tunc Assignment Fails to Establish Trademark
            Rights in the `453 Registration, Which is Void ............................... 13

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

C.    Plaintiffs' Counterfeiting Cause of Action Fails as a Matter of Law Because Suleminian and Silver International are the Senior Users of the SKU Mark and Plaintiffs' Trademark Registrations are Void ........................................ 14

V.    CONCLUSION ..................................................... 15

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

Cases

*Am. Forests v. Sanders*,
  54 U.S.P.Q.2d 1860, 1999 WL 1713450 (TTAB Sept. 23, 1999) .......................... 11, 13
*Antiaging Inst. of California, Inc. v. Solonova, LLC*,
  No. 15-03416-AB (FFMx), 2015 WL 12792028 (C.D. Cal. Nov. 19, 2015) ................ 6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................. 4, 5
*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*,
  413 F. Supp. 3d 1032 (W.D. Wash. 2019) ................................................................ 3
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................. 4
*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) ..................................................................................... 6
*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
  174 F.3d 1036 (9th Cir. 1999) ................................................................................. 6
*Cleary v. News Corp.*,
  30 F.3d 1255 (9th Cir. 1994) ................................................................................... 8
*Conolty v. Conolty O'Connor NYC LLC*,
  111 U.S.P.Q.2d 1302 (TTAB 2014) ........................................................................ 13
*Credit One Corp. v. Credit One Fin., Inc.*,
  661 F.Supp.2d 1134 (C.D. Cal. 2009) ..................................................................... 8
*Dahon N. Am., Inc. v. Hon*,
  2012 WL 1413681 (C.D. Cal. Apr. 24, 2012) ..................................................... 2, 13
*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090 (Fed. Cir. 1998) ............................................................................. 13
*Floater Vehicle, Inc. v. Tryco Mfg. Co.*,
  497 F.2d 1355 (C.C.P.A. 1974) ............................................................................... 1
*Gospel Missions of Am. v. City of Los Angeles*,
  328 F.3d 548 (9th Cir.) ............................................................................................ 5
*Great Seats, Ltd. v. Great Seats, Inc.*,
  84 U.S.P.Q.2d 1235 (TTAB 2007) ......................................................................... 11
*Grupo Gigante SA De CV v. Dallo & Co., Inc.*,
  391 F.3d 1088 (9th Cir. 2004) ................................................................................. 7
*Hakopian v. Mukasey*,
  551 F.3d 843 (9th Cir. 2008) ................................................................................... 5

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Hanginout, Inc. v. Google, Inc.*,
    54 F.Supp.3d 1109 (S.D. Cal. 2014)................................................................. 7
*Holiday Inn v. Holiday Inns, Inc.*,
    534 F.2d 312 ...................................................................................... 10
*Huang v. Tzu Wei Chen Food*,
    7 U.S.P.Q. 2d (Fed. Cir. 1988) ..................................................................... 9, 11
*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ....................................................................... 5
*In re Wella A.G.*,
    787 F.2d 1549, 229 U.S.P.Q. 274 (Fed. Cir. 1986) ........................................... 10
*John Anthony, Inc. v. Fashions by John Anthony, Inc.*,
    209 U.S.P.Q. (BNA) ¶ 517 (TTAB Dec. 30, 1980) ............................................ 9
*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) ........................................................................ 6
*Levy v. adidas AG*,
    No. CV 18-6542 PSG (MAAx), 2018 WL 5942000 (C.D. Cal. Nov. 13, 2018) ........... 5
*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
    658 F.3d 936 (9th Cir.2011) ....................................................................... 14
*Mackin v. City of Coeur,
    D'Alene*, 551 F. Supp. 2d 1205..................................................................... 5
*Mopex v. Barclays Glob. Investors*,
    2003 WL 880996 (N.D.Ill. Mar. 5, 2003) ........................................................ 6
*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ....................................................................... 5
*Mullis v. U.S. Bankr. Court*,
    828 F.2d 1385 (9th Cir. 1987) ..................................................................... 6
*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
    578 F.3d 1154 (9th Cir. 2009) ...................................................................... 7
*Partners for Health & Home, L.P. v. Seung Wee Yang*,
    No. CV 09–07849, 2011 WL 5387075 (C.D. Cal. Oct.28, 2011) .......................... 15
*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
    230 F. Supp. 3d 1194 (C.D. Cal. 2017) ........................................................... 6
*Rise Basketball Skill Dev., LLC v. K Mart Corp.*,
    2017 WL 4865561 (N.D. Cal. Oct. 27, 2017) .................................................. 14
*Scranton Plastic Laminating, Inc. v. Mason*,
    187 U.S.P.Q. 335 (TTAB 1975) ................................................................. 1, 8
*Sengoku Works Ltd. v. RMC Int'l, Ltd.*,
    96 F.3d 1217 (9th Cir. 1996) ....................................................................... 7
*Solar Sun Rings, Inc. v. Pools*,
    No. EDCV142417PSGKKX, 2016 WL 6139615 (C.D. Cal. Jan. 13, 2016) .............. 14

