# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN, *et al.*,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>SHIRLEY SULEMINIAN, *et al.*,<br>　　　　　Defendants. | Case No. 2:21-cv-08597-SSS-ASx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [DKT. 62]** |

Before the Court is Defendants Shirley Suleminian, SKU Jewelry Company, and Kaylee and Rose, Inc.'s (collectively, the "Defendants") Motion to Dismiss ("Motion") Plaintiff Ronen Cohen, Orit Cohen, and SKU Diamond Jewelry, LLC's (collectively, the "Plaintiffs") Second Amended Complaint ("SAC"). [Dkt. 62]. The Motion is fully briefed and ripe for consideration. The Court deemed this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Defendants' Motion is GRANTED.

## I. BACKGROUND

On March 15, 2023, the Court granted Defendants' motion to dismiss the Plaintiffs' first amended complaint. [Dkt. 60]. In its Order, the Court found that the common law trademark rights to the word marks "SKU DIAMONDS" and "SKU JEWELRY" ("SKU marks") at issue were assigned to the company SKU Diamond Jewelry, LLC. [Dkt. 60 at 6–7]. The Court further found that because the appropriate owner of the SKU marks is SKU Diamond Jewelry, LLC, the Plaintiffs' registration of those marks to themselves as individuals renders their registered trademarks *void ab initio*. [Dkt. 60 at 9]. As Plaintiffs indicated that they could cure the deficiencies identified by the Court, the Court granted Plaintiffs leave to amend their first amended complaint. [Dkt. 60 at 9].

On March 28, 2023, Plaintiff Orit Cohen filed her SAC, which former-Plaintiff Ronen Cohen did not join. [Dkt. 61 at 2 n.1]. The SAC further adds SKU Diamond Jewelry, LLC as a plaintiff in this action. [Dkt. 61 at 2, ¶3]. The SAC alleges that Plaintiff Orit Cohen is the sole owner and member of SKU Diamond Jewelry, LLC. [Dkt. 61 at 2, ¶2]. The Statement of Information filed for SKU Diamond Jewelry, LLC lists Mika Cohen as an additional manager/member of SKU Diamond Jewelry, LLC. [Dkt. 62-1 at 5–10]. The SAC further alleges that, "SKU Diamond Jewelry, LLC is the exclusive licensee of Orit's trademark rights in the SKU trademarks, including the SKU, SKU

DIAMONDS, and SKU JEWELRY trademarks and trademark registrations. . ." [Dkt. 61 at 2, ¶3, lines 18–21]. Plaintiff Orit Cohen alleges that she licenses the SKU JEWELRY trademark to former-Plaintiff Ronen Cohen's company, Clean Diamonds. [Dkt. 61 at 3, ¶4]. Although the SKU JEWELRY trademark is registered in former-Plaintiff Ronen Cohen's name, the SAC alleges that the SKU JEWELRY trademark "has been assigned nunc pro tunc to its proper owner, Orit Cohen." [Dkt. 61 at 2 n.1]. The

## II.  LEGAL STANDARD

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level. . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . " *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to

1  dismiss, a complaint "must contain sufficient factual matter, accepted as true, to
2  state a claim to relief that is plausible on its face," which means that a plaintiff
3  must plead sufficient factual content to "allow[] the Court to draw the
4  reasonable inference that the defendant is liable for the misconduct alleged."
5  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

6  If a complaint fails to state a plausible claim, "'[a] district court should
7  grant leave to amend even if no request to amend the pleading was made, unless
8  it determines that the pleading could not possibly be cured by the allegation of
9  other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)
10 (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also*
11 *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of
12 discretion denying leave to amend when amendment would be futile). Although
13 a district court should freely give leave to amend when justice so requires under
14 Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad'
15 where the plaintiff has previously amended its complaint." *Ecological Rights*
16 *Found v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
17 *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

## III. DISCUSSION

19 Defendants contend that Cohen's SAC fails to show that Cohen has a
20 valid ownership interest in the "SKU" marks. [Dkt. 62 at 13]. Specifically,
21 Defendants argue that: (1) Cohen is not the senior user of the "SKU" marks, (2)
22 the "SKU" marks did not pass to SKU Diamond Jewelry, LLC, and (3) Cohen's
23 trademark registrations remain *void ab initio*. [Dkt. 62 at 14–19]. Cohen
24 argues: (1) the "SKU" marks did pass from Suleminian to SKU Diamond
25 Jewelry, LLC and (2) Cohen's trademark registrations are valid. [Dkt. 64 at 15–
26 26]. The Court addresses these arguments below.

