Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

Attorneys for Plaintiff and Counter-Defendants,
SKU Diamond Jewelry, LLC, Orit Cohen, and Ronen Cohen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RONEN COHEN, an individual; ORIT COHEN, an individual; and SKU DIAMOND JEWELRY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation,<br><br>Defendants.<br><br>SHIRLEY SULEMINIAN, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>RONEN COHEN and ORIT COHEN, individuals,<br><br>Counter-Defendants. | Case No. 2:21-cv-08597-SSS-ASx<br><br>*[Assigned to Hon. Sunshine S. Sykes]*<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN;**<br><br>**(3) COUNTERFEITING;**<br><br>**(4) DECLARATORY JUDGMENT**<br><br>*Action Filed:* November 2, 2021<br>*Trial Date:* TBD<br><br>**DEMAND FOR JURY TRIAL** |

17932.1:10701865.8

1

THIRD AMENDED COMPLAINT

In response to the Court's August 23, 2023, Order Granting Defendants' Motion for Clarification of the Court's July 3, 2023, Order [Dkt. No. 73] (the "Order"), Plaintiff SKU DIAMOND JEWELRY LLC (Plaintiff) hereby alleges in this Third Amended Complaint as follows:

## GENERAL ALLEGATIONS

1. Plaintiff SKU Diamond Jewelry, LLC is a California limited liability company, that is wholly-owned and operated by Orit Cohen.

2. Orit was previously in a business partnership with Defendant Shirley Suleminian ("Suleminian"). In late 2017 or early 2018, Suleminian approached Orit about starting a jewelry company together. At the time, Suleminian was designing and selling silver jewelry under the SKU mark. Prior to partnering with Orit, Suleminian exercised sole control over the nature and quality of the jewelry products sold under the SKU mark and was the owner of the common law rights in the SKU mark. Suleminian informed Orit that she would be closing her SKU silver business and asked that Orit teach her how to create gold and diamond jewelry. Orit agreed, and formed a jewelry company with Suleminian, focused on designing and selling fashion fine jewelry at the retail level. At Suleminian's request, Orit agreed that the business she formed with Suleminian would continue using the SKU mark for the jewelry products designed and sold through their new business.

3. On February 27, 2018, Orit and Suleminian formed their company, SKU Diamond Jewelry, LLC. At that time, Suleminian assigned her common law trademark rights in the SKU trademark to their company, SKU Diamond Jewelry, LLC. Suleminian's previous jewelry business ceased operations, as she formed her partnership with Orit, and stopped using the SKU mark.

4. From 2018 through the present, SKU Diamond Jewelry, LLC has operated under the SKU DIAMONDS name. Until their separation, Orit and Suleminian designed and sold fashion fine jewelry together at the retail level through SKU Diamond Jewelry, LLC. The jewelry products sold by SKU Diamond

Jewelry, LLC were sold under the SKU DIAMONDS mark and physically marked with either the SKU or SKU DIAMONDS trademarks. As such, SKU Diamond Jewelry, LLC continued to accrue common law trademark rights in the SKU and SKU DIAMONDS trademarks.

5. On or about July 6, 2020, Orit and Suleminian entered into and executed an agreement, entitled "SKU Diamonds LLC Partners Resolution and Separation Contract and Agreement" (the "Separation Agreement"), terminating the business partnership between Plaintiff and Suleminian. A true and correct copy of the Separation Agreement is attached hereto as **Exhibit A**.

6. As part of that Separation Agreement, Suleminian expressly agreed that the SKU name would remain with Plaintiff SKU Diamonds, LLC specifically stating: "7. Shirley and/or her new gold and diamonds business name will not use "SKU" in its name to sell, advertise, or advertise on Instagram selling gold and diamonds jewelry." Additionally, the Separation Agreement further states at Paragraph 9 that the SKU name will remain with Orit.

