David P. Beitchman (SBN 198953)
dbeitchman@bzlegal.com
Andre Boniadi (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 Ventura Blvd., Suite 570
Encino, California 91436
Telephone: (818) 986-9100
Facsimile: (818) 986-9119

Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
Kirstin A. Jensvold-Rumage (SBN 345916)
kirstin@milordlaw.com
**MILORD LAW GROUP P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorneys for Shirley Suleminian,
SKU Jewelry Company, and
Kaylee and Rose, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN, an individual; ORIT COHEN, an individual; and SKU DIAMOND JEWELRY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:21-CV-08597-SSS-ASx<br><br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND REQUEST FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S AUTHORITY**<br><br>Date:      October 20, 2023<br>Time:     2:00 p.m.<br>Location: 3470 Twelfth Street<br>                Riverside, CA 92501<br>                Courtroom 2 |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

## I. Introduction

Plaintiff SDJL's Opposition is incomprehensible and contradicts the facts and law. Despite black letter law—provided by Defendants SKU Parties in advance of, during, and after the L.R. 7-3 conference counsel—that SDJL does not have any registered trademarks, SDJL maintained its untenable 15 U.S.C. § 1114 Federal Trademark Infringement (Count 1) and Counterfeiting (Count 3) claims, refusing to amend or dismiss them. Also, it failed to address the shortcomings of its common law trademark infringement claims of Count 2 under the Lanham Act, 15 U.S.C. § 1125. Now, the Opposition states that such claims are sustainable because they are based on *common law* rights. This is a misreading of the law at best or a misrepresentation at worst.

It is axiomatic that a valid trademark registration is required to bring a Section 1114 claim. *See* 15 U.S.C. § 1114(1) (requiring the use to be "without the consent of the registrant"); *Brookfield Comms. v. West Coast Entertainment*, 174 F.3d 1036, 1046-47 n.8 (9th Cir. 1999) (explaining that Section 1114 provides protection "only to registered marks."). The same is true for a cause of action for counterfeiting, which requires a showing that the accused mark is "identical with, or substantially indistinguishable from, a **registered** mark." 15 U.S.C. § 1127 (emphasis added); *Sweet People Apparel, Inc. v. Cool-G, Inc.*, 2014 WL 12596316, at *4 (C.D. Cal. Feb. 14, 2014) ("to succeed on its willful trademark counterfeiting claim, Plaintiffs must show ownership of protectable registered trademarks") (citing *Brookfield*, 174 F.3d at 1053).

The Opposition fabricates a baseless argument that listing "1125" after the Section 1114 (Count 1) transforms the cause of action into a common law claim. But SDJL is betrayed by its own Count 2 alleging Langham Act common law false designation of origin claim under Section 1125—rendering the Second Cause of Action redundant and duplicative. *See* Dkt. 83, TAC at 9, Count 2 ("Common Law Trademark Infringement Against All Defendants" under the "Lanham Act . . . 1125(a)").

SDJL fails to oppose SKU Parties' Motion's argument that the Common Law claim (Count 2) is implausible because SDJL has no common law rights in any "SKU"

mark because they were transferred to Orit.  Motion at 7:11-8:19.  Thus, SDJL waived its rights and the Court should dismiss Count 2 with prejudice.  *Touloudjian v. Cal. Dep't of Corr. & Rehab.*, 2021 WL 4812315, at *10 (C.D. Cal. May 24, 2021) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (holding plaintiff's opposition's failure to address an argument in a motion to dismiss waived the argument).

The TAC and Opposition both evidence SDJL's and its counsel's violation and misrepresentation of trademark law as they defend baseless positions in needlessly multiply proceedings by refusing to dismiss improper claims.  One year into litigation, after four failed pleadings, dismissing the TAC in its entirety, with prejudice, and an award of sanctions is warranted.

## II. Lack of a Federally Registered Trademark Dooms SDJL's Section 1114 Claim (Count 1) and a Counterfeiting Claim (Count 3)

The Opposition—and the TAC—fundamentally misunderstand that Section 1114 of the Lanham Act and trademark counterfeiting both require a valid, registered trademark.  SDJL's persistent misrepresentation of this basic principle is dumbfounding.  Both sections of the statute use the term "registrant" and "registered mark," thus, it is elementary that SDJL's Counts 1 and 3 fail from the get-go.  *See* 15 U.S.C. §§ 1114(1) and 1127.  Despite being provided the black letter law, the Opposition multiplies these proceedings by falsely arguing that the Section 1114 and counterfeiting claims can be asserted even without a trademark registration.  This is unquestionably untrue.

