Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521
Attorneys for Plaintiff and Counter-Defendants,
SKU Diamond Jewelry, LLC, Orit Cohen, and Ronen Cohen

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| RONEN COHEN, an individual; ORIT COHEN, an individual; and SKU DIAMOND JEWELRY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation,<br><br>Defendants.<br>_____<br>SHIRLEY SULEMINIAN, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>RONEN COHEN and ORIT COHEN, individuals,<br><br>Counter-Defendants. | Case No. 2:21-cv-08597-SSS-ASx<br><br>*Hon. Sunshine S. Sykes – Crtrm 2*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS SHIRLEY SULEMINIAN, SKU JEWELRY COMPANY, LLC, AND KAYLEE AND ROSE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT [F.R.CIV.P 12(b)(6)]<br>(Related to Document No. 118)**<br><br>*Action Filed: November 2, 2021*<br>*Trial Date: October 21, 2024*<br><br>Hearing Info:<br>Date: February 2, 2024<br>Time: 2:00 p.m.<br>Location: 3470 Twelfth Street Riverside, CA 92501<br>Courtroom 2 |

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**TABLE OF CONTENTS**

I.  INTRODUCTION. ...................................................................................1

II.  FACTUAL AND PROCEDURAL HISTORY. .....................................2

III.  STANDARD FOR F.R.CIV.P. 12(b)(6). ...........................................4

IV.  PLAINTIFFS SUFFICIENTLY PLED INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN, CYBERSQUATTING AND FALSE
REPRESENTATIONS UNDER SECTION 1125(a)(1)(A)........................5

    *a. Infringement Under Section 1125(a)(1).* ......................................5

    *b. Plaintiffs Sufficiently Pled Facts For CyberPiracy/Cybersquating.......7*

    *c. Plaintiffs False Origin Claim Is Sufficiently Pled.................................8*

    *d. Plaintiffs Sufficiently Pled A Claim For Misrepresentation Of
    Association.* ......................................................................................9

V.  DEFENDANTS' ORAL ASSIGNMENT ARGUMENT IS FLAWED AND
DEFEATED BY 9TH CIRCUIT LAW. .....................................................10

VI.  DEFENDANTS CLAIM OF INCONSISTENT PLEADINGS IS
WITHOUT MERIT. .................................................................................12

VII.  DEFENDANTS IGNORE THIS COURT'S ORDER GRANTING
STANDING TO PROSECUTE CLAIMS BY PLAINTIFFS. ..................14

VIII.  PLAINTIFFS CLAIM FOR DECLARATORY RELIEF IS RIPE. .....15

IX.  DEFENDANTS IGNORE THE LAW THAT BARS USE OF F.R.CIV.P.
12(b)(6) AS A MOTION TO STRIKE......................................................17

X.  PLAINTIFFS ESTABLISHED FACTS, ACCEPTED BY THIS COURT,
THAT THEY OWN THE RIGHTS TO THE SKU MARKS. ...................18

XI.  LEAVE TO AMEND SHOULD BE GRANTED TO CURE ANY
PERCEIVED DEFICIENCIES.................................................................18

XII.  CONCLUSION.................................................................................19

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*A.C.T. 898 Products, Inc. v. Door to Door Nail Supply* (C.D. Cal., Nov. 13, 2015) 2015 WL 12791424 ....................................................................5

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.* (9th Cir. 2014) 744 F.3d 595 ...........................................................13

Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.1994). ....................16

Arista Records, LLC v. Doe, 604 F.3d 110, 120 (2d Cir. 2010)........................5

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ....................................................4

Ass'n of Irritated Residents v. EPA, 10 F.4th 937, 944 (9th Cir. 2021).............17

Aydin Corp. v. Union of India, 940 F.2d 527, 528 (9th Cir.1991) .............16, 17

*Azure v. Morton* (9th Cir. 1975) 514 F.2d 897 ................................................5

*Baskim Holdings, Inc. v. Two M, Inc.* (D. Nev.) 2018 WL 1367354..................6

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 ......................................4

*Breaking Code Silence v. Papciak* (S.D. Cal., Feb. 11, 2022) 2022 WL 432544 ...........................................................................................11, 12

DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218–19 (9th Cir.2010)..............7, 8

E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992) held ....................................................................................................6, 10

*Glow Industries, Inc. v. Lopez* (C.D. Cal. 2002) 252 F.Supp.2d 962,............6, 10

*GoPets Ltd. v. Hise* (9th Cir. 2011) 657 F.3d 1024..........................................2, 7

*Halcyon Horizons, Incorporated v. Delphi Behavioral Health Group, LLC* (N.D. Cal., May 11, 2017) 2017 WL 1956997 ...............................................6

Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003) ..........................4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, No. 18-CV-03886, 2019 WL 2329248 ............................................................................. 13

*Jackson v. Loews Hotels, Inc.* (C.D. Cal., July 24, 2019) 2019 WL 6721637 ... 12

*JECO Investors Partnership v. Pacific Life Insurance Company* (S.D. Tex., Oct. 28, 2020) 2020 WL 6322003, ......................................................... 13

*Komie v. Buehler Corp.* (9th Cir. 1971) 449 F.2d 644 ..................................... 13

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 122 (2014) ............................................................................................................ 2

Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ............. 16

*Morales v. City and County of San Francisco* (N.D. Cal. 2022) 603 F.Supp.3d 841, ............................................................................................................. 13

Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003)) ............ 17

*Obesity Research Institute, LLC v. Fiber Research International, LLC* (S.D. Cal. 2016) 165 F.Supp.3d 937 .................................................................... 8

*Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 602 F. App'x 232, 236 (6th Cir. 2015) ................................................................................................. 11

*Reddy v. Litton Industries, Inc.* (9th Cir. 1990) 912 F.2d 291 .......................... 12

*Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) ...................................... 13

Sayeed v. Cheatham Farms Master Homeowners' Ass'n, No. CV 18-2073 PA, 2018 WL 8053811, at *4 C.D. Cal. Oct. 29, 2018 ...................................... 13

Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care, 968 F.3d 738, 752 (9th Cir. 2020) ...................................................................................... 17

*Spicy Beer Mix, Inc. v. New Castle Beverage, Inc.* (C.D. Cal., Oct. 10, 2014) 2014 WL 12573409, at *4 .............................................................................. 9

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Summit Tech., Inc. v. High–Line Med. Instruments, Co.*, 933 F.Supp. 918, 928 (C.D.Cal.1996) ........................................................................................8

*Taylor v. Thomas*, 624 Fed.Appx. 322, 326 (6th Cir. 2015) ..............................6

*Travelers Indem. Co. v. New Orleans Louisiana Saints, L.L.C.* (9th Cir. 2016) 650 Fed.Appx. 416 ..........................................................................13

Vavak v. Abbott Labs., Inc., 2011 WL 10550065, at *2 (C.D. Cal. June 17, 2011)........................................................................................5

Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1072 (9th Cir. 2014) ..................................................................................5

Yamamoto v. Omiya, 564 F.2d 1319 (9th Cir. 1977) .........................................17

**Statutes**

1125(a)(1)(A)..........................................................................................5, 9

15 U.S.C. § 1125 (a)(1) ......................................................................1, 7, 8, 19

15 U.S.C. § 1125 (a)(1)(A) ..............................................................................passim

15 U.S.C. § 1125 (a)(1)(B) ..........................................................................1, 2

15 U.S.C. § 1125(a)(1) ..........................................................................ii, 1, 2, 7

15 U.S.C. § 1125(d)(1)(A)................................................................................7

15 U.S.C. § 1125(d)(1)(B)(i)(VIII) ..................................................................8

28 U.S.C. § 2201..........................................................................................16

**F.R.CIV.P. 12(b)(6)**..............................................................................passim

**Rules**

F.R.Civ.P. 12(b)(6)..........................................................................................passim

F.R.Civ.P. 59 ..........................................................................................13

F.R.Civ.P. 60 ..........................................................................................13

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Los Aɴɢᴇʟᴇs, CA 90017

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

F.R.Civ.P. 8 ...................................................................................................3, 4, 19

Fed. R. Civ. P. 8(a)(2) .......................................................................................4

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE, AND TO DEFENDANTS SHIRLEY SULEMINIAN, SKU JEWELRY COMPANY, LLC, AND KAYLEE AND ROSE, INC. AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs ORIT COHEN ("Orit") and SKU DIAMOND JEWELRY, LLC., ("SDJL") (cumulatively "Plaintiffs") hereby oppose Defendants SHIRLEY SULEMINIAN, SKU JEWELRY COMPANY, LLC, AND KAYLEE AND ROSE, INC.'s ("Defendants") Motion to Dismiss Plaintiffs Fifth Amended Complaint ("5AC") filed after this Court found *both* Plaintiffs Orit and SDJL had standing to allege common law trademark claims in its July 3, 2023 Order and the Court's Order denying Defendants last motion to dismiss. (Dkt. 71 at p. 9).[1]  See Order (Doc. 98).

## I.  <u>INTRODUCTION.</u>

Defendants' Motion to Dismiss is based upon the faulty premise that all claims under 15 U.S.C. § 1125(a)(1) for infringement are identical. Importantly, Section 1125(a)(1)(A) is written in the disjunctive, allowing pleading for infringement, false designation of origin, cybersquatting, and false statements of association.  As such, Section 1125(a) gives rise to multiple bases for liability for common law claims under the Lanham Act.

Claims for common law trademark infringement cannot be made under 15 U.S.C. § 1125 (a)(1)(B), which prohibits false advertising. *Id.* §§ 27:12,

---

[1] "Whether Silver International or Suleminian is the senior user of the SKU mark, **does not negate the Court's previous findings that the common law rights in the SKU marks were ultimately assigned to SKU Diamond Jewelry, LLC.** See [Dkt. 60 at 5-7]. As such, SKU Diamond Jewelry, LLC maintains standing to pursue its claims for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment. . . . **As of this Order, only Plaintiff SKU Diamond Jewelry, LLC's trademark infringement, false designation of origin, counterfeiting, and declaratory judgment claims remain."** (Dkt. 71 at 9). Emphasis added.

M<small>C</small>M<small>URRAY</small> H<small>ENRIKS</small>, LLP
811 W<small>ILSHIRE</small> B<small>OULEVARD</small>, S<small>UITE</small> 1640
L<small>OS</small> A<small>NGELES</small>, CA 90017

27:14. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) ("Section 1125(a) thus creates two distinct bases of liability: false association § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B).").

Cybersquatting, alleged by Plaintiffs, is also a form of trademark infringement. *GoPets Ltd. v. Hise* (9th Cir. 2011) 657 F.3d 1024, 1034.

As shown below, Plaintiffs have sufficiently pled causes of action for infringement, false designation of origin, cybersquatting, and false statement of association under Section 1125 (a)(1)(A) which is written in the disjunctive.

Defendants' conclusionary and repetitive claims of "implausibility" defy this Court's prior rulings.  Moreover, Defendants' misstatement of case law to avoid filing an answer and facing Summary Judgment based upon Defendants indisputable admission to infringing upon Plaintiffs' common law trademark rights is not enough to prevail under F.R.Civ.P. 12(b)(6).

## II.   <u>FACTUAL AND PROCEDURAL HISTORY.</u>

On July 3, 2023 the Court issued its order on Defendants' motion to dismiss plaintiffs' Second Amended Complaint.  The Court summarized the history of this case as follows below in its Order (Dkt. 71).

On March 15, 2023, the Court granted Defendants' motion to dismiss the Plaintiffs' first amended complaint. [Dkt. 60]. In its Order, the Court held the common law trademark rights to the word marks "SKU DIAMONDS" and "SKU JEWELRY" ("SKU marks") at issue were assigned to SDJL. [Dkt. 60 at 6-7]. The Court further found because the appropriate owner of the SKU marks is SDJL, the Plaintiffs' registration of those marks to themselves as individuals renders their registered trademarks void ab initio. [Dkt. 60 at 9]. As Plaintiffs indicated that they could cure the deficiencies identified by the Court, the Court granted Plaintiffs leave to amend their first amended complaint. [Dkt. 60 at 9].

On March 28, 2023, Orit Cohen filed her SAC. [Dkt. 61 at 2 n.1]. The

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

SAC further added SDJL as a plaintiff in this action. [Dkt. 61 at 2, ¶ 3]. The Court found registration of "SKU Jewelry" and "SKU Diamonds" were void ab initio (Dkt. 71 at 7-8). However, the marks for "SKU Jewelry" and "SKU Diamonds" retained common law trademark protection. The Court reiterated that it previously found the 2009 SKU mark had transferred ownership to Defendant Suleminian's company, SKU Jewelry Company (SDJL). [Dkt. 60 at 4-5; Dkt. 71 at p. 9].

The Court, after finding Defendants had taken inconsistent and disingenuous positions to ownership of the 2009 SKU mark, reiterated its prior finding that the common law rights in the SKU marks were assigned to SDJL. See [Dkt. 60 at 5-7]. As such, the Court found SDJL maintains standing to pursue its claims for trademark infringement, false designation of origin, counterfeiting, and declaratory judgment. [Dkt. 71 at 9].

On August 23, 2023 the Court clarified its prior order and instructed Plaintiff to file an amended complaint that complied with F.R.Civ.P. 8 following general pleading so that Defendants had a general understanding of the claims against them. [Dkt. 82].

On September 6, 2023 Plaintiff SDJL filed its Third Amended Complaint ("TAC"). TAC ¶¶ 2, 4, 13, 29, 30, 32. (Dkt. 83) includes claims under the Lanham Act for common law trademark protection for infringement, false origin, counterfeiting, and declaratory judgment.

On September 20, 2023 Defendants filed a Motion to Dismiss, Rule 12(b)(6).

On or around November 16, 2023 the Court denied Defendants Motion to Dismiss under 12(b)(6). Document No. The Court diligently reviewed the history of the case and determined it had mistakenly dismissed Orit Cohen claims as a plaintiff with prejudice. The Court ordered a Fourth Amended Complaint reinstating Orit Cohen as a Plaintiff. Dkt. No. 98.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

On December 1, 2023 Plaintiffs filed their Fourth Amended Complaint. Following a meet and confer where Defendants never raised the issue of inconsistent pleading, Plaintiffs agreed to dismiss a claim for "counterfeiting" in an attempt to move this case along.  By stipulation of <u>both</u> parties, and order of this Court, Plaintiffs filed the current Fifth Amended Complaint ("5AC") (Docs. 112, 117 and 116).

### III.    STANDARD FOR F.R.CIV.P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") must be read in conjunction with F.R.Civ.P. 8(a) ("Rule 8(a)"). See *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleader is not required to plead "detailed factual allegations" under Rule 8(a), the standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (citation omitted). When considering a motion to dismiss the Court must construe all facts in the light most favorable to the plaintiff; however, the Court does not afford such deference to legal conclusions that are "couched" as factual allegations. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555. Where a complaint pleads facts "enough to raise a right to relief above the speculative level," a court may not dismiss the complaint under 12(b)(6). See *Twombly*, 550 U.S. at 555.

Factual allegations based upon "information and belief", to be facially plausible, must be "peculiarly within the possession and control of the defendant," or the belief must be based on factual information that makes the inference of culpability plausible." *Vavak v. Abbott Labs., Inc.*, 2011 WL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

10550065, at *2 (C.D. Cal. June 17, 2011) (quoting *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)).

## IV.   PLAINTIFFS SUFFICIENTLY PLED INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CYBERSQUATTING AND FALSE REPRESENTATIONS UNDER SECTION 1125(a)(1)(A).

Section 1125(a)(1)(A) of the Lanham Act is written in the disjunctive. The use of a disjunctive in a statute indicates alternatives and requires they be treated separately. *Azure v. Morton* (9th Cir. 1975) 514 F.2d 897, 900 (statutory use of "or" designates separate categories for claim eligibility).

Section 1125(a)(1)(A) gives rise to liability by prohibiting "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-- (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person".

Accordingly, there are multiple claims that are alleged under Section 1125(a)(1).  Plaintiffs sufficiently pled each separate form of infringement under Section 1125(a)(1)(A) as set forth below.

### a.   *Infringement Under Section 1125 (a)(1)(A).*

"[A] claim for trademark infringement requires two elements: (1) ownership of a trademark, and (2) that the plaintiff show a likelihood of confusion." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014).  See *A.C.T. 898 Products, Inc. v. Door to Door Nail Supply* (C.D. Cal., Nov. 13, 2015) 2015 WL 12791424, at *3. [Plaintiff has

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

sufficiently pled the elements for trademark infringement (ownership of the mark and likelihood of confusion)]. Here Plaintiffs met both required elements.

**First**, Plaintiffs sufficiently pled ownership to the SKU marks (5AC ¶¶ 3, 5-7, 25, 41; See also Exhibits A and B to Complaint, *Separation Agreement*). In February 2018 Defendant Suleminian assigned her rights and title to the SKU marks to SDJL (5AC ¶¶ 3, 25, 27, 30). Pursuant to the Separation Contract and Agreement SDJL assigned its SKU rights to Orit, who immediately licensed all rights back to SDJL with sole rights to use on all products and prosecute independently any mark claims (5AC ¶¶ 10, 25, 27, 30). The 9th circuit held licensees have ownership rights to file suit to prosecute trademark claims. *Halcyon Horizons, Incorporated v. Delphi Behavioral Health Group, LLC* (N.D. Cal., May 11, 2017) 2017 WL 1956997, at *3. See also this Court's March 15, 2023 ruling (Doc. 60). Common law trademark rights can be assigned orally. *Taylor v. Thomas*, 624 Fed.Appx. 322, 326 (6th Cir. 2015). *Baskim Holdings, Inc. v. Two M, Inc.* (D. Nev.) 2018 WL 1367354, at *2. The 9th Circuit in *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992) held the assignment/license-back is a "well-settled commercial practice." "[A] simultaneous assignment and license-back of a mark is valid, where, as in this case, it does not disrupt continuity of the products or services associated with a given mark". Accord *Glow Industries, Inc. v. Lopez* (C.D. Cal. 2002) 252 F.Supp.2d 962, 982.

Plaintiff SDJL obtained the SKU rights and title from Suleminian (Doc. 60, 5AC ¶¶ 3, 26). SDJL assigned the marks to Orit who immediately licensed them back in full, with full rights to SDJL to use on its products and prosecute trademark claims (5AC ¶ 10). The continuity was not disrupted and consistent with established business practices affirmed by the 9th Circuit. On or around March 15, 2023 the Court ruled that the common law trademark rights under

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

the SKU based marks passed to SDJL pursuant to the 2020 Separation Agreement. [Dkt. Nos. 60; 98 p.5] (5AC ¶ 26).

**Second**, Plaintiffs sufficiently pled Defendants' conduct caused confusion in the marketplace by offering and selling Defendants' jewelry using Plaintiffs' SKU marks, harming Plaintiffs.  (5AC ¶¶ 13, 15, 28, 37, 42, 44).

Plaintiffs sufficiently pled standing for claims under Section 1125(a)(1).

### b. *Plaintiffs Sufficiently Pled Facts For CyberPiracy/Cybersquatting.*

Cybersquatting is a form of trademark infringement. *GoPets Ltd. v. Hise* (9th Cir. 2011) 657 F.3d 1024, 1034.

To prevail on a claim for Cybersquatting or cyberpiracy, Plaintiff must prove that "(1) the [D]efendant[s] registered, trafficked in, or **used a domain name**; (2) the domain name is **identical or confusingly** similar to a protected mark owned by the plaintiff; and (3) the defendant acts with **'bad faith intent** to profit from that mark.' " *DSPT Int'l, Inc. v. Nahum,* 624 F.3d 1213, 1218–19 (9th Cir.2010) (quoting 15 U.S.C. § 1125(d)(1)(A)).  Each element is pled as follows.

Defendants used a domain name "https://sku.jewelry/about" to sell jewelry (5AC ¶¶ 13, 14, 30, 34). The website is confusingly similar, and identical to the SKU Mark, as it contains "SKU" in the website name. The SKU mark belongs to Plaintiffs and which Defendant Suleminian agreed to cease using pursuant to the Separation Contract and Agreement (5AC, ¶ 14 Exh. A and B).   Defendants acted with bad faith as their intent was to cause confusion to consumers who were seeking out Plaintiffs' jewelry (5AC ¶ 42).  Defendant Suleminian willfully continued to use the offending websites for profit to sell her products (5AC ¶ 43).  Defendants continue to profit using Plaintiffs' SKU marks on their ETSY and Amazon shops (5AC ¶¶ 35, 36, 37).  Plaintiffs have sufficiently pled cybersquatting under Section 1125(d).

A court may consider "the person's registration or acquisition of multiple

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names" 15 U.S.C. § 1125(d)(1)(B)(i)(VIII) as "bad faith" e.g. Defendants SKU website, ETSY and Amazon pages.  To get leverage in a business dispute can also establish "bad faith".  *DSPT Intern., Inc. v. Nahum* (9th Cir. 2010) 624 F.3d 1213, 1219–1220.

Here, Plaintiffs alleged Defendant Suleminian assigned the SKU marks to Plaintiff SDJL and this Court agreed, twice.  But even after agreeing to cease use of the SKU name, Suleminian continues to operate a website using the SKU mark, and others, infringing on Plaintiffs' SKU mark, with the intent to cause consumer confusion and inflicting harm to Plaintiffs (5AC ¶¶ 37, 42).

### c. *Plaintiffs False Origin Claim Is Sufficiently Pled.*

Section 1125(a)(1) prohibits false representations relating to the to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.  11 U.S.C. § 1125(a)(1)(A).  In order to succeed on a false designation of origin claim under the Lanham Act, a plaintiff must show: "(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to **(b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person**; and (5) plaintiff has been or is likely to be damaged by these acts." *Summit Tech., Inc. v. High– Line Med. Instruments, Co.*, 933 F.Supp. 918, 928 (C.D.Cal.1996).  *Obesity Research Institute, LLC v. Fiber Research International, LLC* (S.D. Cal. 2016) 165 F.Supp.3d 937, 949. *Emphasis added.*

Here, Plaintiffs alleged each element.  Defendants placed Plaintiffs' "SKU" mark on Defendants jewelry products representing it their own (5AC ¶¶

8

13-15, 30, 32, 34-37, 53, 54).  Defendants use involved interstate commerce by sales on websites i.e. Amazon, Etsy and Suleminian's website (5AC ¶¶ 28, 35, 36).  The use related to sales of goods (5AC ¶¶ 13, 15, 30, 33-35, 37, 53). Defendants' false designation was and is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval by Plaintiffs (5AC ¶ 55, 58). Plaintiffs have been or likely to be harmed by Defendants selling jewelry bearing false marking of origin in direct competition with Plaintiffs mark in the same area and advertising media, in direct competition with Plaintiff (5AC ¶¶ 30, 37, 56).

Plaintiffs have sufficiently pled false designation of origin.

### d. *Plaintiffs Sufficiently Pled A Claim For Misrepresentation Of Association.*

Section 1125(a)(1)(A) makes actionable false or misleading representations of fact which--(A) is likely to cause confusion, or to cause mistake, or to deceive **as to the affiliation, connection, or association of such person with another person**….  "When a defendant makes false representations as to 'the affiliation, connection, or association' of a product or service the claim is under 15 U.S.C. § 1125(a)(1)(A)" *Spicy Beer Mix, Inc. v. New Castle Beverage, Inc.* (C.D. Cal., Oct. 10, 2014) 2014 WL 12573409, at *4.

Statutorily distinguished from "false origin", a claim for "false association" under 1125(a)(1)(A) requires: (1) defendant use[d] a designation (any word, term, name, device, or any combination thereof) …; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception **as to (a) the affiliation, connection, or association of defendant with another person**, … and (5) plaintiff has been or is likely to be damaged by these acts.  *Id.*, at *5–6.

McMURRAY HENRIKS, LLP<br>811 WILSHIRE BOULEVARD, SUITE 1640<br>LOS ANGELES, CA 90017

9

Plaintiffs alleged Defendants used Plaintiffs' "SKU" mark on Defendants jewelry products associating to Plaintiffs SKU line (5AC ¶¶ 13-15, 30, 32, 34-37, 54).  Interstate commerce through Defendants sales on national websites including Amazon, Etsy and Suleminian's website (5AC ¶¶ 28, 35, 36).  The use related to sales of goods or services (5AC ¶¶ 13, 15, 30, 33-35, 37, 53, 54). Defendants' false association is likely to cause confusion, mistake or deception and to affiliate, connect or associate defendant with Plaintiffs (5AC ¶¶ 54, 58). Plaintiffs have been harmed by Defendants' conduct (5AC ¶¶ 30, 37, 56).

Plaintiffs sufficiently pled a claim for false association under Section 1125 (a)(1)(A).

## V.   DEFENDANTS' ORAL ASSIGNMENT ARGUMENT IS FLAWED AND DEFEATED BY 9TH CIRCUIT LAW.

In the required *meet and confer*, Defendants failed to raise their new claim that Plaintiffs are required to plead assignment with specificity.  This Court ruled Plaintiffs must allege general pleading under Rule 8.  Pleading assignments is akin to contract pleading under Rule 8.  *In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthCare* (C.D. Cal., Nov. 18, 2020) 2020 WL 8457488, at *4 (general pleading of contractual assignment sufficient). Defendants stipulated to filing the Fifth Amended Complaint containing the same assignment allegation in the Fourth Amended Complaint. Defendants' failure to oppose, and indeed their agreement to the Fifth Amended Complaint, waives their new claim.

As previously stated, oral assignments are valid.  The 9th Circuit holds assignment and license back transactions are valid. *E. & J. Gallo Winery*, 967 F.2d at 1290 (9th Cir. 1992) held the assignment/license-back is a "well-settled commercial practice." *Glow Industries, Inc.* 252 F.Supp.2d at 982.  Defendants refuse to accept this established law, and, instead turn to argue against this Court's prior rulings.

MᶜMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    In rejecting this Court order that Suleminian assigned the SKU marks to
2    SDJL (5AC ¶ 26)(Dkt. Nos. 60, 71, 98 p.5), Defendants now deny Suleminian
3    assigned the SKU marks to SDJL. (Motion p. 10).  Defendants' flawed premise
4    is again exposed by their reliance on Sixth Circuit summary judgment case,
5    *applying Ohio law*, claiming an oral assignment must set forth "when and how
6    the assignment occurred." *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 602
7    F. App'x 232, 236 (6th Cir. 2015).  *Page* turned on a lack of evidence, both *pre*
8    *and post* granting <u>of summary judgment</u>, of when or how an assignment
9    occurred. *Id.*   While only at the pleading stage, Plaintiffs have factually pled
10   *when and how*.  "On February 27, 2018, Orit and Suleminian formed … SKU
11   Diamond Jewelry, LLC. At that time, Suleminian assigned her common law
12   trademark rights in the SKU trademark … SDJL. (5AC  ¶ 3).  On or about July
13   6, 2020, Orit and Suleminian executed a Separation agreement. (5AC ¶ 5).  As
14   part of the Agreement, Suleminian agreed the SKU name would remain with
15   Plaintiff SDJL. The Agreement further states at ¶ 9 that the SKU name will
16   remain with SDJL.  (5AC ¶ 6 and Exhibit A ¶9).

17   Defendants further mistakenly rely on *Breaking Code Silence v. Papciak*
18   (S.D. Cal., Feb. 11, 2022) 2022 WL 432544.  The issue in *Papciak* was
19   <u>standing</u> to sue.  This Court has already determined in this case in favor of both
20   Orit and SDJL.   In *Papciak*, the court relative to an assignment: "The
21   Complaint does not allege who transferred the rights to BCS, the date of the
22   assignment, the scope of the assignment, or any other information."  In this
23   case, Plaintiffs alleged this information thoroughly: (1) February 27, 2018
24   Suleminian assigned the SKU marks to SDJL. 5AC ¶ 3 (2) Suleminian assigned
25   all rights to SDJL to Orit as part of a July 6, 2020 Separation Agreement. 5AC
26   ¶¶ 5-7; (3) After the July 6, 2020 Separation Agreement, but before the
27   September 2020 Cease and Desist letter, SDJL assigned its rights to the SKU
28   marks to Orit, who immediately exclusively licensed back to SDJL. (5AC ¶¶

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

10, 16).

Defendants claim Plaintiffs must "connect the dots for the Court" and demands this Court dismiss the Complaint with prejudice. Defendants' dislike of Plaintiffs' straight line of facts that "connect the dots" does not make the complaint insufficient. Notably, *Papciak*, in reference to *connecting the dots*, affirmed that leave to amend to add facts to connect the dots must be granted. *Id.* at ¶ 5. Again, inconsistent with Defendants' Motion and demand to dismiss without leave.

## VI. DEFENDANTS' CLAIM OF INCONSISTENT PLEADINGS IS WITHOUT MERIT.

Defendants begin their Motion misrepresenting Plaintiffs' Fifth Amended Complaint by ignoring the Court ordered a Fourth Amended Complaint after discovering it had, in error, dismissed with prejudice Orit Cohen's claims. Defendants conceal they stipulated to the Fifth Amended Complaint (Doc. 112). All to avoid answering the Complaint.

Defendants' Motion faulty premise is they think one cannot amend pleadings with different or new facts. They are wrong as a matter of 9th Circuit law. Defendants cite *Jackson v. Loews Hotels, Inc.* (C.D. Cal., July 24, 2019) 2019 WL 6721637 and *Reddy v. Litton Industries, Inc.* (9th Cir. 1990) 912 F.2d 291, 296-97. Both cases are factually different from <u>this</u> case. Inconsistent with Defendants' argument, *Jackson* and *Reddy* held the 9th Circuit <u>permit</u> inconsistent pleadings or pleadings that allege additional facts to cure prior pleadings, such as in this case. Moreover, the facts in *Jackson* distinguish it from this case. In *Jackson* the plaintiff had not cured <u>a lack of injury</u> for standing to sue in her amended complaint (*Id*. at *3). In *Reddy*, the court found amendment futile as plaintiff "made it clear" his injury was solely from wrongful termination and not Plaintiff's RICO claim he sought to amend. In <u>this</u> case, this Court has previously ruled that both Plaintiffs have standing.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

12

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.* (9th Cir. 2014) 744 F.3d 595, 600 is factually different. The Court rejected Airs' claim that litigation, and not commercial use, is continued use. Defendants' reliance on *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) is embarrassingly inapplicable. *Rolfs* applied <u>judicial estoppel</u> against the State of Washington in a <u>Habeas Petition</u>.

*Travelers Indem. Co. v. New Orleans Louisiana Saints, L.L.C.* (9th Cir. 2016) 650 Fed.Appx. 416, 418 again is unpersuasive. Travelers admitted California's Worker's Compensation Board <u>had exclusive jurisdiction</u>. Id. at 418. <u>This</u> matter is not subject to a dispute over venue or forum *or jurisdiction*.

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, No. 18-CV-03886, 2019 WL 2329248 precluded amendment by a plaintiff to get around <u>an expired statute of limitations</u>.

*Morales v. City and County of San Francisco* (N.D. Cal. 2022) 603 F.Supp.3d 841, 846-47 is unpersuasive. <u>To avoid "probable cause"</u> for law enforcement, plaintiff <u>omitted</u> involvement of Hilton employees reports to the police. *Id. Morales* reiterated plaintiffs are not prohibited from making inconsistent allegations. See *Sayeed v. Cheatham Farms Master Homeowners' Ass'n*, No. CV 18-2073 PA, 2018 WL 8053811, at *4 C.D. Cal. Oct. 29, 2018 (citing *Airs* (inconsistent allegations are not a basis for striking a pleading). Plaintiffs have not omitted anything to avoid an incurable defect. Rather Plaintiffs factual allegations flow consistently with this Court's orders, especially since the Court reinstated Orit as a Plaintiff.

*JECO Investors Partnership v. Pacific Life Insurance Company* (S.D. Tex., Oct. 28, 2020) 2020 WL 6322003, at *2 addressed amendment of pleadings *after dismissal of a case*, limited to appeal or F.R.Civ.P. 59 and F.R.Civ.P. 60. Legally and factually different from this case. *Komie v. Buehler Corp.* (9th Cir. 1971) 449 F.2d 644 defendants concealed "there were

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

'justifying' reasons [to deny amendment] The motion was made 31 months after the answer was filed… and more than six months after the case was set for trial. There had been extensive discovery."

Here, no answer has been filed, no trial date set, nor extensive discovery.

Defendants are simply avoiding filing an answer, as a motion for summary judgment for admitted infringement and cybersquatting loom on the horizon.

## VII.   DEFENDANTS IGNORE THIS COURT'S ORDER GRANTING STANDING TO PROSECUTE CLAIMS BY PLAINTIFFS.

On March 15, 2023 this Court found the Separation Agreement gave standing to Plaintiff SDJL to prosecute the SKU trademark claims.  The Court then ordered Orit Cohen back as a Plaintiff.  (Documents Nos. 60, 71, 98). Defendants now suddenly dispute the Separation Agreement conveyed any rights to the SKU marks to Plaintiffs.  Nonsense.  Exhibit "B" to the Complaint clearly shows Suleminian, as the "Assignor", intended to assign, transfer and convey her rights, title and all interest in SDJL to Assignee Orit Cohen. Defendants falsely claim the Agreement fails to reference a mark.  A complete lie.  See Exhibit "A" to 5AC.  Suleminian will cease to use "SKU" mark pursuant to the Agreement (Id. ¶ 7). Both Suleminian and Orit will jointly post that Orit retains the "SKU Diamonds" name.  Id. at ¶ 9.  It is academic, if Suleminian did not intend to transfer the SKU marks Suleminian would not have assigned the SKU marks to SDJL in February 2018 with Orit as a partner. 5AC ¶ 3.   Suleminian entered into a Separation Contract and Agreement where she assigned all of her rights, title and interest in SDJL to Orit.  5AC ¶¶ 5-7.  As part of the Agreement, Suleminian agreed not to use the SKU mark and that Orit owned 100% of SDJL, who owned the SKU rights (5AC Exhibits "A" and "B", Docs. 60, 71).

///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

---

14

1   Defendants falsely represent there is no mention of trademarks, goodwill
2   or assignment in the Agreement. Exhibits A and B reference the SKU mark and
3   Suleminian's agreement not to use the SKU marks anymore.  Goodwill is
4   present at in Exhibit B, Suleminian signs that consideration has been received
5   and Orit will move out of the location Suleminian occupies.  Lack of
6   assignment is again proved a falsehood as the Exhibits reference the word
7   "assign" in Exhibit B, "Assignor" assigns all rights, title and interest. . .this
8   Assignment is effective July 6, 2020."  Exhibit B.

9   It is axiomatic had Suleminian not intended to assign the SKU mark to
10  SDJL or reference to SKU would not have been in their Agreement she signed.
11  Suleminian's change of heart, now claiming duress, is no basis for a Rule
12  12(b)(6) Motion.

13  **VIII.   PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IS RIPE.**

14  Defendants claim they are confused by Plaintiffs' request for declaratory
15  relief.  Defendants also claim there is no dispute to ownership of the SKU mark
16  or pending registration to the SKU marks (Motion p. 15).  However, Defendant
17  Suleminian has testified that the registration for SKU is not cancelled and is in
18  the progress of being fixed by an attorney (Doc. 86-1, Sept. 12, 2022 Depo. RT
19  88:1-13, RT164).  Additionally, Defendants' Motion disputes the assignment of
20  the SKU mark to Plaintiffs.  Motion p. 15 ["the Separation Agreement's
21  validity is currently the subject of another co-pending action in state court
22  seeking recission of the agreement based on duress and fraud. *See* 5AC RFJN
23  Exhibit A, Sixth Cause of Action."]  See also Motion at p. 6 also disputing
24  validity of Separation Contract and Agreement.

25  This Court has already found Defendants have taken inconsistent and
26  disingenuous positions to ownership of the 2009 SKU mark, the Court
27  reiterated its prior finding the common law rights in the SKU marks were
28  ultimately assigned to SKU Diamond Jewelry, LLC. See [Dkt. 60 at 5-7].

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

Defendants continue to dispute Plaintiffs ownership of the SKU mark, ignoring two documents signed by Defendant Suleminian four years ago and disputing there was ever an assignment of the SKU marks.  Coupled with Suleminian's sworn testimony in her deposition that the SKU mark was not cancelled and is being remedied by an attorney, Defendants vacillating positions as to the SKU marks status warrant Plaintiffs must be prudent and seek declaratory relief to avoid more litigation caused by Defendants changing stories.

It is not beyond peradventure that should this claim be dismissed, Defendants would once again claim they own the SKU rights and valid registration, as they do in the State Court action they filed, and testified to under oath.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes courts to grant declaratory relief in cases of "actual controversy" within their jurisdiction. The threshold question to determine ripeness under the Act is whether an actual case or controversy exists within the meaning of Article III of the United States Constitution. *See Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir.1994). The Supreme Court articulated the basic test as follows:

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Emphasis added.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941); *see Aydin Corp. v. Union of India,* 940 F.2d 527, 528 (9th Cir.1991). Next, if an "actual controversy" exists, the court must decide whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. *Kearns,* 15 F.3d at 143–44.

Ripeness "is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.' " *Ass'n of*

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

*Irritated Residents v. EPA*, 10 F.4th 937, 944 (9th Cir. 2021) (citing *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).  The threshold question is thus "whether the issues presented are definite and concrete, not hypothetical or abstract." *Id.* "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 752 (9th Cir. 2020)

Moreover, the narrow application for ripeness sought by Defendants has been rejected by our Supreme Court.  See *Aydin Corp. v. Union of India* (9th Cir. 1991) 940 F.2d 527, 528 "Under the strictest interpretation of the ripeness doctrine, all declaratory judgment claims would be suspect, because declaratory relief involves plaintiffs seeking to clarify their rights or obligations *before* an affirmative remedy is needed. The Supreme Court rejected that strict conception, upheld the constitutionality of the Federal Declaratory Judgment Act, *Aetna,* 300 U.S. at 228, 57 S.Ct. at 462, 81 L.Ed. at 618, and recognized that "[t]he difference between an abstract question and a 'controversy' contemplated by the ... Act is necessarily one of degree."

Until a final judgment/order declaring the SKU registration is invalid and cannot be reinstated, Plaintiffs must seek declaratory relief.  As under the Supreme Court standard, there is a definite and concrete dispute to d registration of the SKU mark.

## IX.   **DEFENDANTS IGNORE THE LAW THAT BARS USE OF F.R.CIV.P. 12(b)(6) AS A MOTION TO STRIKE.**

Defendants improperly try to use Rule 12(b)(6) once again to try and strike references to facts found by this Court in its prior orders.  Motion p. 14. The Court is not authorized to convert Defendants' Rule 12(b)(6) motion into a Rule 12(f) motion to strike.  *Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir.1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the

17

1  dismissal of all or a part of a complaint.' ") Defendants failed to show prejudice

2  by the references and failed to file the proper motion under Rule 12(f).

3  ## X.  **PLAINTIFFS ESTABLISHED FACTS, ACCEPTED BY THIS**

4  **COURT, THAT THEY OWN THE RIGHTS TO THE SKU**

5  **MARKS.**

6  Despite this Court finding, twice, that Plaintiffs own the rights to the

7  SKU marks by the Separation Agreement (Doc. 60 and 71), Defendants

8  continue to deny the Court's Orders.   Defendants allege it is Plaintiffs' burden

9  to prove ownership of the SKU marks (Motion p. 16).  In return Plaintiffs

10  provided factual allegations meeting Rule 8, and unassailable evidence of two

11  documents, a Separation Agreement, executed by Defendant Suleminian where

12  she assigns her rights, title and interest in SDJL to Orit and agrees not to use the

13  SKU mark anymore.  (5AC Exhibits A and B).  The Court found, despite

14  Defendants changing stories, that Suleminian assigned the SKU common law

15  marks to SDJL (Docs. 60, 71, 85).  Defendant has filed no motion for

16  reconsideration, nor sought interlocutory appeal for nearly a year since this

17  Court found Suleminian assigned her rights to the SKU mark.

18  ## XI.  **LEAVE TO AMEND SHOULD BE GRANTED TO CURE ANY**

19  **PERCEIVED DEFICIENCIES.**

20  Should the Court find that the pleading does not meet Rule 8

21  requirements for general notice pleading under current 9th Circuit law and Rule

22  12(b)(6), Plaintiffs request leave to amend to cure any perceived factual

23  allegations the Court finds lacking.  Plaintiffs followed this Court's order

24  fulfilling general pleading under Rule 8.  Should the Court deem amendment is

25  required, Plaintiffs can easily cure any perceived defect by supplying additional

26  facts for each common law claim exceeding Rule 8.

27  ///

28  ///

M<small>C</small>M<small>URRAY</small> H<small>ENRIKS</small>, LLP
811 W<small>ILSHIRE</small> B<small>OULEVARD</small>, S<small>UITE</small> 1640
L<small>OS</small> A<small>NGELES</small>, CA 90017

## XII.   <u>CONCLUSION.</u>

Defendants' Motion under F.R.Civ.P. 12(b)(6) should be denied. Plaintiffs' claims under Section 1125(a)(1) of the Lanham Act are sufficiently pled, consistent with F.R.Civ.P. 8.  Defendants cannot use a Rule 12(b)(6) motion to strike part of a pleading in lieu of a Rule 12(f) motion.  Plaintiffs have exceeded this Court's requirement for notice pleading under Rule 8. Defendants' Motion should be denied in its entirety and Defendants required to file an Answer to move this case forward.

Dated January 12, 2024                    By  <u>/s/ Yana G Henriks</u>
                                          Attorney for Plaintiffs
                                          Orit Cohen and SKU Diamond Jewelry,
                                          LLC

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS