UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN, et al.<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY SULEMINIAN.<br><br>Defendant. | Case No. 2:21-cv-08597-SSS-ASx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. 118]** |

Before the Court is Defendants Shirley Suleminian, SKU Jewelry Company, and Kaylee and Rose, Inc.'s (collectively, the "Defendants") Motion to Dismiss (the "Motion") Plaintiffs Orit Cohen and SKU Diamond Jewelry, LLC's (collectively, the "Plaintiffs") Fifth Amended Complaint (the "FAC"). [Dkt. 118]. This matter is fully briefed and ripe for review. [Dkt. 119, 120]. In accordance with the opinion below, the Court hereby **GRANTS** Defendants' Motion. [Dkt. 118].

I.   **BACKGROUND**

This matter arises out of a business partnership gone sour. [Dkt. 116 at 2]. In late 2017 or early 2018, Suleminian approached Cohen about starting a jewelry company. *Id*. At that time, Suleminian already designed and sold silver

jewelry under the SKU mark. [Dkt. 116 at 2]. On February 29, 2018, Cohen and Suleminian formed SKU Diamond Jewelry, LLC ("SKU LLC"), and, according to the FAC, Suleminian agreed SKU LLC would use the SKU mark. *Id*. Since its formation in 2018, SKU LLC operated under the "SKU DIAMONDS name" such that it "continued to accrue common law trademark rights in the SKU trademarks." *Id*.

On or about July 6, 2020, Cohen and Suleminian dissolved their partnership via agreement and the agreement stated (1) Suleminian's future businesses would not use the SKU name, (2) the SKU name would remain with Orit, and (3) Suleminian would transfer her ownership stake in SKU LLC to Cohen. *Id*. at 3.[1] After the dissolution of the partnership, Plaintiffs claim that SKU LLC assigned its common law rights to Cohen and that Cohen then "immediately licensed" the SKU marks back to SKU LLC. *Id* at 4

Plaintiffs claim that, in contravention of the dissolution agreements and Plaintiffs' valid trademark rights, Defendants knowingly sold jewelry bearing the SKU marks. *Id*. at 4.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to

---

[1] Suleminian transferred her interest in SKU LLC to Cohen also on July 6, 2020. [Dkt. 116 at 2].

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

### III. DISCUSSION

Defendants argue Plaintiffs' FAC should be dismissed with prejudice because (1) the FAC contradicts earlier made assertions, and (2) Plaintiffs fail to adequately plead an assignment of rights to the SKU marks. [Dkt. 118 at 10–15]. In the alternative, Defendants ask the Court to find Plaintiffs' third cause of action unripe and their first and second causes of action duplicative. *Id*. at 15–18. For the reasons set forth below, the Court **GRANTS** the Motion.

**A. The Impact of the FAC's Alleged Contradiction with Prior Pleadings**

To determine the viability of Plaintiffs' FAC, the Court must first determine the impact of the FAC containing facts that are allegedly contradictory to those contained within prior pleadings. [Dkt. 118 at 10]. In general, a court accepts as true all material facts in a pleading when ruling on a motion to dismiss. *Doe*, 419 F.3d at 1062. However, Defendants contend

parties may only amend pleadings if the amended pleadings allege facts that are consistent with those stated in the prior pleadings. [Dkt. 118 at 10 (citing *Jackson v. Loews Hotels, Inc.*, No. 18-cv-827-DMG (JCx), 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990); *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)].[2]

Despite Defendants' assertion to the contrary, there is significant "intra-circuit" confusion surrounding this issue. *Jackson*, 2019 WL 6721637, at *3. In 1990, the Ninth Circuit noted, in discussing whether a district court abused its discretion in dismissing a complaint with prejudice, an "amended complaint may only allege 'other facts consistent with the challenged pleading.'" *Reddy*, 912 F.2d 296–97 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Years later in 2007, then Chief Judge Kozinski found "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations" and that "other means of redress" for contradictory pleadings exist such as "sanctions under Rule 11, 28 U.S.C. § 1927[,] or the court's inherent authority." *PAE*, 514 F.3d at 860.

Subsequent Ninth Circuit opinions have hinted *Reddy* and *PAE* may be irreconcilable, and the Ninth Circuit has yet to clarify this issue.[3] *Jackson*,

---

[2] In response to this, Plaintiffs assert, without citation, Defendants' contention is "wrong as a matter of [Ninth] Circuit law." [Dkt. 119 at 18].

[3] The Court notes numerous other district courts have noted the lack of clarity on this issue. *See e.g.*, *Naeyeart v. Kimberly-Clark Corp.*, No. 17-cv-00950 JAK (JPRx), 2018 WL 6380749, at *2–3 (C.D. Cal. Sept. 28, 2018); *Jefferson v. Raisen*, No. 19-cv-9107-DMG (MAAx), 2020 WL 6440034, at *4–5 (C.D. Cal. Aug. 14, 2020); *Shah v. Drew Chain Sec. Corp.*, No. 2:22-cv-01335-FWS (MAAx), 2023 WL 8251594, at *7 (C.D. Cal. July 18, 2023)

-4-

2019 WL 6721637, at *3 (citing *Shirley v. Univ. of Idaho, Coll. of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015) (Kozinski, J., concurring) with *id*. at 1194–95 (Canby, J., concurring)).

    Here, the Court need not enter this fray because the authority Defendants rely on do not establish that a Court can dismiss a pleading on a motion to dismiss for failure to plead non-contradictory facts with prior pleadings. Rather, a close reading of the cases Defendants cite shows the majority discuss whether a court should grant leave to amend when a party may not be able to allege facts that do not contradict those within prior pleadings. *See e.g.*, *Reddy*, 912 F.2d at 296–97 (discussing Reddy's challenge to the district court's denial of his claims without leave to amend); *see also Airs*, 744 F.3d at 600 (discussing Air Aromatics' challenge to the district court denying leave to amend); *See Travelers Indem. Co. v. New Orleans La. Saints, L.L.C.*, 650 Fed. Appx. 416, 518(9th Cir. 2016); *Russell*, 893 F.2d at 1038;[4] *J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Comp.*, No. 18-cv-03886-YGR, 2019 WL 2329248, at *3 (N.D. Cal. May 31, 2019). As such, because Defendants' cited cases do not establish that on a 12(b)(6) motion a court may dismiss claims because of the contradictory nature of the facts alleged therein, the Court declines to do so in this case.

---

[4] As for *Russell* specifically, the Court notes that case is factually distinct from the case at hand and is thus not applicable. *See Russell*, 893 F.2d at 1038 (reversing a district court's dismissal of a habeas petition where the state of Washington argued two opposite positions regarding the procedural propriety of petitioner's petition). Moreover, subsequent Ninth Circuit decisions have also read *Russell* to apply to the situation where a court is deciding to dismiss a complaint with or without leave to amend. *See Travelers*, 650 Fed. Appx. at 518.

**B.** **The Sufficiency of Allegations Relating to Oral Assignment**

Defendants next argue Plaintiffs' claims for trademark infringement and false designation of origin fail because the FAC fails to allege facts sufficient to establish an oral assignment of the common law marks from SKU LLC to Cohen. [Dkt. 118 at 12]. Plaintiffs in turn argue the FAC sufficiently establishes ownership of the common law marks because of the assignment and immediate licensing back of the marks from SKU LLC to Cohen. [Dkt. 116 at 4 (relying on *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992))]. For the reasons set forth below, Plaintiffs' argument fails, and the Court **GRANTS** the Motion as to Plaintiffs' first and second claim.

The Lanham Act "prohibits false representations about the origin of source or manufacture of goods through the use of another's trade name or trademark, either registered or unregistered." *SMC Promotions, Inc. v. SMC Promotions*, 355 F. Supp. 2d 1127, 1133 (C.D. Cal. 2005). "For unregistered marks, a false designation of origin claim is recognized as the equivalent of a claim for trademark infringement." *Bungie, Inc. v. Aimjunkies.com*, No. 21-811 TSZ, 2022 WL 1239906, at *3 (W.D. Wash. Apr. 27, 2022) (citing *SMC*, 355 F. Supp. 2d at 1133). The elements of a trademark infringement claim and a false designation of origin claim are the same, and thus courts evaluate such claims together. *Scott and Addison, LLC v. Pinkblush.com*, No. 8:20-cv-01160-SB-DFM, 2021 WL 3579413, at *1 (C.D. Cal. Apr. 5, 2021). To state a trademark infringement claim and a false designation of origin claim, the Plaintiffs must allege facts sufficient to show "(1) a protected interest (e.g., a trademark) and (2) the use of that protected interest by the party accused of infringing on the trademark is likely to cause consumer confusion." *Golden Eye Media, USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145, 1220 (S.D. Cal. 2021) (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985)).

While an assignment of a federally registered trademark must be in writing to be valid, common law trademark rights can be assigned orally. *Sarieddine v. Alien Visions E-Juice, Inc.*, No. 18-cv-3658 PA (MAAx), 2019 WL 1966661, at *6 (C.D. Cal. Apr. 12, 2019) (citations omitted); *see also* Thomas McCarthy, 2 *McCarthy on Trademarks and Unfair Competition* §18:4 (5th ed. 2023). Conclusory allegations of oral assignments are insufficient to survive a motion to dismiss. *See Breaking Code Silence v. Papciak*, No. 21-cv-00918-BAS-DEB, 2022 WL 432544, at *5 (S.D. Cal. Feb. 11, 2022).

Here, the FAC summarily states "SKU Diamond Jewelry LLC assigned its common law rights in the SKU marks to Orit[.]" [Dkt. 116 at 4]. The Court finds the above allegation to be a legal conclusion lacking sufficient factual support, and as such the Court need not credit the allegation. *See Breaking,* 2022 WL 432544, at *5; *Papasan*, 478 U.S. at 286. Because Plaintiffs fail to adequately plead assignment of the common law rights to Cohen, the Court finds Plaintiffs fail to show a protected interest sufficient to state claims for infringement or false designation of origin. *Golden Eye*, 525 F. Supp. 3d at 1220. As such, the Court **DISMISSES** Plaintiffs' trademark related claims. *Breaking*, 2022 WL 432544, at *5 (dismissing the "trademark related federal claims" where the complaint failed to allege information like who transferred the rights or the date of the assignment).[5]

---

[5] When an assignment of a trademark is invalid, all rights remain with the assignor. McCarthy, *supra,* § 18:2. Thus, because the FAC fails to adequately plead the assignment to Cohen, the Court finds, as currently plead, the rights to the SKU marks remain with SKU LLC, the assignor, by virtue of the separation agreement. *Id*. However, the FAC fails to provide the Court an adequate basis from which it could rule on SKU LLC's trademark infringement claims, if any are alleged, because the FAC fails to identify exactly which entity is bringing certain claims and under what theory of trademark ownership. [Dkt. 116 at 10 (alleging "Plaintiffs own all rights … in and to the 'SKU marks" while also alleging "Plaintiff has been harmed by Defendants' actions[]")]. As such, to the

Plaintiffs' arguments to the contrary fail because Plaintiffs' arguments conflate statements of black letter of law with statements regarding the sufficiency of pleadings. [Dkt. 119 at 12]. For example, Plaintiffs cite *Taylor v. Thomas,* 624 Fed. Appx. 322, 326 (6th Cir. 2015), and *Baskim Holdings, Inc. v. Two M, Inc.,* No. 2:16-cv-01898-APG-GWF, 2018 WL 1367354, at *2 (D. Nev. Mar. 16, 2018), for the proposition that common law trademarks can be assigned orally. [Dkt. 119 at 12]. However, upon closer inspection, the cited portions of those cases merely establish common law trademark rights can be assigned orally, *not* that Plaintiffs' allegations are sufficient to allege an oral assignment. *See Baskim*, 2018 WL 1367354, at 2 (noting, *as a matter of law*, common law trademarks are orally assignable); *see also Taylor*, 624 Fed. Appx. at 326 (discussing the sufficiency of evidence relating to an implied assignment).[6] *Id.* Thus, Plaintiffs' arguments are unavailing.

### C. Plaintiffs' Third Cause of Action

Defendants next argue Plaintiffs' third cause of action should be dismissed as unripe. [Dkt. 118 at 18]. Plaintiffs argue the claim is ripe because

---

extent the FAC can be read to state infringement claims on behalf of SKU LLC and Cohen, the Court dismisses SKU LLC's claims as well. *See Washington v. City of Gendale Police Dep't*, No. 2:18-cv-06519-CBM (MMA), 2019 WL 13243998, at *1 (C.D. Cal. Apr. 19, 2019) (noting "a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8."); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 647 F.d 1047, 1058–59 (9th Cir. 2011). Any subsequent amendment of this pleading should adequately plead who owns the rights to the SKU marks and who is suing for the alleged infringement.

[6] Plaintiffs' reliance on *E. & J. Gallo Winery*, 967 F.2d at 1290, suffers from a similar defect. [Dkt. 119 at 12]. The fact that the Ninth Circuit found the "assignment/license-back" two-step to be a valid means of assignment of trademark rights fails to establish the allegations within the FAC are sufficient to meet the plausibility standard of a motion to dismiss.

-8-

Suleminian's deposition establishes her registration efforts of the SKU marks are ongoing. [Dkt. 119 at 21–22].

Under the Declaratory Judgment Act, a court may "declare the rights and other legal relations" of an interested party so long as the claim presents a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act creates a remedy, not an independent cause of action, for litigants. *Neerman v. Cates*, No. 22-2751 PA (PVCx), 2022 WL 18278377, at *6 (C.D. Cal. Dec. 28, 2022) (citing *Muhammad v. Berreth*, No. 12-cv-02407 CRB, 2012 WL 4838427, at *5 (N.D. Cal. Oct. 10, 2012)); *see also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Where plaintiffs cannot state any underlying cause of action, courts routinely find plaintiffs lack a basis for declaratory relief and dismiss the plaintiffs' claims under the Declaratory Judgment Act. *Neerman*, 2022 WL 18278377, at *6; *City of Reno*, 52 F.4th at 879; *Am. Video Duplicating, Inc. v. City Nat'l Bank*, No. 2:20-cv-04036-JFW-JPR, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020).

As such, because Plaintiffs fail to viably state the trademark infringement claims against Defendants, the Court finds Plaintiffs lack a basis for declaratory relief. *Neerman*, 2022 WL 18278377, at *6. As such, the Court **DISMISSES** this claim without prejudice.[7]

---

[7] The Court also notes that Plaintiffs' declaratory judgment claim is dismissible because Plaintiffs fail to adequately plead a ripe case or controversy. In their Opposition, Plaintiffs rely on facts *outside* of the FAC to show that their claim is ripe. [Dkt. 119 at 21 (citing Dkt. 86-1, a deposition transcript, and the Motion). Generally, when ruling on a 12(b)(6) motion, a court's review is limited to the facts stated within the pleading. *Lee v. City of L.A.*, 250 F.3d 668, 668 (9th Cir. 2001). Here, because Plaintiffs only rely on facts outside of the operative pleadings to establish a ripe case or controversy, Plaintiffs fail to establish a ripe case or controversy that would warrant declaratory relief. *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1000, 1104–05 (C.D. Cal. 2008).

### D. Cybersquatting

Plaintiffs allege in their Opposition the FAC also states a claim for cybersquatting under 15 U.S.C. § 1125(d)(1)(A). [Dkt. 119 at 13]. Defendants claim the Plaintiffs' FAC fails to state such a claim as it is inadequately plead. [Dkt. 120 at 3–4].

As the familiar maxim now goes: "[J]udges are not like pigs, hunting for truffles in [the Parties'] briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting U.*S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Moreover, the Parties here are not *pro se*, and as such the Court will not construe the pleadings liberally to give Plaintiffs the benefit of the doubt. The mandate of Federal Rule of Civil Procedure 8 ("Rule 8") is clear. A pleading must contain a "short and plain statement of the claim." Fed. R. Civ. Proc. 8(a). Here, the FAC mentions cybersquatting exactly twice: once in the factual section of the FAC and once in the prayer for relief. [Dkt. 116 at 15, 9]. Such limited identification of a claim fails to meet the requirements of Rule 8. *See Bell Atl.*, 550 U.S. at 555. As such, to the extent the FAC can be read to state a claim for cybersquatting under 15 U.S.C. § 1125(d)(1)(A), any such claim is **DISMISSED**.

### E. Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). Moreover, leave to amend should be denied where a party "cannot amend pleadings to 'directly contradict[t] an earlier assertion made in the same proceeding.'" *Airs*, 744 F.3d 595, 600 (quoting *Russell*, 893 F.2d at 1037).

Given the tenor of the proceedings so far, the Court finds it relevant to explain exactly why amendment should be granted in this case. To do so, the Court must delve into the complex procedural history of this case.

On October 29, 2021, Plaintiffs filed their initial complaint. [Dkt. 1]. Plaintiffs' initial complaint plead claims arising out of the existence of federally registered trademarks and made no mention of common law trademark rights. [*Id.* at 2]. Rather than file a motion to dismiss, Defendants elected to answer and file counterclaims on December 28, 2021. [Dkt. 15]. Almost one year later, the Parties stipulated to allow Plaintiffs to file their first amended complaint on October 25, 2022. [Dkt. 46]. Like the initial complaint, the Plaintiffs asserted claims arising out of federally registered trademarks in the first amended complaint. [Dkt. 48 at 5–6].

On March 15, 2023, the Court found Plaintiffs failed to establish ownership of a federally registered trademark and dismissed the first amended complaint with leave to amend. [Dkt. 60 at 9]. On March 28, 2023, Plaintiffs filed their second amended complaint alleging, for the first time, claims arising out of the rights to the common law SKU trademarks. [Dkt. 61 at 9]. The Court dismissed Orit Cohen's claims in the second amended complaint with prejudice on July 3, 2023. [Dkt. 71]. As the Court discussed previously, the dismissal with prejudice of Orit Cohen's claims in the second amended complaint "should have been only as to Cohen's claims relating to the registered trademarks." [Dkt. 85 at 4]. Recognizing its mistake, the Court ordered SKU LLC, then the only remaining plaintiff, to file a fourth amended complaint limited to claims relating to the common law marks. [Dkt. 98 at 6]. The Court also granted SKU LLC leave to bring back Orit Cohen as a plaintiff. *Id*. SKU LLC did so on December 1, 2023, via the fourth amended complaint. [Dkt. 109]. By stipulation, the Parties agreed to allow Plaintiffs to file the FAC on December 22, 2023. [Dkt. 114].

As evidenced above, by virtue of the Parties' stipulations and the Court's order striking the third motion to dismiss, Plaintiffs have only had one opportunity to properly amend their complaint as to the common law trademark

claims. [Dkt. 98; Dkt. 114]. Given Plaintiffs' FAC fails for the inadequate pleading of the assignment of the common law rights and failure to comply with Rule 8, the Court cannot say that subsequent amendment is futile as greater factual details could remedy this deficiency. As such, the Court **GRANTS** Plaintiffs leave to amend.[8] *Watison*, 668 F.3d at 1117.[9]

## IV. CONCLUSION

In accordance with the opinion above, the Court **GRANTS** Defendants' Motion. [Dkt. 118]. In filing a subsequent amended complaint, Plaintiffs are directed to include as an exhibit a redlined version of the amended complaint reflecting all changes made. Failure to do so may result in dismissal of this action or other appropriate sanctions. Any subsequent amended pleading will be **due no later** than **April 1, 2024**.

**IT IS SO ORDERED**.

Dated: March 18, 2024

SUNSHINE S. SYKES
U.S. DISTRICT JUDGE

---

[8] While the Court grants leave to amend, the Court emphasizes that failure to adequately plead the underlying claims in a subsequent amended complaint likely will result in a dismissal with prejudice given this case's lengthy procedural history.

[9] The Court further finds that Plaintiffs can allege facts that are not contradictory to those alleged in the FAC by merely bolstering the FAC with greater details regarding the assignment. As such, the Court's leave to amend does not run afoul of *Reddy*. *Reddy*, 912 F.2d 296–97