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Spin Master, Ltd. v. Zobmondo Entm't, LLC,*
  944 F.Supp.2d 830 (C.D. Cal. 2012) ................................................................ 7

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) ........................................................................... 5

*The Marshall Tucker Band, Inc. v. MT Indus., Inc.,*
  2021 WL 1232753 (Mar. 30, 2021) ................................................................. 9

TMEP 1201.02(c) .......................................................................................... 10

*Wonderbread 5 v. Gilles,*
  115 U.S.P.Q.2d 1296 (TTAB 2015) .............................................................. 13

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,*
  419 F.3d 925 (9th Cir. 2005) ........................................................................... 7

**Statutes**

15 U.S.C. § 1114(1) ...................................................................................... 15
15 U.S.C. § 1116(d)(1)(B)(I) ......................................................................... 15
15 U.S.C. §§ 1114, 1125 ................................................................................. 8
15 U.S.C.A. § 1051 ....................................................................................... 11
17 U.S.C. § 1051(a)(1) ................................................................................... 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 4, 6

**Other Authorities**

2 McCarthy on Trademarks and Unfair Competition § 16:36 (5th ed.) .......................... 1, 8

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Long before Plaintiffs' implausible trademark claims, Suleminian – while employed at her husband's company, Kohan & Suleminian Enterprises, Inc., dba Silver International ("Silver International") – coined the "SKU" trademark using the initial of her first name, her maiden name "Klein," and the term "Unlimited."  Silver International began using the SKU trademark on jewelry as early as January 2, 2009, and filed a trademark application with the USPTO on September 25, 2009, through her husband's cousin.  It is axiomatic that "[i]f an employee designs a mark in the course of employment and the employer uses it, it would seem clear that the employer is the 'owner' of the mark."  2 McCarthy on Trademarks and Unfair Competition § 16:36 (5th ed.) (citations omitted); *Scranton Plastic Laminating, Inc. v. Mason*, 187 U.S.P.Q. 335 (TTAB 1975).

Plaintiffs' Second Amended Complaint ("SAC") still fails to plead any plausible claims because it does not and cannot allege any priority date preceding Silver International's – where Suleminian was employed – date of first use, or any trademark assignment theory to SKU Diamond.  Thus, the trademark infringement claims fail as a matter of law.  Plaintiffs have not alleged and cannot allege that Silver International ever assigned trademark rights in SKU to Plaintiffs, because it did not.  Neither did Suleminian because she did not have any rights to assign.  But even if Suleminian had any such rights, trademarks created prior to employment remain with the employee, i.e., Suleminian.  *Floater Vehicle, Inc. v. Tryco Mfg. Co.*, 497 F.2d 1355, 1358 (C.C.P.A. 1974) ("we hold that the [TTAB] was in error in finding that appellant contracted away any trademark rights he had in 'FLOATER' [trademark] and in holding that [appellant] could not properly claim any rights of ownership in the mark.").

Instead, Plaintiffs SAC fabricates ownership through oral assignment allegations in contradiction to their judicial admissions and recycles their failed arguments that their

-1-

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

trademark registrations are valid despite the Court's Order finding them invalid.  Dkt. 60, p. 9.  Plaintiffs' attachment of the Separation Agreement and the "LLC Membership Interest Assignment" does not save the SAC.  Both agreements are not only devoid of the word "assignment," but they also lack the word "trademark" because Suleminian never granted any such rights upon separation because she never individually had any such rights to give as they belonged to Silver International.

Plaintiffs' last-gasp effort to save their implausible trademark claims through a *nunc pro tunc* assignment from Ronen to Orit Cohen on March 28, 2023 (SAC ¶ 16), the same day they filed the SAC, also fails because post-Complaint filing trademark assignments cannot confer the rights necessary to sustain a trademark infringement claim.  *See Dahon N. Am., Inc. v. Hon*, 2012 WL 1413681, at *8 (C.D. Cal. Apr. 24, 2012) ("A subsequent assignment conferring ownership, even if purported to be retroactive, cannot cure a defect in standing.").  Thus, because Plaintiffs' fabricated allegations are controverted by their judicial admissions and evidence, the SAC fails to allege plausible claims and should be dismissed with prejudice because amendment would be futile.

## II.     STATEMENT OF FACTS

Suleminian coined and began using the SKU mark in 2009 on jewelry as an employee of her husband's company, Silver International, for which a trademark application was filed and registered.  ECF No. 51-1, First RFJN Exs. 1 and 2.[1]  The employee tasked with filing the application, David Mousiki, unfortunately applied for the mark in his individual name instead of Silver International, thereby rendering the application and registration void.  *Id.*  Silver International, however, established common law rights in the SKU mark through continued use of the mark since 2009.  *Id.*, Ex. 2.

In 2018, Suleminian was convinced to form a separate company, SKU Diamond, to work with Orit to sell jewelry.  SAC ¶ 6.  But Silver International maintained all SKU trademark rights.  ECF No. 51-1, First RFJN ¶ 2, Ex. 2.

---

[1] The Court's March 15, 2023, Order took Judicial Notice of Exhibits 1, 2, 5, 6, 8, 9, and 10.  ECF No. 60, p. 4-5.

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On January 7, 2019, Suleminian separately incorporated SKU Jewelry Company, as her sole entity, to sell jewelry under the SKU trademark. First RFJN ¶ 4, Ex. 4. On January 10, 2019, Silver International executed a trademark assignment agreement transferring all rights to the SKU mark and the goodwill associated therewith to Suleminian's solely owned SKU Jewelry. *Id*. at ¶ 5, Ex. 5.

Towards the middle of 2020, Plaintiffs became jealous of and hostile towards Suleminian and her husband, resulting in Suleminian's execution of a July 6, 2020, separation agreement. First RFJN, Ex. 6; SAC ¶ 8. Nothing in the separation agreement discusses the assignment of any trademark rights from Suleminian to SKU Diamonds or to Orit, because Suleminian did not individually have any such rights. *Id*. The SAC Paragraph 5 contends that the "Separation Agreement further states at Paragraph 9 that the SKU name will remain with Orit," but it omits the context that (1) Paragraph 9 is intended as a message to be posted to customers, (2) it does not assign any trademark rights to Orit, and (3) read in its entirety the "SKU Name and Instagram" account remain with Orit, and "Shirley now has a new name and Instagram" account. *Id*. Having a new Instagram name and account cannot and does not equate to a transfer of trademark rights and Plaintiffs' claims are not plausible. The term "goodwill" is absent in the agreement, let alone the transfer of goodwill, thus it cannot serve as a valid assignment of any SKU trademark rights from Suleminian to Orit, which Suleminian did not individually possess to assign. *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1041 (W.D. Wash. 2019) ("An assignment without the associated goodwill, i.e., an assignment in gross, is invalid.").

The next day, on July 7, 2020, Orit immediately filed an Amendment to the Articles of Organization of SKU Diamonds, amending the management form to "One Manager" instead of the prior "All LLC Members." First RFJN ¶ 4, Ex. 4. Suleminian continued her business using the SKU trademark under her SKU Jewelry Company. First RFJN ¶ 7, Ex. 7. In August 2020, Silver International's SKU trademark registration came up for renewal and was discovered to be filed under Mousiki, and an attempt to

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    correct the registration was made by obtaining an assignment from Mousiki.  *Id.*  ¶ 8, Ex.

2    8.  Because a trademark application in an individual's name instead of the entity's name

3    is void, the SKU registration was abandoned.

4        Ronen, however, ignoring the rule and the critical fact that he had never sold

5    jewelry under any SKU mark, fraudulently filed – copying Suleminian's SKU Jewelery

6    Company name – a trademark application for "SKU JEWELRY" on October 13, 2020,

7    listing himself individually as the applicant and eventual registrant.  *Id.*, Ex. 9.  The very

8    next day, Orit similarly filed a fraudulent application for "SKU DIAMONDS" listing

9    herself individually as the applicant and eventual registrant despite never using any such

10   trademark in her individual capacity.  *Id.*, Ex. 10.  Although Plaintiffs never had any

11   trademark rights to any "SKU" trademark, to survive a finding that the registrations are

12   void *ab initio*, the applications should have been filed under SKU Diamond, which Orit

13   operates to this day.  Third RFJN Exs. 1-2.  But SKU Diamond does not have any rights

14   in the "SKU" trademarks, which are solely owned and used by Silver International since

15   2009 and assigned to Suleminian's solely owned SKU Jewelry in 2019.

16       Despite the SAC's false claims that Orit is the sole owner of SKU Diamond, even

17   a cursory review of the annual California Secretary of State filings establishes Mika

18   Cohen as another owner.  Third RFJN, Exs. 1-2  Thus, because Orit's claims of sole

19   ownership are contradicted by the evidence, the Court need not accept false allegations as

20   true.

21       Because the facts contradict the allegations in the SAC, Plaintiffs cannot plead

22   plausible claims and the SAC should be dismissed with prejudice.

23   ## III.   LEGAL STANDARD

24       Federal Rule of Civil Procedure 12(b)(6) provides for dismissing a claim where the

25   complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to

26   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

27   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible

28

-4-

when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Levy v. adidas AG*, No. CV 18-6542 PSG (MAAx), 2018 WL 5942000, at *2 (C.D. Cal. Nov. 13, 2018) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).

When the complaint's allegations are refuted by documents, the court need not accept the allegations as true.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Thus, the Court should not accept Plaintiffs' newly fabricated allegations that Orit was the *sole* owner of the SKU marks and SKU Diamond (*see, e.g.,* SAC ¶ 12), where they are *repeatedly* contradicted by Plaintiffs' prior allegations that Plaintiffs Orit and Ronen owned the business and trademarks together, as shown in the Complaint, FAC, because "[a]llegations in a complaint are considered judicial admissions." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008); (*see, e.g.,* ECF No. 1 Complaint ¶ 3; ECF No. 48 FAC ¶ 3 (Orit and Ronen were previously in a business partnership with Shirley Suleminian, which operated under the "SKU DIAMONDS" name)).

Also, Plaintiffs' prior statements in their Opposition to the motion to dismiss the FAC serve as judicial admissions, including "Orit and Ronen are the presumed owners of the SKU DIAMONDS and SKU JEWELRY trademarks," and cannot be contradicted by the SAC's fabrications.  *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir.), *cert. denied*, 540 U.S. 948 (2003) (courts "have discretion to consider a statement made in briefs to be a judicial admission[.]"); *Mackin v. City of Coeur D'Alene*, 551 F. Supp. 2d 1205, 1207 & n. 2 (D. Idaho 2008), *aff'd,*347 Fed.Appx. 293 (9th Cir. 2009) (treating statements made by plaintiffs in their opposition to a motion to dismiss as

judicial admissions); *Mopex v. Barclays Glob. Investors,* 2003 WL 880996, at *2–3 (N.D.Ill. Mar. 5, 2003) (holding that a representation in memorandum of law in opposition to motion to dismiss constituted a judicial admission).

The Court may consider facts subject to judicial notice at the dismissal stage without converting the movant's motion into one for summary judgment. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). Similarly, the Court may consider "documents incorporated into the complaint by reference." *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1203 (C.D. Cal. 2017); *accord Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Even in trademark cases, as here, "a court may consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading' without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.'" *Antiaging Inst. of California, Inc. v. Solonova, LLC*, No. 15-03416-AB (FFMx), 2015 WL 12792028, at *1 (C.D. Cal. Nov. 19, 2015) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). The incorporation by reference doctrine is permitted to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* (internal citations and quotations omitted).

## IV.    ARGUMENT

### A.    Plaintiffs' SAC Pleads No Viable Theory of Ownership of the "SKU" Trademark

Plaintiffs fail to plead ownership of any trademark rights, i.e., the requisite element of any trademark infringement cause of action. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (noting that, to state a claim, plaintiff must allege ownership of a trademark). The SAC fails to establish Plaintiffs' trademark rights because Plaintiffs do not, and cannot, show that they are the senior user of the "SKU" trademark, or that the trademark was impliedly or explicitly assigned to them.

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1. It is Undisputed that Silver International is the Senior User of the Mark and Plaintiffs' Implausible Trademark Claims Fail

The SAC fails to allege that Plaintiffs established any trademark rights before Silver International or its assignment of rights to Suleminian's solely owned SKU Jewelry. "It is a cardinal principle of federal trademark law that the party who uses the mark first gets priority." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). The Lanham Act protects the earlier "***use*** of a mark in commerce." *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (emphasis in original). To assert a viable trademark infringement claim, a plaintiff must allege that it is the senior user of the mark, that it has been in continuous use, and that there is sufficient market penetration before the alleged infringement. *See Hanginout, Inc. v. Google, Inc.*, 54 F.Supp.3d 1109, 1118 (S.D. Cal. 2014); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F.Supp.2d 830, 851 (C.D. Cal. 2012). The SAC fails to use the terms "priority," "senior," "seniority," or "junior," let alone establish that Plaintiffs used the mark before Silver International or Suleminian. Indeed, the SAC concedes Plaintiffs are not the senior users of the mark, but fabricates that Suleminian – instead of Silver International (First RFJN Ex. 2) – used the mark before Plaintiffs' fraudulently obtained trademark registrations, which are void *ab initio*. *See* SAC ¶ 5. The newly fabricated allegation in Paragraph 5 that Suleminian would grant rights to the SKU mark to the newly formed company need not be accepted as true because they are contradicted by the evidence that Silver International retained all rights to the SKU mark, and not Suleminian. ECF No. 51-1, First RFJN, Ex. 5.

"To acquire ownership of a trademark it is not enough to have invented the mark first or ***even to have registered it first***; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) (emphasis added). The party claiming it owns the trademark bears the burden to show that the trademark is valid and protectable. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927-28 (9th Cir. 2005). Plaintiffs cannot allege let alone prove they have senior

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  trademark rights and their registrations – aside from being invalid – cannot plausibly

2  support a trademark infringement claim under Section 1114.

3       Similarly, Plaintiffs' false designation of origin claim fails because the elements

4  for a common law trademark infringement claim are the same as a Section 1114

5  registered trademark claim.  "In order to prevail on a Lanham Act false designation claim

6  or a common law trademark infringement claim, a plaintiff must show that it owns a valid

7  mark, that the mark was used without its consent, and that such unauthorized use is likely

8  to cause confusion, mistake, or deception."  *Credit One Corp. v. Credit One Fin., Inc.*,

9  661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009) (*citing* 15 U.S.C. §§ 1114, 1125).  "This

10  Circuit has consistently held that state common law claims of unfair competition and

11  actions pursuant to [ ] § 17200 are 'substantially congruent' to claims made under the

12  Lanham Act."  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

13       Thus, Plaintiffs fail to plead prior ownership, and the SAC should be dismissed.

### 2. The "SKU" Trademark Did Not Pass to SKU Diamond Jewelry, LLC Because Silver International, Not Suleminian, Owned the Mark

17       The SAC fails to allege any ownership of the SKU marks because there was no

18  implied assignment of the SKU mark to SKU Diamond in 2018 because Suleminian did

19  not own SKU mark in 2018.  Suleminian coined the SKU term while working as an

20  employee at Silver International in January 2009, thus, Silver International owned the

21  SKU trademark.  First RFJN ¶ 2, Ex. 2.  It is axiomatic that "[i]f an employee designs a

22  mark in the course of employment and the employer uses it, it would seem clear that the

23  employer is the 'owner' of the mark."  2 McCarthy § 16:36 (5th ed.); *Scranton Plastic*,

24  187 U.S.P.Q. 335, at *9.  Thus, because Silver International owned the SKU trademark,

25  Suleminian could not have impliedly assigned the SKU mark to SKU Diamond when it

26  was formed in 2018.

27       Plaintiffs' absence of any rights in the SKU trademark is confirmed by Silver

28  International's January 10, 2019, assignment of the "SKU" trademark to Defendant SKU

-8-

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Jewelry, one year after SKU Diamond's formation.  ECF No. 51-1, First RFJN, Ex. 5. Indeed, Silver International's continued use of the "SKU" trademark before, during, and after the SKU Diamond's formation defeats Plaintiffs' allegations of common law trademark rights in any SKU mark.  *See id.*, Ex. 2.

Further, even if Suleminian owned the SKU mark, trademark rights do not automatically pass upon incorporation.  Generally, when a corporation is formed, rights to intellectual property are transferred according to the terms of incorporation.  *See Huang v. Tzu Wei Chen Food*, 7 U.S.P.Q. 2d at 1335-36 (Fed. Cir. 1988) (agreeing "that, in accordance with the terms of incorporation, ownership of the trademark . . . passed on [the date of incorporation] to the newly formed corporation").  If there are no terms of incorporation that grant ownership of trademark rights, there is no automatic transfer of ownership.  *See The Marshall Tucker Band, Inc. v. MT Indus., Inc.*, 2021 WL 1232753, at *10 (Mar. 30, 2021) (where there was no evidence that trademark rights passed pursuant to the terms of incorporation or by explicit assignment, mere post-incorporation use did not transfer the rights to the mark); *see also John Anthony, Inc. v. Fashions by John Anthony, Inc.*, 209 U.S.P.Q. (BNA) ¶ 517 at *10 (TTAB Dec. 30, 1980) (where Anthony's JOHN ANTHONY mark was used before opposer's company was formed, there was no transfer or assignment of rights, just an oral license to use the mark during the years where Anthony himself was an employee of opposer's company).

Plaintiffs cannot allege there was an operating agreement that assigned the SKU mark to SKU Diamond, or a separate assignment agreement.  The executed separation agreement does not mention trademark rights, assignment, or intellectual property, but granted SKU Diamond the right to use the SKU DIAMONDS Instagram handle.  First RFJN, Ex. 6, ¶ 9; SAC ¶ 8.

Also, Plaintiffs' allegations of automatic transfer or implied assignment of the marks upon formation of SKU Diamond fails because Suleminian did not own any rights to the trademark, which was owned by Silver International, her prior employer.  First RFJN, ¶ 2, Ex. 2.  Silver International later assigned the SKU trademark rights to

-9-

1    Suleminian's solely owned SKU Jewelry after it was formed in January 2019.  First

2    RFJN, ¶¶ 4-5; Exs. 4-5.

3            **3.    The Separation Agreement Does Not Mention "Trademark,"
             "Assignment," or "Goodwill," and Did Not Assign the SKU**

4            **Trademark to SKU Diamond Jewelry, LLC or Orit**

5            The SAC also incorrectly claims that the common law trademark rights were

6    explicitly assigned to SKU Diamond.  *See* SAC ¶ 3.  As discussed above, nothing in the

7    separation agreement mentions "trademark," "assignment," or "goodwill," or discusses

8    the assignment of any trademark rights to SKU Diamond or to Orit.  First RFJN, Ex. 6, ¶

9    9; SAC ¶ 8.  Further, the LLC Membership Interest Assignment attached to Plaintiffs'

10   SAC (Ex. B) assigns only ownership interest in the LLC—"membership interest,"

11   "voting rights"—not any trademarks, the SKU mark, goodwill, or other intellectual

12   property rights.  Thus, Plaintiffs' claim to ownership of the trademark through contractual

13   assignment is baseless, and because Plaintiffs' fail to plead ownership of the "SKU"

14   trademark under any plausible theory, the SAC should be dismissed.

15

16           **B.    Plaintiffs Cannot Establish Rights Through the Trademark
             Registrations Because They Are Void *Ab Initio***

17

18           **1.    Plaintiff's Registrations are Invalid Because Neither Registration
             Lists the Actual Owner of the Mark**

19

20           It is axiomatic that only the actual owner of the mark must be properly listed in a

21   trademark application.  Trademark Manual of Examining Procedure ("TMEP") §

22   1201.02(b) ("An application that is not filed by the owner is void."); *Holiday Inn v.*

23   *Holiday Inns, Inc.,* 534 F.2d 312, n. 6 (C.C.P.A. 1976).  It is also well established that a

24   person may not file the application in the individual's name, e.g., president or officer of

25   corporation, when the application is made on behalf of the company.  *In re Wella A.G.*,

26   787 F.2d 1549, 1554, 229 U.S.P.Q. 274 (Fed. Cir. 1986) (J. Nies, concurring.  "Under

27   section 1 of the Lanham Act, only the owner of a mark is entitled to apply for

28   registration."); TMEP 1201.02(c)(4).  Trademark applications that list an individual as

-10-
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1 owner, and not the corporation that owns and uses the mark, are void *ab initio*. ECF No.

2 60, Order dismissing FAC; citing *Am. Forests v. Sanders*, 54 U.S.P.Q.2d 1860, 1999 WL

3 1713450 (TTAB Sept. 23, 1999).

4      A trademark application filed in the name of an individual is void if the mark is

5 owned by the individual's corporation. *Huang*, 849 F.2d 1458. In *Huang*, Huang filed a

6 trademark application with the USPTO in his own name despite previously incorporating

7 the business. *Id.* at 1459. The court affirmed the TTAB's holding that the application

8 was void *ab initio* because title to the trademark passed per the terms of incorporation

9 and thus Huang was not the true owner of the mark. *Id.* at 1459-60.

10      Plaintiffs judicially admit that only an owner of the mark can register a trademark,

11 as they contend that the `221 SKU trademark registration, which was filed by employee

12 Mousiki in his individual name instead of Silver International, is void. SAC ¶ 18. Thus,

13 because Ronen – listed as the applicant in the `453 registration – and Orit – listed as the

14 applicant in the `485 registration – were not the true owners of the marks, which, if any,

15 should have been filed by SKU Diamond as applicant, then both registrations are void *ab*

16 *initio*. *Great Seats, Ltd. v. Great Seats, Inc.*, 84 U.S.P.Q.2d 1235, 1239 (TTAB 2007).

17 This statutory requirement cannot be waived. 17 U.S.C. § 1051(a)(1); *Huang*, 849 F.2d

18 at 1460 ("No authority has been cited for excusing noncompliance with 15 U.S.C.A. §

19 1051. Neither the Board nor the courts can waive this statutory requirement.").

20      Assuming that SKU Diamond had any rights to the SKU trademark, then only that

21 entity should be listed as the applicant for the `453 and `485 Registrations. Instead, the

22 applicants are Orit and Ronen, thereby the `453 and `485 Registrations are void *ab initio*.

23 Aside from the Registrations failing to form the basis of a viable trademark infringement

24 claim, they are void and should be cancelled by this Court. "In a use-based application

25 under Trademark Act Section 1(a), only the owner of the mark may file the application

26 for registration of the mark; if the entity filing the application is not the owner of the

27 mark as of the filing date, the application is void *ab initio*." *Great Seats*, 84 U.S.P.Q.2d

28 at 1239.

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

### 2.    Plaintiffs' Fabricated Oral Assignment of Trademark Rights Does Not Remedy their Invalid Registrations

The Court should not consider Plaintiffs' newly fabricated oral assignments which contradict Plaintiffs' judicial admissions that the SKU marks were jointly owned by Plaintiffs Ronin and Orit.  *See* FAC ¶ 1-3; ECF No. 52, Opp. to Motion to Dismiss FAC p. 10; Keshishian Decl., Ex. A.  Plaintiffs now assert that "SKU Diamond Jewelry, LLC assigned its common law rights in the SKU Marks to Orit, who in turn, granted SKU Diamond Jewelry, LLC an exclusive license to use the SKU Marks, including SKU, SKU DIAMONDS, and SKU JEWELRY" and "SKU Diamond Jewelry LLC further licensed the right to use the SKU JEWELRY trademark to Ronen and his company, Clean Diamonds, Inc."  SAC ¶¶ 13-14.

This newly concocted assignment gymnastics need not be accepted as true because it contradicts Plaintiffs' judicial admissions.  And, as detailed above, SKU Diamond did not own common law rights in the SKU marks, which were retained by Silver International, not Suleminian.  While these assignments are now manufactured in an attempt to unfruitfully save the invalid registrations, they in fact establish that Orit and Ronen were business partners and undermines Orit's recently fabricated allegations that she was the sole owner of the SKU marks.  Not to mention that the LLC's filings with the California Secretary of State list another member of the LLC, which also defeats Orit's sole ownership claim.

### 3.    Even if a "Sole Owner" May Submit an Application on Behalf of their Company, Orit is not the Sole Owner of SKU Diamond Jewelry, LLC, Thus, the '485 Registration is Void

Plaintiffs' new allegation that Plaintiff Orit is the sole owner and member of SKU Diamond is contradicted by Plaintiffs' judicial admissions, the Court's findings, and the uncontroverted evidence.  Orit's and Ronen's judicial admissions that both individuals owned and operated SKU Diamond (Complaint ¶¶ 1-4, 6-7, 15, 34; FAC ¶¶ 1-4, 7-8, 17, 38) betrays Plaintiffs' new allegations that Orit is the sole owner and member of the company (SAC ¶ 2).  Indeed, in dismissing Plaintiffs' FAC, the Court relied on Plaintiffs'

-12-

1  prior representations that SKU Diamond was owned and operated by both Plaintiffs Orit

2  Cohen and Ronen Cohen.  Dkt. 60, Order at 9:10-14 (citing FAC ¶¶ 1-2).

3  More importantly, the allegation that Orit is the "sole owner and member" of SKU

4  Diamond is easily refuted by even a cursory review of the Secretary of State filings

5  listing Mika Cohen as another manager/member, not once, but twice: Third RFJN Ex. 1,

6  p. 2; Ex. 2, p. 3.

7  Where more than one person owns a trademark, a registration in the individual's

8  name is void *ab initio*.  *Wonderbread 5 v. Gilles*, 115 U.S.P.Q.2d 1296 at *14 (TTAB

9  2015) (a trademark registration was void *ab initio* where a partnership and not the

10  individual music group member applicant owned the mark); *see also Conolty v. Conolty

11  O'Connor NYC LLC*, 111 U.S.P.Q.2d 1302, 1309 (TTAB 2014) (finding that because

12  applicant and opposer are "partners," applicant is not the sole owner of the mark and

13  therefore the application is void); *Am. Forests*, 54 U.S.P.Q.2d at 1862 (finding an intent-

14  to-use application void where the application was filed in the wife's individual capacity,

15  but the husband-and-wife partnership intended to use a mark, with the wife's role in the

16  partnership being limited to creating the mark and acting as her husband's advisor).

17  This uncontroverted evidence establishes that Plaintiffs' allegations that Orit was

18  the sole owner of SKU Diamond is not plausible and should not be accepted as true by

19  the Court.  Thus, the trademark registration in Orit's name is invalid because she is not

20  the sole owner of SKU Diamond, assuming that the trademark was not owned by Silver

21  International.

22  **4.    Ronen's Nunc Pro Tunc Assignment Fails to Establish Trademark

23  Rights in the `453 Registration, Which is Void**

24  Plaintiffs' attempt to fabricate trademark rights through a nunc pro tunc assignment

25  fails because "nunc pro tunc assignments are not sufficient to confer retroactive standing"

26  as parties must possess rights before filing a complaint.  *Enzo APA & Son, Inc. v. Geapag

27  A.G.*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998); *Dahon*, 2012 WL 1413681, at *8 ("A

28  subsequent assignment conferring ownership, even if purported to be retroactive, cannot

-13-

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    cure a defect in standing.").

2        On March 28, 2023, the day the SAC was filed, Ronen executed a nunc pro tunc

3    assignment to Orit of the '453 mark "SKU Jewelry."  RFJN Ex. 5; SAC ¶ 16.  Assuming,

4    *arguendo*, that Orit, and not SKU Diamond, was the true owner of the '453 registration,

5    the nunc pro tunc assignment executed one and a half years after this lawsuit was filed

6    cannot and does not grant Orit standing to bring a trademark infringement claim.  *Rise*

7    *Basketball Skill Dev., LLC v. K Mart Corp.*, 2017 WL 4865561, at *3 (N.D. Cal. Oct. 27,

8    2017) (dismissing trademark infringement claims because an "assignment is not

9    sufficient to solve the standing issue because standing must be based on the facts as they

10   are at the time the lawsuit is filed.").  Thus, Plaintiffs' belated tactics to manufacture

11   trademark rights again fail, and the Court should dismiss the SAC.

12   **C.    Plaintiffs' Counterfeiting Cause of Action Fails as a Matter of Law**
            **Because Suleminian and Silver International are the Senior Users of the**
13          **SKU Mark and Plaintiffs' Trademark Registrations are Void**

14       Because Plaintiffs' trademark registrations are void *ab initio*, there can be no

15   counterfeiting claim.  A counterfeiting claim under "Section 1116(d) requires that the

16   mark in question be (1) a non-genuine mark identical to the ***registered***, genuine mark of

17   another, where (2) the genuine mark was ***registered*** for use on the same goods to which

18   the infringer applied the mark."  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,

19   658 F.3d 936, 946 (9th Cir.2011) (emphasis added).  Plaintiffs do not have valid

20   trademark registrations and the counterfeiting claim fails as a matter of law.

21       Separately, Plaintiffs' counterfeiting claim fails because the SAC admits that the

22   Suleminian and Silver International ("SKU Parties") are the senior users of the SKU

23   Mark by almost ten years.  Thus, as senior users, the Silver International and Suleminian

24   cannot infringe a junior purported users' trademark.  *Solar Sun Rings, Inc. v. Pools*, No.

25   EDCV142417PSGKKX, 2016 WL 6139615, at *2 (C.D. Cal. Jan. 13, 2016) (holding that

26   defendants "are entitled to summary judgment because Secard is the senior user of Solar

27   Heat Squares and therefore, as a matter of law, cannot infringe on Solar Sun Squares.").

28

-14-
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Also, because the SKU Parties, as the senior users of the mark, cannot infringe Plaintiffs' purported trademarks, the SKU Parties cannot be held liable for counterfeiting – assuming that Plaintiffs own valid registrations.  *Partners for Health & Home, L.P. v. Seung Wee Yang,* No. CV 09–07849, 2011 WL 5387075, at *8 (C.D. Cal. Oct.28, 2011) ("Trademark infringement under 15 U.S.C. § 1114(1) also constitutes trademark counterfeiting when the infringer uses a 'counterfeit mark,' which is defined as 'a counterfeit of a mark that is ***registered*** on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use ....'15 U.S.C. § 1116(d)(1)(B)(I).") (emphasis added). Because trademark infringement cannot be found here, there cannot be counterfeiting.

## V.    CONCLUSION

The SAC fails to allege senior use or ownership of any mark to establish any protectable rights and fails to plausibly plead any cause of action on which relief can be granted, especially because the trademark registrations are void and invalid.  Plaintiffs cannot plausibly cure the defects in the SAC because they cannot allege prior ownership rights in any SKU trademarks, thereby warranting a dismissal of the SAC with prejudice.

Dated:  April 11, 2023              Respectfully submitted,

**BEITCHMAN & ZEKIAN, P.C.**
**MILORD & ASSOCIATES, P.C.**
By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants
Shirley Suleminian, SKU Jewelry Company,
And Kaylee and Rose, Inc.

-15-
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**