### A. Request for Judicial Notice

The Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court may further take judicial notice of documents not attached to the Complaint where "no party questions their authenticity and the complaint relies on those documents." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Defendants request judicial notice of: (1) the November 26, 2021 Statement of Information for SKU Diamond Jewelry, LLC filed by Plaintiff Orit Cohen with the California Secretary of State, (2) the January 24, 2022 Statement of Information for SKU Diamond Jewelry, LLC filed by Plaintiff Orit Cohen with the California Secretary of State, and (3) the *nunc pro tunc* assignment between Ronen Cohen and Orit Cohen. [Dkt. 62-1 at 1–12]. Plaintiffs oppose Defendants' requests for judicial notice on the grounds that the Statement of Information documents are "inadmissible hearsay." [Dkt. 65 at 4]. The Court rejects this argument because the Statement of Information documents are matters of public record and therefore proper for judicial notice. Moreover, judicial notice does not allow the Court to take judicial notice of the truth of the contents of a document. *Tandon v. Newsom*, 517 F. Supp. 3d 922, 944 (N.D. Cal. 2021) (denying a request for judicial notice of a report "because courts are not permitted to take judicial notice of the truth of the contents of a document."); *see also Bazarganfard v. Club 360, LLC*, No. 2:21-cv-02272-CBM-(PLAx), 2023 WL 3402167, at *2 (C.D. Cal. April 4, 2023) (granting judicial notice "of the existence and contents" of the documents "but not the truth of the contents therein."). Accordingly, the Court grants judicial notice of both Statements of Information and the *nunc pro tunc* assignments.

Plaintiffs also request judicial notice of: (1) the 2016 archive of Silver International's website, (2) Defendant Shirley Suleminian's July 8, 2021 "SKU"

trademark application, and (3) Certificate of Dissolution for Kohan & Suleminian Enterprises, Inc. filed with the California Secretary of State. [Dkt. 66].

### B. Validity of Individual Ownership

Defendants argue that Cohen fails to show ownership of the "SKU marks" because she is unable to show that she is the sole owner of SKU Diamond Jewelry, LLC. [Dkt. 62 at 17–20]. Defendants further argue that even if she could show sole ownership, Plaintiff Ronen Cohen's *nunc pro tunc* is invalid. [Dkt. 62 at 20–21]. Cohen argues that she is the sole owner of SKU Diamond Jewelry, LLC. [Dkt. 64 at 16–23]. Specifically, Cohen argues:

> (1) "Orit has been the sole owner of [SKU Diamond Jewelry, LLC] and Ronen has his own business. . .which wholesales jewelry created by Orit and [SKU Diamond Jewelry, LLC] under license from SKU Diamond Jewelry, LLC" [Dkt. 64 at 20];
>
> (2) Plaintiffs Ronen Cohen and Orit Cohen's daughter has no ownership interest in and is not a member of SKU Diamond Jewelry, LLC [Dkt. 64 at 23]; and
>
> (3) Plaintiff Ronen Cohen nunc pro tunc assigned his rights to the "SKU JEWELRY" trademark to Plaintiff Orit Cohen, the proper owner of the mark [Dkt. 64 at 23].

The Court addresses these arguments below.

"A party lacks standing to sue for trademark infringement if it does not own the trademark at issue." *Dahon North America, Inc. v. Hon*, No. 2:11-cv-05835-ODW (JCGx), 2012 WL 1413681, at *8 (C.D. Cal. Apr. 24, 2012) (citing *Gaia Techs. V. Reconversion Techs.*, 93 F.3d 774, 777 (Fed. Cir. 1996)). Ownership must be present at the time of filing and cannot be cured by a retroactive assignment. *Id.*; *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093–94 (Fed. Cir. 1998) ("[A]s has been aptly stated, nunc pro tunc

assignments are not sufficient to confer retroactive standing on the basis that: As a general matter, parties should possess rights before seeking to have them vindicated in court." (internal quotations omitted)). In the Ninth Circuit, retroactive assignment is acceptable in the context of "an individual and his one-man shop." *Malovani v. Doe*, No. SACV 11-00787 AG (MLGx), 2012 WL 12886493, at *4 (C.D. Cal. May 14, 2012) ("Thus, the Ninth Circuit allowed an individual to sue for copyright infringement even though his one-man shop owned the copyright, because the one-man shop could have transferred the rights to the individual at any time.").

      Here, Cohen is unable to demonstrate valid ownership of the "SKU marks." SKU Diamond Jewelry, LLC's Statement of Information clearly identifies Mika Cohen as a manager/member of the LLC. [Dkt. 62-1 at 5–10]. Despite Cohen's argument that Mika Cohen was never a "member" of SKU Diamond Jewelry, LLC, the Court finds this distinction immaterial to its decision here. As the Court previously noted, a trademark registered to an individual may be appropriate where the individual is the sole shareholder, owner, and employee of the corporation using the mark. *See Uncle Nearest, Inc. v. Danica Dias*, 2022 WL 17859843, at *10 (TTAB Dec. 8, 2022). Regardless of whether Mika Cohen is a member of SKU Diamond Jewelry, LLC (and therefore in possession of membership interest, *see, e.g.*, *In re Turner*, 2007 WL 7238117, at *6 n.13 (9th Cir. Sept. 18, 2007)) or a manager of SKU Diamond Jewelry, LLC (and is therefore involved in the running of the business in some capacity, *see* Cal. Corp. § 17703.01), she is involved in the business of SKU Diamond Jewelry, LLC—even if she is merely an employee. As such, Cohen cannot show that she alone runs SKU Diamond Jewelry, LLC, rendering her individual registration of the word mark "SKU DIAMONDS" void *ab initio*. *See, e.g.*, *American Forests v. Barbara Sanders*, 54 U.S.P.Q. 2d 1860, 1999 WL

1713450, at *2–3 (TTAB Sept. 23, 1999); *Uncle Nearest, Inc. v. Danica Dias*, 2022 WL 17859843, at *10 (TTAB Dec. 8, 2022).

Moreover, Plaintiff Ronen Cohen's *nunc pro tunc* assignment is unable to establish ownership interest in the word mark "SKU Jewelry." The assignment was performed after litigation had already begun. [Dkt. 61 at 2 n.1]. In the Ninth Circuit, such retroactive assignments are invalid unless the assignor and the assignee are functionally the same person/entity. *See Malovani v. Doe*, No. SACV 11-00787 AG (MLGx), 2012 WL 12886493, at *4 (C.D. Cal. May 14, 2012). As Plaintiff Ronen Cohen is only the assignor, the exception does not apply, and therefore his assignment does not create standing as to Plaintiff Orit Cohen's trademark claims regarding the mark "SKU JEWELRY".[1]

Accordingly, Plaintiff Orit Cohen lacks standing to pursue her claims for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment.

**C.      Senior Use and Assignment**

In their first motion to dismiss, Defendants contended that: "It is undisputed that Suleminian is the Senior User of the Mark and Plaintiffs' Implausible Trademark Claims Fail." [Dkt. 51 at 6–8]. Defendants now wish to amend that argument to allege that Suleminian was not the senior user of the mark, but rather Silver International was the senior user. [Dkt. 62 at 14]. Defendants previously alleged that "Suleminian and K&S [dba Silver International] have common law rights in the SKU mark through continued use of the mark since 2009." [Dkt. 51 at 3]. That Defendants now appear to contradict their previous representations to the Court is not only disingenuous, but also not dispositive. The Court has already judicially noticed the trademark

---

[1] As Plaintiff Ronen Cohen "no longer seeks to assert any affirmative claims in this action," [Dkt. 61 at 2 n.1], the Court need not address the validity of his trademark registration of the mark "SKU JEWELRY."

assignment wherein Kohan and Suleminian Enterprises ("K&S") dba Silver International assigned the trademark rights to the SKU marks to Suleminian's company, SKU Jewelry Company. [Dkt. 60 at 4–5]. Accordingly, whether Silver International or Suleminian is the senior user of the SKU mark, does not negate the Court's previous findings that the common law rights in the SKU marks were ultimately assigned to SKU Diamond Jewelry, LLC. *See* [Dkt. 60 at 5–7]. As such, SKU Diamond Jewelry, LLC maintains standing to pursue its claims for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment.

## IV. CONCLUSION

Because Plaintiff Orit Cohen's individual ownership of the SKU marks is invalid, Cohen is unable to state a claim for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment. Accordingly, Defendants' Motion [Dkt. 62] is **GRANTED** and Plaintiff Orit Cohen's claims are therefore **DISMISSED WITH PREJUDICE.** Further, as Ronen Cohen did not join the SAC and no longer seeks to assert any affirmative claims in this action, [Dkt. 61 at 2 n.1], he is hereby **DISMISSED WITHOUT PREJUDICE.** As of this Order, only Plaintiff SKU Diamond Jewelry, LLC's trademark infringement, false designation of origin, counterfeiting, and declaratory judgment claims remain.

**IT IS SO ORDERED**.

Dated: July 3, 2023

SUNSHINE S. SYKES
United States District Judge