7. The Separation Agreement further provided that "Shirley will transfer her 50% share of the LLC to Orit and Orit will own 100% of the LLC." Shirley transferred her 50% membership interest and voting rights in the LLC to Orit pursuant to an agreement entitled "LLC Membership Interest Agreement," also dated July 6, 2020. A true and correct copy of the LLC Membership Interest Agreement is attached hereto as **Exhibit B**.

8. The Separation Agreement and LLC Membership Interest Agreement contain a scrivener's error in that each refer to Orit and Shirley's company as SKU DIAMONDS, LLC rather than its actual name, SKU DIAMOND JEWELRY, LLC.

9. At all times following the Separation Agreement, Orit is, and has been, the sole member and owner of SKU Diamond Jewelry, LLC.

10. Following the Separation Agreement, the parties went their separate ways. From that point forward, Orit, now the sole designer at SKU Diamond

Jewelry, LLC maintained sole control over the nature and quality of the goods (fashion fine jewelry) sold by SKU Diamond Jewelry, LLC under the SKU and SKU DIAMONDS trademarks.

11. On or about July 9, 2020, Suleminian filed a Fictitious Business Name Statement for her previous business, Defendant SKU Jewelry Company ("SJC"), to begin doing business as "Kaylee & Rose". On or about October 9, 2020, Suleminian formed a separate business, Defendant Kaylee and Rose, Inc. ("Kaylee and Rose"). Defendants Suleminian, SJC, and Kaylee and Rose are referred to collectively as "Defendants."

12. Defendants now operate a jewelry business under the name Kaylee and Rose at 9435 Brighton Way, Beverly Hills, CA 90210.

13. Despite Plaintiff's ownership of common law trademark rights Defendants willfully and knowingly sold and offered for sale products bearing the SKU Marks for the purpose of causing public confusion and/or to pass off those products as those of Plaintiff.

14. Defendants sold jewelry of all types through their website at https://sku.jewelry until shortly after the filing of this lawsuit. The URL itself incorporates the SKU JEWELRY mark in its entirety.

15. On information and belief, Defendants are selling jewelry branded with the SKU marks through Defendants' Kaylee and Rose jewelry store location.

16. On September 30, 2021, Plaintiff sent a cease and desist letter by email and first class mail to Defendants setting forth Plaintiff's allegations as set forth in this Complaint. Plaintiff received no response from Defendants.

17. Plaintiff therefore now brings this action in light of Defendants' continued infringement upon Plaintiff's intellectual property rights in the SKU Marks.

**JURISDICTION AND VENUE**

18. The Court has jurisdiction over the subject matter of this action under

Title 28 United States Code, §§ 1331 and 1338(a), and 15 U.S.C. §§ 1116 and 1121.

19. This Court has personal jurisdiction over Defendant Shirley Suleminian because Suleminian is a citizen of California. This Court has personal jurisdiction over Defendants Kaylee & Rose and SKU Jewelry Company, because Kaylee & Rose and SKU Jewelry Company are incorporated in the State of California and have their principal place of business in California. In addition, each of the Defendants have committed infringing acts in California and engage in business activities that constitute substantial or continuous and systematic contacts with the State of California.

20. Venue is proper in this District under Title 28 United States Code § 1400(b).

## PARTIES

21. At all times relevant herein, Plaintiff Orit has been and is a California resident and citizen, while Plaintiff SKU Diamond Jewelry LLC is a California limited liability company.

22. On information and belief, at all times relevant herein, Defendant Suleminian was and is a California resident and citizen thereof. Defendant SJC is a corporation incorporated in California, with its principal place of business in Beverly Hills, California. Defendant Kaylee and Rose is a corporation incorporated in California, with its principal place of business in Beverly Hills, California.

23. On information and belief, at all relevant times herein, Defendants SJC and Kaylee & Rose were and are owned and controlled by Defendant Suleminian.

## THE TRADEMARKS IN SUIT

24. On or around September 25, 2009 a David Mousiki registered the "SKU" mark with the United States Patent and Trademark Office ("USPTO") No. 3787221 (the "221" SKU Mark). The "221" Mark was later assigned to the SKU Jewelry Company owned by Defendant Suleminian.

25. In or around 2018 Orit Cohen and Defendants formed a partnership

1  SKU Diamond Jewelry, LLC using the SKU "221" mark to make, market and sell
2  jewelry online.
3      26.   On or around July 6, 2020, Orit Cohen and Defendant Suleminian
4  entered into a Separation agreement.  Pursuant to the terms of the Separation
5  Agreement, Defendant Suleminian transferred her entire 50% interest in the
6  partnerhip to Orit Cohen.  This made Orit Cohen the sole owner of Plaintiff SKU
7  Diamond Jewelry, LLC.
8      27.   On or around October 13, 2020, Ronen Cohen register the mark of
9  "SKU Jewelry" with the USPTO No.6497453 (the "453" Mark).
10     28.   On or around October 14, 2020 Orit Cohen registered the mark of
11 "SKU Diamonds" with the USPTO No.6600485 (the "485" Mark).  This Court has
12 since ruled the registrations with the USPTO of the "453" and "485" Marks are void
13 ab initio. [Dkt. No. 60].
14     29.   On or around March 15, 2023 the Court ruled that the common law
15 trademark rights under the SKU based marks, related to "221," "453," and "485,"
16 passed to SKU Diamond Jewelry LLC pursuant to the 2020 Separation Agreement.
17 [Dkt. No. 60].
18     30.   Plaintiff SKU Diamond Jewelry, LLC has established common law
19 rights to the SKU DIAMONDS and SKU trademarks, through use by its wholly-
20 owned company and exclusive licensee, SKU Diamond Jewelry LLC. All of the
21 products underlying SKU Diamond Jewelry LLC's sales bear the distinctive SKU or
22 SKU DIAMONDS trademarks, which have been in continuous, uninterrupted use in
23 interstate commerce since the company's launch in 2018, on a variety of fashion
24 fine jewelry products. In addition, Suleminian's previous use of the SKU trademark
25 inures to the benefit of SKU Diamond Jewelry LLC, by virtue of her assignment to
26 SKU Diamond Jewelry LLC at the company's formation.
27     31.   Plaintiff SKU Diamond Jewelry LLC makes custom jewelry using the
28 "SKU" marks.  Said jewelry is marketed both interstate but specifically in the

affluent California cities including but not limited to the City of Beverly Hills. Plaintiff's jewelry containing the "SKU" mark are sold to the public directly by Plaintiff's website and social media platforms including but not limited to Instagram. Plaintiff's sales of its jewelry products bearing the "SKU" marks are identified by the public through repeat sales. Plaintiff's products bearing the "SKU" marks have sufficiently penetrated the national marketplace, and especially in the Beverly Hills area of Southern California through significant sales of Plaintiff's jewelry bearing the SKU marks sold on its website and social media platforms.

32. Plaintiff's "SKU" marks are also inherently distinctive. As a result of the prior use and promotion of Plaintiff's Common Law Marks all incorporating bearing the "SKU" mark and intertwined with the sale of jewelry, the marks have become well and favorably known throughout the United States. Plaintiff's Common Law Trademark has developed exceedingly valuable goodwill.

33. To this date, Defendants continue to market jewelry under the "SKU" mark, in direct competition with Plaintiff, representing to the public Defendant's use of her "SKU" line and intended to sell her "hottest jewelry trends at the absolute most reasonable prices." (https://sku.jewelry/about).

## THE ACCUSED PRODUCTS

34. Defendants make, use, sell and offer to sell jewelry, namely rings, earrings, necklaces, and watches, among many other, utilizing a variety of precious metals and precious gems, including but not limited to gold and diamonds.

35. Defendants operate a jewelry store in Beverly Hills under the name Kaylee and Rose, with an address of 9435 Brighton Way, Beverly Hills, CA 90210. On information and belief, despite abandoning its use of the "SKU" marks and assigning them exclusively to Plaintiff, Defendants are selling jewelry branded with the SKU trademark at the Kaylee and Rose store.

36. Defendants sell jewelry through the website www.sku.jewelry (the "**Infringing Website**") and through third party online platforms, including but not

limited to Etsy and Amazon ("**Third Party Websites**").

37. Defendants operated the website https://www.sku.jewelry/, offering necklaces, waist chains, earrings, hand chains, anklets, bracelets, rings, and mid-finger rings. Defendants' website encouraged web visitors to "Join the SKU family," and specifically stated regarding Ms. Suleminian: "When creating SKU, she opted to create a line designed for customers who wish to follow the latest jewelry trends, while maintaining affordable prices and great quality." (https://www.sku.jewelry/about, last visited October 21, 2021 [TCF].)

38. Defendants operated a SKU JEWELRY shop via Etsy, offering rings, necklaces, pendants, earrings, bracelets, and bangles. (https://www.etsy.com/shop/SKUJewelry?ref=profile_header, last visited October 21, 2021 [TCF].)

39. Defendants continue to operate a SKU JEWELRY shop via the Amazon Marketplace, offering rings, necklaces, earrings, bracelets, and bangles. (https://www.amazon.com/s?srs=3042674011, last visited March 24, 2023.)

40. Defendants' Accused Products are found and offered for sale at least on the Infringing Website, Third Party Websites, and in physical locations within the State of California.

41. Plaintiff sent a cease and desist letter to Defendants dated September 30, 2021, setting forth the claims now pleaded herein. Within that September 30, 2021 letter, Plaintiff provided notice to Defendants of the registration of the SKU JEWELRY mark (U.S. Reg. No. 6497453). 15 U.S.C. § 1111.

42. Defendants' rampant infringement and counterfeiting has left Plaintiff with no choice but to file this lawsuit to seek the intervention of the Court.

## COUNT 1

### Trademark Infringement

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1114, 1125, *et seq*.)**

43. Plaintiff refers to and incorporates by reference the foregoing

paragraphs of the Complaint.

44. Plaintiff owns all right, title and interest in and to the "SKU" mark, the "SKU Diamonds" and "SKU Jewelry" trademarks pursuant to the Separation Agreement (collectively the "SKU Marks"). Moreover, Defendant Suleminian, per the Separation Agreement, agreed not to use the SKU mark post separation.

45. Defendants have, without the consent of Plaintiff, used in commerce reproductions, counterfeits, copies, and/or colorable imitations of the SKU Marks in connection with the sale, offering for sale, distribution, or advertising of jewelry, including jewelry pieces consisting of precious metals and precious gems. Such use by Defendants of the SKU Marks on or in connection with such jewelry is likely to cause confusion, or to cause mistake, or to deceive.

46. Without license or authorization, Defendants have knowingly and willfully used and continued to use the SKU Marks in connection with the advertisement, offer for sale, and sale of the Accused Products, through the Internet and physical retail stores, among other channels.

47. Defendants' use of the SKU Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

48. Plaintiff has been harmed by Defendants' actions.

## COUNT 2

### False Designation of Origin

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1125(a),** *et seq.* <u>Common Law Trademark Infringement Against All Defendants</u>**)**

49. Plaintiff refers to and incorporates by reference the foregoing paragraphs of the Complaint.

50. Plaintiff owns all right, title and interest in and to the common law SKU, SKU JEWELRY, and SKU DIAMONDS marks.

51. This Court previously found in an "ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT," that ". . . Defendants assigned their common law trademark rights to SKU Diamond Jewelry, LLC. Defendants began using the SKU marks in 2009 to sell jewelry. [Dkt. 51-1 at 11]. Defendants sold jewelry using the SKU marks online. [Dkt. 51-1 at 11]. Accordingly, Defendants established common law trademark rights. In 2018, Plaintiffs and Defendants entered into a partnership and formed SKU Diamond Jewelry, LLC. [Dkt. 51 at 3]; [Dkt. 48 at 2, 3.]. SKU Diamond Jewelry, LLC sold jewelry and advertised its jewelry on its Instagram account. [Dkt. 51-1 at 23]. As Defendants and Plaintiffs formed a new partnership using the SKU marks to sell jewelry, consistent with Defendants' prior use, Defendants' common law trademark rights passed to SKU Dimond Jewelry, LLC." [Dkt. No. 60].

52. Plainitff's "SKU" based Common Law Trademarks, all containing the letters "SKU" are an arbitrary mark and its distinctive quality has achieved a high degree of consumer recognition and secondary meaning nationwide, including in the affluent Southern California area of Beverly Hills.

53. Through years of use in interstate commerce, Plaintiff has established common law trademark protection for its inherently distinctive SKU Trademarks used on its jewelry line.

54. As a direct result of Plaintiff's continuous and exclusive use of the SKU Trademark in interstate commerce, Plaintiff has established significant good will and consumer expectation regarding the high quality and source of Plaintiff's merchandise displaying said mark.

55. Plaintiff has dedicated substantial monetary expenditures and resources to support its jewelry line, bearing the SKU Common Law Trademarks, by way of extensive advertising and promotional efforts through diverse media in the United States including the Southern California affluent areas including but not limited to Beverly Hills.

56. Defendants' production, distribution, online advertising, distribution, and

offering for sale bear nearly identical reproductions of the SKU Common Law Trademarks owned by Plaintiff, such as to cause a likelihood of confusion as to the source, sponsorship, and/or approval by Plaintiff. Indeed, use of the "SKU" inherently distinctive letters in the manner shown on Defendants jewelry products creates a high likelihood of consumer confusion amongst consumers, which is especially damaging to the good will established in Plaintiff's SKU Common Law Trademark and reputation for high quality jewelry. The "SKU" mark is present in the same geographical area on the same products.

57. Defendants have used in commerce the SKU mark on or in connection with goods, namely jewelry, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' jewelry with Plaintiff and Plaintiff's jewelry.

58. Defendants have used in commerce the SKU mark on or in connection with goods, namely jewelry, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, namely jewelry, specifically with such origin, sponsorship, or approval relating to Plaintiff.

59. Defendants' use of the SKU mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of jewelry is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

60. Defendant's use of Plaintiff's Trademarks is without Plaintiff's permission or authority and in total disregard of Plaintiff's Common Law rights to control its intellectual property.

61. Defendant's use of the Plaintiff's Common Law Trademarks is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendants' products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Plaintiff, all to the detriment of Plaintiff.

62. Plaintiff has no adequate remedy at law.

63. Plaintiff has been harmed by Defendants' actions.

64. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's SKU Common Law Trademarks, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## COUNT 3

## Counterfeiting

**(Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1114, *et seq.*)**

65. Plaintiff refers to and incorporates by reference the foregoing paragraphs of the Complaint.

66. Defendants have, without the consent of Plaintiff owner of the SKU Marks, reproduced, counterfeited, copied, and/or colorably imitated Plaintiff's SKU Marks and applied such reproductions, counterfeits, copies, and/or colorable imitations to labels, signs, prints, packages, wrappers, and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of jewelry.

67. Such use by Defendants of the SKU Marks on or in connection with such jewelry is likely to cause confusion, or to cause mistake, or to deceive.

68. On information and belief, the acts committed under this Count 3 were committed and are being committed with the knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

69. Defendant Suleminian, both individually and on behalf of her businesses (including Defendants SJC and Kaylee and Rose) specifically agreed not to use the SKU Marks for purposes of avoiding confusion, mistake, or deception after the cessation of her business relationship with Plaintiff, but nonetheless

17932.1:10701865.8

12

THIRD AMENDED COMPLAINT

Defendants used the SKU Marks on identical goods without consent or authorization of Plaintiff.

70. On information and belief, Defendants intended to pass off their SKU-branded products as those of Plaintiff.

71. On information and belief, Defendants acted willfully in branding their products with the SKU Marks owned by Plaintiff.

72. Defendants' use of the SKU mark on jewelry constitutes a counterfeit of the SKU JEWELRY mark and the SKU DIAMONDS mark, both of which are the property of Plaintiff and used by Plaintiff exclusively for jewelry.

73. On information and belief, Defendants intentionally used the SKU Marks, knowing such mark or designation was a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

74. Plaintiff has been harmed by Defendants' actions.

## COUNT 4

**Declaratory Judgment of Trademark Ownership**

**(Declaratory Judgment Act, 28 U.S.C. § 2201)**

75. Plaintiff refers to and incorporates by reference the foregoing paragraphs of the Complaint.

76. Defendants claims ownership of the SKU trademark as evidenced by Suleminian's currently pending application for registration of the SKU mark with the USPTO.

77. On July 8, 2021, Suleminian filed a trademark application with the USPTO for SKU (U.S. Appl. Ser. No. 90/818344) in Class 14 for "Jewellry (sic) made of precious metals," claiming use in commerce (the "'344 Application").

78. On March 1, 2022, the USPTO sent Suleminian an Outgoing Office Action, rejecting the '344 Application because of a likelihood of confusion with Plaintiff Orit's marks in U.S. Registration Nos. 6497453 and 6600485.

79. Suleminian responded to that Office Action on September 1, 2022,

requesting that the application be suspended pending the outcome of this case and continuing to claim that Suleminian has a superior claim to the applied for mark. The USPTO suspended the '344 Application on September 3, 2022.

80. A case or controversy exists between Plaintiff and Defendants as to the ownership of the SKU mark.

81. Plaintiff and its brand will be harmed by the registration of a competing trademark for SKU.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## As to COUNTS 1 and 2:

1. A preliminary and permanent injunction against Defendants, their agents, employees, assigns, and successors in interest, and those persons in active concert or participation with Defendants, enjoining them from continued acts of infringement of the SKU Marks. 15 U.S.C. § 1116.

2. Disgorgement of Defendants' past and future profits to Plaintiff.

3. An Award of Damages sustained by Plaintiff.

4. An Award of Plaintiff's costs of the action.

5. Plaintiff's actual damages, according to the circumstances of the case, as assessed by the court up to three times the amount found as actual damages. 15 U.S.C. § 1117.

6. Such other recovery as the Court in its discretion deems just to compensate Plaintiff.

7. A finding that this is an exceptional case and an award of reasonable attorney fees to Plaintiff.

8. Such other relief as the Court deems just and equitable.

## As to COUNT 3 – Counterfeiting

9. An award of damages equal to three times Defendants' profits. 15 U.S.C. § 1117(b).

10. Alternatively, whichever amount is greater between the foregoing damages or three times Plaintiff's damages. 15 U.S.C. § 1117(b).

11. Reasonable attorneys' fees. 15 U.S.C. § 1117(b).

12. Pre-judgment and post-judgment interest.

13. Statutory damages for use of counterfeit marks.

14. Plaintiff reserves the right to elect, at any time before final judgment is rendered by the court, to recover, instead of actual damages and profits, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of not less than $1,000 or more than $200,000 per counterfeit mark, or, alternatively, upon a finding of willfulness, not more than $2,000,000 per counterfeit mark, as the Court considers just.

15. Such other relief as the Court deems just and equitable.

### As to COUNT 4 – Declaratory Judgment

16. A declaratory judgment ruling that Plaintiff owns the SKU Marks.

17. Issue an Order either: (i) directing the USPTO to deem the '344 Application abandoned; or (ii) directing Suleminian to withdraw the '344 Application.

18. Such other relief as the Court deems just and equitable.

DATED: September 6, 2023  **McMURRAY HENRIKS, LLP**

By: */s/ Yana Henriks*
Yana G. Henriks,
Attorneys for Plaintiff,
SKU Diamond Jewelry, LLC

# CERTIFICATE OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA

*Cohen, et al. v. Suleminian, et al.*

*Case No. 2-21-cv-08597-SSS-ASx*

    The undersigned certifies that on September 6, 2023, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

## THIRD AMENDED COMPLAINT

    Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By: */s/Yana Henriks*
      Yana G. Henriks, Esq.