### A. SDJL Admits No Registered Marks Exist

SDJL admits that the "SKU DIAMONDS" Mark filed by Orit Cohen and the "SKU PARTIES" Mark filed by Ronen Cohen were void *ab initio* and are no longer valid, registered trademarks.  Opp. at 2:14-18.  Accordingly, there is no dispute between the parties that SDJL's pleadings cannot rely on either trademark registration.

Next, the TAC's claim that the '221 SKU mark filed by David Mousiki is a valid trademark is clear error, which SDJL refused to correct and the Opposition *still*

misrepresents. More than two years ago, the Cohens asserted that the '221 "SKU" trademark was canceled and invalid. Complaint ¶ 8. But the canceled registration is not the phoenix that can miraculously rise from the ashes merely because SDJL argues that it may assert ownership of the '221 mark "absent finality to the issue of the 2009 mark being void." Opp. 11:11. This argument is baseless and would be laughable if not for the costs incurred for bringing this Motion.

The USPTO found the '221 Mark was abandoned and cancelled on December 18, 2020. *See* Dkt. 51-1, Exhibit 1. A plaintiff cannot rely on a canceled trademark to plead claims that require a registered mark. *ZipSleeve, LLC v. W. Marine, Inc.*, 2015 WL 2380990 at *3 (D. Or. May 19, 2015). "Since § 1114, by its very language, applies only to registered marks, the cancellation of registration would eliminate the basis for any statutory claim of trademark infringement under § 1114." *Eldon Indus., Inc. v. Rubbermaid, Inc.*, 735 F. Supp. 786, 835 (N.D. Ill. 1990) (citation omitted).

Further, like the rest of SDJL's baseless arguments, Ms. Suleminian cannot *potentially* revive the canceled registration like the Phoenix—because Greek mythology is not controlling trademark law. Opp at 18:8-11. It is axiomatic that revival of an abandoned and canceled registration must occur within six months of cancellation. 37 C.F.R. §2.146(d)(2)(ii); T.M.E.P. 1714.01(f)(ii)(D) ("The petition [to revive] must be filed… not later than six months..."). The '221 Mark was cancelled on December 18, 2020 and no petition to revive can be filed and this issue is not up for debate. Also, despite any deposition testimony, both parties have since judicially admitted in pleadings filed before this Court that the '221 Mark is abandoned and cannot be relied upon as a basis to plead any claims. *See* First Amended Complaint ¶9; Motion to Dismiss First Amended Complaint at 1:23-25, Motion to Dismiss Second Amended Complaint at 2:20-24, Motion to Dismiss Third Amended Complaint at 2:4-7.

SDJL's pleading of SDJL's right to the canceled '221 Mark is not "academic" and should be disregarded as falsehoods. Opp. at 5:21. Accordingly, SDJL failed to plead ownership of any *valid*, *currenlyt* registered trademark and Counts 1 and 3 should be

-3-
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT

dismissed with prejudice. The Court should award sanctions for SDJL's needless multiplications of these proceedings with baseless pleadings and filings.

**B. Count 1 Fails to Plead the Requisite Ownership of a Trademark Registration for a Section 1114 Trademark Infringement Claim**

SDJL's Opposition claims that Count 1 is for "infringement of common law unregistered marks." Opp. at 8:7-9. However, this contradicts its pleading of Count 1 in the TAC. In Count 1, SDJL lists Section 1114 in the heading—a claim of infringement of a federally registered trademark. SDJL writes "trademark infringement" as the cause of action. *See* TAC at 8, Count 1 ("Trademark Infringement (Violation of the Lanham Act, 15 U.S.C. §§ 1051, 1114, 1125, et seq.)"). But SDJL only pleads registration numbers this Court found void, and the canceled `221 Mark. Now, the Opposition argues that SDJL is bringing a Section 1114 claim based on "common law" because SDJL incorrectly wrote "1125" next to "1114." This incomprehensible argument flies in the face of the law and SDJL's TAC.

To recover under Section 1114, a claimant must have standing to sue, and the Court must have subject matter jurisdiction, each of which hinges on the existence of a ***valid, current*** registered mark. Section 1114 states that violators "shall be liable in a civil action by the ***registrant*** for the remedies hereinafter provided." 15 U.S.C. § 1114(1) (emphasis added). "[T]he text of § 1114(1)(a) restricts recovery to trademark registrants only." *Heron Dev. Corp. v. Vacation Tours*, Inc., 2017 WL 5957743, at *9 (S.D. Fla. Nov. 30, 2017). SDJL does not dispute that both trademarks filed by Orit and Ronen Cohen are void *ab initio* and cannot dispute that the '221 Mark filed by Mousiki was canceled by the USPTO on December 18, 2020. *See* Dkt. 51-1, Exhibit 1. SDJL does not have a registration, is not a "registrant," and therefore has no standing to sue for infringement under Section 1114. Nor does the Court have subject matter jurisdiction over a canceled trademark registration under Section 1114. *ZipSleeve*, 2015 WL 2380990. at *7.

The court in *ZipSleeve* addressed and soundly rejected this argument when the

plaintiff attempted to assert a Section 1114 infringement claim based on a canceled registration. The court dismissed the plaintiff's Section 1114 claim, holding that "the owner of a mark that was valid when issued but which has since lapsed has no cause of action under § 1114—not even for infringement that occurred during the lifetime of the mark." *ZipSleeve*, 2015 WL 2380990. at *3. The court explained that "[t]he weight of authority thus clearly indicates that Congress sought to protect only the interests of plaintiffs with registered trademarks under § 1114. Plaintiffs with unregistered trademarks are protected by § 1125(a), but do not fall within the zone of interests protected by § 1114." *Id.*; *see also Gajo v. Chicago Brand*, 2017 WL 2473142, at *3 (N.D. Cal. June 8, 2017) (citing *ZipSleeve* and dismissing Section 1114 claim based on cancelled registration for lack of jurisdiciton); *Kodner Estate Holdings, LLC v. Kodner Galleries, Inc.*, 2019 WL 201566, at *3 (S.D. Fla. Jan. 15, 2019) (finding a company that was denied registration of one mark and abandoned/canceled another previously registered mark was not a "registrant" and lacked standing to sue under § 1114).

The Opposition argues that the TAC's Section 1114 claim does not require a registration because it is based on "common law," accomplished by writing "1125" next to "1114." Opp. at 8:22-24. This argument is invalid. Adding a comma and "1125" next to a Section 1114 claim does not negate SDJL's burden to plead it owns a valid trademark registration to sustain a Section 1114 claim. Because SDJL has no **valid** registered trademark, it cannot plead a prima facie case for trademark infringement under Section 1114, and this claim must be dismissed and sanctions awarded.

### C. Count 3 Fails to Plead the Requisite Ownership of a Trademark Registration for a Trademark Counterfeiting Claim

Like a Section 1114 claim, a claim of counterfeiting requires, at a minimum, "(1) a spurious mark which is identical with, or substantially indistinguishable from, a **registered** mark, 15 U.S.C. § 1127; (2) that is **registered** with the U.S. Patent and Trademark Office's principal register for use on the same goods or services for which the defendant uses the mark…" *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores,*

*Inc.*, 940 F. Supp. 2d 850, 866 (C.D. Ill. 2013) (emphasis added).  Where a plaintiff fails to plead ownership of a valid trademark registration, it cannot plausibly plead trademark counterfeiting.  *State v. Troisi*, 2010-Ohio-275, ¶ 8, 124 Ohio St. 3d 404, 406, 922 N.E.2d 957, 959 (overturning a conviction for trafficking in goods bearing counterfeit trademarks where there was no showing the mark was registered on the USPTO's principal register).

The Opposition misrepresents the holdings and facts of cases to unsuccessfully maintain SDJL's baseless counterfeiting claim.  SDJL cites *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992), which does not substantively discuss the issue at hand—or the issue of counterfeiting at all, and *Lone Wolf Distributors, Inc. v. Bravoware, Inc.*, 2016 WL 707359 at *2 (D. Idaho Feb. 22, 2016), which actually supports SKU Parties' position for dismissal:

> In a separate count of the complaint—Count One—Lone Wolf alleges that defendants violated 15 U.S.C. §§ 1114(1)(a), 1116, and 1117 by selling, distributing, and advertising counterfeit goods. But these particular sections of the Lanham act apply, by their terms, only to a "registered mark" under § 1114(1)(a). Moreover, Section 1116(d) specifies that a counterfeit mark for purposes of § 1117(c) is "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office."
>
> Defendants made this argument in their opening brief and Lone Wolf failed to respond in its brief. The plain wording of the statutes requires dismissal, and the Court will order that Count One be dismissed.

*Lone Wolf*, 2016 WL 707359, at *3.  The Opposition's bewildering claim that SDJL can use "*et seq.*" to incorporate Section 1125 into the counterfeiting claim is not only impotent, but procedurally improper.  Opp. at 12:4-20; *see Alegre Gonzalez v. Tanimura & Antle, Inc.*, 2009 WL 10708033, at *2 (D. Ariz. July 15, 2009) ("Allowing Plaintiffs to allege an entire statute 'et seq.' and then selectively add and discard particular statutory sections at their leisure could potentially cause this case to drag out for years.").  While the TAC shows a lack of understanding of basic trademark law, the Opposition blindly forges ahead with baseless arguments to maintain meritless and untenable claims to multiply proceedings.  Counts 1 and 3 must be dismissed without leave to amend and

sanctions awarded.

### D. SDJL's Reliance on Materials Outside the TAC Should Be Disregarded and Stricken

The Opposition improperly relies on and uses excerpts from Ms. Suleminian's deposition, which are inadmissible and should not be considered by the Court. Ninth Circuit law is clear: "Affidavits and declarations ... are not allowed as pleading exhibits unless they form the basis of the complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also DeRay v. Larson*, 2004 WL 2211939, at *4 (D. Conn. Sept. 29, 2004) (refusing to consider deposition testimony because "it is inappropriate to rely on filings outside of the complaint when considering a motion to dismiss."). This is the second time in this case that Plaintiffs attempted to improperly rely on documents outside the pleadings in oppositions to motions to dismiss. *See* Dkt. 64-4, Exhibit F. The Court should disregard and strike SDJL's improper arguments that rely on extrinsic evidence.

## III. The Opposition's Failure to Address SKU Parties' Attack on SDJL's Section 1125 Common Law Claims Constitutes Waiver

The Opposition fails to oppose SKU Parties' argument that SDJL's Count 2 for Common Law Trademark Infringement under Section 1125. Opp. 11:13-21. Thus, SDJL waived its rights, and SKU Parties' argument is deemed admitted. *Touloudjian*, No. 2021 WL 4812315, at *10 (citations omitted). There is no shortage of authority finding that an opposition's failure to address an argument constitutes waiver. *See, e.g., Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013) (holding plaintiff's opposition's failure to address an argument conceded it); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, *6 n. 2 (N.D. Cal. Mar. 10, 2010) (holding that a plaintiff's opposition's failure to address claims challenged in a motion to dismiss constitutes an "abandonment of those claims") (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)); *Sportscare of America, P.C. v. Multiplan*, Inc., 2011 WL 589955, *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver

or abandonment in regard to the uncontested issue.").

SDJL's hollow claim that it does own common law rights is insufficient to rebut this waiver. Indeed, once again, it appears that SDJL does not comprehend the law or the extent of SKU Parties' Motion. The Opposition asserts SKU Parties did not move to dismiss Count 2 for Common Law Trademark Infringement when the Motion unequivocally argues that SDJL has no common law rights in any SKU mark, moving to dismiss the same. Motion to Dismiss TAC at 7, Section IV-C: "SDJL has no Common Law Rights in any 'SKU' Mark;" 8:17-19 (requesting dismissal). Yet SDJL does not question—or refute—SKU Parties' arguments and cited authority that SDJL cannot fabricate facts to show that *it* owns the common law rights to the SKU Marks (TAC ¶¶4, 13, 30) when, previously, SDJL pleaded that it assigned the same to Orit (SAC ¶13).

SDJL failed to address SKU Parties' arguments regarding its common law trademark infringement claims. Thus, the SKU Parties' unopposed request to dismiss all claims, including the Second Cause of Action, should be granted.

## IV. SDJL's Request for Declaratory Relief (Count 4) is Moot

SKU Parties did not address SDJL's Count 4 for Declaratory Relief because the application for SKU (USPTO Serial No. 90818344) filed by Shirley Suleminian in 2021 was abandoned, and the application was marked "dead" by the USPTO on July 7, 2023, two months before SDJL filed the TAC. Accordingly, the '344 Mark cannot register, and SDJL's claim is moot. *United Artists Corp. v. United Artist Studios LLC*, 2020 WL 4369778, at *4 (C.D. Cal. July 7, 2020) (recognizing that abandonment of USPTO trademark applications mooted plaintiffs' claim for an order to prevent registration).

## V. The Opposition Confirms that SDJL's Claims Are Reckless, Frivolous, or Filed in Bad Faith In Violation of the Court's Order

The TAC and Opposition prove "subjective bad faith" because they both assert meritless arguments without grounding in the law and make perverse and unfounded interpretation of law to sustain their untenable claims. Despite SKU Parties' provision of statutory and case law authority to SDJL's counsel establishing the futility of Counts 1

and 3 as a matter of law because SDJL had no registered trademark, counsel refused to withdraw the claims. Instead, counsel filed an incomprehensible Opposition making baseless arguments that are betrayed by Plaintiffs' own prior judicial admissions.

Contrary to the Opposition's argument, which relies on an unpublished case (*Meadow v. Goodrich Corp.*, 853 F. App'x 184, 185 (9th Cir. 2021), Opp. at 16:19-23), an award of sanctions under 28 U.S.C. § 1927 does not require a finding of bad faith. The standard for Section 1927 sanctions is showing the party "***knowingly and recklessly***" pursued a frivolous claim. *See Lahiri v. Universal Music & Video Dist. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) ("[r]ecklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding).

Nevertheless, not only were SDJL's counsel's positions and arguments knowingly reckless, but irrefutably baseless to be in bad faith. Even if counsel's incorrectly pleaded TAC could be chalked up to negligence and inexperience in trademark law, the fact that counsel doubled down on baseless arguments in SDJL's Opposition—despite being previously provided with ample authority—evidences bad faith. Indeed, Ms. Henriks' hostility and refusal to confer in good faith evidences an improper purpose: to vexatiously sustain SDJL's baseless claims.

Further, the Opposition does not address and, thus, concedes, the other prong of the Court's authority to impose sanctions: that SDJL willfully disobeyed the Court's Order by naming dismissed parties (Dkt. 71 at 9) and reasserting trademark registrations this Court ruled were void (*Id.* at 8:3-11). *See also* L.R. 83-7. The Court's inherent authority to award attorney's fees as a sanction may stem from "willful disobedience of a court order" *or* "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). There is no serious argument that SDJL willfully disobeyed the Court's Order dismissing the Section 1114 infringement claims with prejudice by reasserting them here and refusing to dismiss the baseless claim.

Ms. Henriks' attempts to sully SKU parties' counsel by falsely declaring that counsel would not stipulate to leave to amend the TAC or change the caption are betrayed by the confirmation email of the L.R. 7-3 conference—wherein counsel again offered to stipulate to same.  Declaration of Kirstin Jensvold-Rumage ¶4; Dkt. 85-2 at Exhibit B.  SKU Parties never heard back from Ms. Henriks—or her office—and SDJL never sought leave to amend, forcing SKU Parties to file the instant Motion.  Dkt. 85-1 ¶4-5.  An award of sanctions pursuant to both Section 1927 and the Court's inherent authority are thus proper.

## VI.   Conclusion

The Opposition recklessly doubles down on SDJL's baseless and untenable claims in the TAC.  Conceding that SDJL owns no *valid, current* trademark registrations—the essential prerequisite of both a Section 1114 federal trademark infringement and counterfeiting claim—the Opposition argues that such claims are somehow converted to "common law" claims by listing "1125" next to "1114."  This displays a fundamental misunderstanding of trademark law and pursuit of unviable claims bases on clear authority provided by the SKU Parties in an attempt to avoid motion practice.  Further, the Opposition does not—and cannot—address SKU Parties' Motion's argument that Count 2 for Common Law Trademark Infringement should be dismissed, thus constituting waiver of any argument.  Ms. Henriks' defense of what are clear errors in the TAC—which Ms. Henriks refused to correct despite being provided with the relevant authority and opportunity to do so—shows a pattern of willful recklessness or evidences bad faith.  Thus, dismissal of SDJL's TAC in its entirety with prejudice and imposition of sanctions against SDJL and Ms. Henriks, jointly and severally, is warranted.

Dated:  October 6, 2023

Respectfully submitted,
**BEITCHMAN & ZEKIAN, P.C.**
**MILORD LAW GROUP P.C.**
By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants