David P. Beitchman (SBN 198953)
dbeitchman@bzlegal.com
Andre Boniadi (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 Ventura Blvd., Suite 570
Encino, California 91436
Telephone: (818) 986-9100
Facsimile: (818) 986-9119

Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
Kirstin A. Jensvold-Rumage (SBN 345916)
kirstin@milordlaw.com
**MILORD LAW GROUP P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorneys for Shirley Suleminian,
SKU Jewelry Company, and
Kaylee and Rose, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN COHEN, an individual; ORIT COHEN, an individual; and SKU DIAMOND JEWELRY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:21-CV-08597-SSS-ASx<br><br>Hon. Sunshine S. Sykes<br><br>**DEFENDANTS SHIRLEY SULEMINIAN, SKU JEWELRY COMPANY, KAYLEE AND ROSE'S RESPONSE TO THE COURT'S JULY 24, 2024, ORDER TO SHOW CAUSE [DKT. 142]** |

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

---

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

# Table of Contents

Table of Authorities ........................................................................................................2

Page(s)........................................................................................................................2

I.     Introduction .........................................................................................................4

II.    Relevant Factual Background.............................................................................6

III.   Argument .............................................................................................................7

       A.    Under Rule 25(c), SDJL is a Successor in Interest ...............................7

       B.    The Counterclaim is Not Moot Because the Claims Are Still Active
             Controversies that May Proceed Independent of Plaintiffs' Claims..............8

             1.    The Court has Jurisdiction over the Counterclaims Independent of
                   Plaintiffs Dismissed Claims Pursuant to 28 U.S.C. § 1331 and 1367.8

             2.    The Counterclaims Survive Dismissal of the Sixth Amended
                   Complaint Because the Issues Presented Are Active Cases or
                   Controversies ................................................................................9

             3.    Because the Counterclaims are Independently Actionable Claims,
                   Orit and Ronen are Still Parties to This Lawsuit ..............................11

       C.    The Counterclaims are Compulsory Because All Four Causes of Action
             Arise from the Separation Agreement and SKU mark, Which Formed the
             Basis of Plaintiffs' Claims ..........................................................................12

             1.    Even if the Court finds that the Counterclaims are not Compulsory,
                   they are So Related that Judicial Economy Would be Served by
                   Allowing the Counterclaim to Proceed.............................................13

       D.    The Court Should Permit Amendment to the Counterclaims and Allow
             SKU Parties to Add SDJL as a Third-Party Defendant ..............................14

       E.    Dismissal of SKU Parties' Claims Would Result in Substantial Prejudice,
             Including Lost Value Invested in the Instant Case ......................................15

IV.    Conclusion..........................................................................................................17

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

# Table of Authorities

Page(s)

## Cases

*Castaline v. Aaron Mueller Arts*,
   No. C 09-02543 CRB, 2010 WL 583944 (N.D. Cal. Feb. 16, 2010) ..........................10

*Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*,
   638 F.2d 1362 (5th Cir.1981) .......................................................................8

*Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*,
   126 F.2d 172 (6th Cir.1942) .......................................................................10

*Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*,
   766 F. Supp. 2d 1122 at n.3 (W.D. Wash. 2011) .............................................11

*Halm Instrument Co. v. Sigma Eng'g Serv., Inc.*,
   42 F.R.D. 416 (W.D. Pa. 1967) ..............................................................11, 14

*Hamilton v. Firestone Tire & Rubber Co.*,
   679 F.2d 143 (9th Cir. 1982) .....................................................................12

*Hann v. Venetian Blind Corp.*,
   15 F. Supp. 372 (S.D. Cal. 1936).................................................................11

*Heifei Morningstar Healthmate Fitness Co. v. Joy Home USA Int'l Co.*,
   No. CV224773FMOMARX, 2023 WL 5206813 (C.D. Cal. June 12, 2023)...............14

*In re Bernal*,
   207 F.3d 595 (9th Cir. 2000) ....................................................................4, 7

*Lens.com, Inc. v. 1-800 CONTACTS, Inc.*,
   Case No. 2:11–cv–00918, 2012 WL 1155470 (D. Nev. Apr. 4, 2012) .......................13

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ....................................................................14

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) .....................................................................14

*Owner–Operator Indep. Drivers Ass'n v. United Van Lines, Inc.*,
   No. 4:06–CV–219 (JCH), 2007 WL 1223463 (E.D. Mo. Apr. 24, 2007)....................16

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
   247 F. Supp. 3d 76 (D.D.C. 2017).................................................................7

*Palmer v. Hospital Auth.*,
   22 F.3d 1559 (11th Cir. 1994) .....................................................................8

*Parker v. Scrap Metal Processors, Inc.*,
   468 F.3d 733 (11th Cir. 2006) ...................................................................13

*Pochiro v. Prudential Ins. Co. of Am.*,
   827 F.2d 1246 (9th Cir. 1987) ...................................................................12

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed.Cir.2008) ...................................................................10
*Righthaven LLC v. Choudhry*,
    No. 2:10-CV-2155 JCM PAL, 2011 WL 1743839 (D. Nev. May 3, 2011)................10
*San Miguel Pure Foods Co. v. Ramar Int'l Corp.*,
    No. CV1109747RGKFMOX, 2012 WL 13227045 (C.D. Cal. Nov. 27, 2012).......5, 15
*Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*,
    No. SACV-15-00246-CJC-JPRX, 2018 WL 1896310 (C.D. Cal. Mar. 28, 2018) ........8
*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966)...................................................................................13

Statutes

15 U.S.C. 1125(a) ...............................................................................................4
15 U.S.C. § 1119.............................................................................................8, 10
28 U.S.C. 1367 ...................................................................................................8
28 U.S.C. 1367(c) ...............................................................................................9
28 U.S.C. § 1331 ...........................................................................................1, 8
28 U.S.C. § 2201 .................................................................................................9
Article III of the United States Constitution ..............................................................13
Cal. Civ. Proc. Code § 337 ...............................................................................5, 15
Cal. Civ. Proc. Code § 338(d)............................................................................5, 15

Rules

Rule 13(a)........................................................................................................12
Fed. R. Civ. P. 13 .............................................................................................12
Fed. R. Civ. P. 15(a)(1) ......................................................................................14
Fed. R. Civ. P. 41(a)(2) ........................................................................................9
Fed. R. Civ. P. 25(c) ...................................................................................3, 4, 7, 9
Federal Rule of Civil Procedure 83 .........................................................................5

Other Authorities

6 Fed. Prac. & Proc. Civ. § 1414 (3d ed.)................................................................12
6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)................................................................14
7C Fed. Prac. & Proc. Civ. § 1958 ..........................................................................7
Local Rule 37-1..................................................................................................15
Local Rule 83-1.2.2.......................................................................................5, 13
Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2B-6(c)(2)(b) ......................13

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

## I.   Introduction

The Court ordered Defendants Shirley Suleminian, SKU Jewelry Company, and KayLee and Rose, Inc. (collectively, "SKU Parties") to show cause why the Counterclaims should not be dismissed as moot.  Dkt. 142.  The simple answer is that Orit and Ronen are still parties to this lawsuit as Counterclaim Defendants and all Counterclaims are still active controversies.  Moreover, Under Federal Rule of Civil Procedure 25(c), SKU Diamond Jewelry, LLC ("SDJL") need not be a named Counterclaim-Defendant because it is the "successor in interest" to Orit and Ronen's claims of ownership of the SKU Marks and SKU Parties' Counterclaims.  Fed. R. Civ. P. 25(c); *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) ("The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named.").  Thus, the Court must allow SKU Parties to continue prosecuting their claims for declaratory judgment of non-infringement/invalidity, cancellation of trademark registration, breach of the Separation Agreement and related false promises.

Despite this Court's finding that the USPTO registrations for both "SKU JEWELRY" and "SKU DIAMONDS" were void *ab initio* (Dkt. 60), ***Orit and Ronen's trademarks remain live and registered by the USPTO.***  *See* Request for Judicial Notice ("RFJN") Ex. A-B.  Thus, Counterclaim 1 is still an active controversy because Plaintiffs' claims, and dismissal thereof, did not address the core issue of trademark ownership, and Plaintiffs continue to assert ownership of the SKU Mark.  Counterclaims 2 through 4 remain active because SKU Parties have suffered and continue to suffer from the fraudulent USPTO registrations and breach of the Separation Agreement, which did not permit Orit and Ronen's registration or exclusive use of any SKU Mark, and promised division of inventory and monetary payments, which were never paid by Orit, Ronen, or SDJL.

Additionally, the Court should allow SKU Parties to amend their counterclaims—which has been repeatedly delayed by Plaintiffs' six amended claims to fruitlessly

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

-4-

fabricate a claim.  Because of Plaintiffs' failed pleadings, SKU Parties have not had an opportunity to answer and, consequently, amend their Counterclaims to add new claims and claims against new party SDJL.  This amendment is necessary to resolve SKU Parties' rights in the SKU Mark, for which SKU Parties must bring a cause of action for 15 U.S.C. 1125(a) trademark infringement and Section 1120 for fraudulent registration by Orit and Ronen.  Moreover, amendment will allow filing of a third-party complaint against the now-dismissed party, SDJL.  A copy of the proposed First Amended Counterclaims is attached to this filing.  *See* Declaration of Milord A. Keshishian, Ex. A.

If the Court dismisses SKU Parties' Counterclaims and declines amendment thereto, substantial prejudice will result.  Because of Plaintiffs' years of failed pleading, the statute of limitations has run on all Counterclaims.  *See* Cal. Civ. Proc. Code § 337 (four-year statute of limitations for breach of contract); Cal. Civ. Proc. Code § 338(d) (three-year statute of limitations for false promise); *San Miguel Pure Foods Co. v. Ramar Int'l Corp.*, No. CV1109747RGKFMOX, 2012 WL 13227045, at *10 (C.D. Cal. Nov. 27, 2012) (four-year laches limitation on damages for Lanham Act claims and related declaratory relief claims).  Accordingly, SKU Parties are unable to refile their claims.

Allowing the claims to proceed is also the most judicially efficient path.  If SKU Parties' claims are dismissed, SKU Parties will be forced to re-file their claims with a Notice of Related Case pursuant to Federal Rule of Civil Procedure 83 and Local Rule 83-1, which will be assigned to this Court.  L.R. 83-1.2.2 ("Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned.").

Accordingly, SKU Parties respectfully request that the Court permit their Counterclaims to proceed, permit amendment thereto and a third-party complaint against

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

SDJL.

## II. Relevant Factual Background

This litigation emanates from the formation of SDJL and subsequent "SKU Diamonds LLC Partners Resolution and Separation Contract and Agreement" ("Separation Agreement").  On October 29, 2021, Plaintiffs fabricated this litigation in response to Danny's state court lawsuits to unfairly compete with SKU Parties and fraudulently claim ownership of the SKU trademark by arguing that the Separation Agreement assigned the mark to Plaintiff Orit Cohen.  On December 8, 2021, Shirley Suleminian[1] filed her answer to the Complaint and Counterclaims for (1) declaratory judgment of non-infringement, (2) cancellation of trademark registration pursuant to 15 U.S.C. § 1119, (3) breach of contract, and (4) promise without intent to perform ("false promise") against then-plaintiffs Orit and Ronen Cohen.  Dkt. 12.

Between October 27, 2022, and July 27, 2024, the Court dismissed or permitted amendment to Plaintiffs' claims seven times.  *See* Dkt. 47, 60, 71, 82, 98, 117, 141.  To coincide with their ever-changing, fabricated pleadings of ownership of the SKU Mark, Plaintiffs removed and added parties four times: from only Orit and Ronen being parties to the suit (Dkt. 1, Complaint and 48, First Amended Complaint), to Orit and SDJL (Dkt. 61, Second Amended Complaint), to SDJL only (Dkt. 83, Third Amended Complaint), to Orit and SDJL again (Dkt. 109, Fourth Amended Complaint and Dkt. 116, Fifth Amended Complaint), back to SDJL only (Dkt. 129, Sixth Amended Complaint).

Because of the constant dismissals, amendments, and rotating Plaintiffs, SKU Parties have not answered *any* of the implausible amended complaints nor amended their counterclaims to address the modified pleadings and file claims against new party SDJL.

The Court's recent order dismissing Plaintiff SDJL's claim of trademark infringement with prejudice does not resolve the question of true ownership of the SKU

---

[1] SKU Jewelry Company and KayLee and Rose, Inc. were added to this lawsuit in by rotating plaintiffs' numerous amended complaints.  *See* Dkt. 48.

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

Mark.  *See* Dkt. 141.  As emphasized in each motion since present trademark counsel was retained, **SKU Jewelry Company ("SKU Jewelry") is the owner of the SKU Mark**.  *See* Dkt. 62, Motion to Dismiss SAC at 2-3 ("Suleminian coined and began using the SKU mark in 2009 on jewelry as an employee of her husband's company, Silver International, for which a trademark application was filed and registered…. On January 10, 2019, Silver International executed a trademark assignment agreement transferring all rights to the SKU mark and the goodwill associated therewith to Suleminian's solely owned SKU Jewelry."); Dkt. 51-1, First RFJN Ex. 5 (assignment of SKU Mark from Kohan & Suleminian Enterprises Inc. d/b/a/ Silver International to SKU Jewelry Company).  Since 2019, SKU Jewelry has continuously used the SKU Mark and has filed an application with the USPTO for "SKU."  RFJN Ex. C.

Plaintiffs' fabricated claims of trademark ownership aside, SKU Parties' Counterclaims, cancelation of void *ab initio* registrations, and ownership of the SKU Mark are unresolved issues.  Thus, the Court should permit SKU Parties' Counterclaims to proceed and allow SKU Parties to file an amended Counterclaim and add SDJL as a third-party defendant.

## III.   Argument

### A.   Under Rule 25(c), SDJL is a Successor in Interest

Dismissal of Plaintiff SDJL's claims with prejudice does not divest the Court of jurisdiction over the pending counterclaims against Orit and Ronen who claimed ownership of the SKU mark when they were countersued. Fed. R. Civ. P. 25(c) ("If an interest is transferred, ***the action may be continued by or against the original party*** unless the court, on motion, orders the transferee to be substituted" or the relevant Plaintiff elects to join the interested party) (emphasis added); 7C Fed. Prac. & Proc. Civ. § 1958 Transfer of Interest in Action (3d ed.) ("The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named."). Orit and Ronen's musical chair of trademark

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

ownership to fabricate claims does not absolve them or their successor in interest—SDJL—of liability on the pending Counterclaims.  *See, e.g., Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 90 (D.D.C. 2017) (allowing the counterclaims to proceed against the new trademark owner, a non-party, under Rule 25(c), finding "that substituting the owner of the relevant marks as the sole Plaintiff will best facilitate any ongoing litigation.").

The essence of Rule 25(c) is not to add new parties, but to allow for a litigation to proceed efficiently even if interests change from pleading to pleading.  *In re Bernal*, 207 F.3d at 598 ("Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.") (citing *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir.1981)).

Accordingly, because SDJL is a successor in interest to Ronen and Orit Cohen, it is an interested party to the Counterclaims and will be bound by the ultimate judgment thereon.  Because all Counterclaims are live disputes, the Court should allow the Counterclaims to proceed against Ronen and Orit, as well as SDJL as an interested party.

## B.   The Counterclaim is Not Moot Because the Claims Are Still Active Controversies that May Proceed Independent of Plaintiffs' Claims

### 1.   The Court has Jurisdiction over the Counterclaims Independent of Plaintiffs Dismissed Claims Pursuant to 28 U.S.C. § 1331 and 1367

This Court has jurisdiction over the Counterclaims because the court has original jurisdiction over the First and Second Causes of Action (Lanham Act declaratory judgment, cancellation of registration under 15 U.S.C. § 1119) under 28 U.S.C. § 1331, federal question, and supplemental jurisdiction over the Third and Fourth Causes of Action (breach of contract, false promise) pursuant to 28 U.S.C. 1367.  Exclusion of SDJL does not affect supplemental jurisdiction because "supplemental jurisdiction shall

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

include claims that involve the joinder or intervention of additional parties." 28 U.S.C. 1367(a).

The cancellation of the "SKU JEWELRY" registration and the breach of contract and false promise claims are related because both involve the same parties, emanate from the same Separation Agreement, and have overlapping facts and evidence. *See Palmer v. Hospital Auth.*, 22 F.3d 1559, 1566 (11th Cir. 1994) ("While all the elements of the federal and state claims are certainly not identical, and in some cases are quite different, each claim involves the same facts, occurrences, witnesses, and evidence. This commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)."); *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, No. SACV-15-00246-CJC-JPRX, 2018 WL 1896310, at *4 (C.D. Cal. Mar. 28, 2018) (dismissing plaintiff's complaint only because defendant's counterclaim could "remain pending for independent adjudication.") (citing Fed. R. Civ. P. 41(a)(2)). The claims of breach of contract and false promise are not novel or complex, are secondary to the federal claim, and there are no other compelling reasons for declining jurisdiction. *See* 28 U.S.C. 1367(c).

Accordingly, SKU Parties' claims may proceed against Orit and Ronen, including under Rule 25(c).

### 2. The Counterclaims Survive Dismissal of the Sixth Amended Complaint Because the Issues Presented Are Active Cases or Controversies

All of SKU Parties' Counterclaims are still active controversies as, detailed below, and the Court should not dismiss the case and allow the case to proceed now that Orit's and Ronen's fabricated claims are dismissed with prejudice.

*First Cause of Action: Declaratory Relief*

Distinctly absent from Plaintiffs' claims is the Court's determination of the invalidity of Plaintiffs' trademarks. Thus, SKU Parties' First Counterclaim for declaratory judgment is still a justiciable controversy because Ronen's and Orit's fraudulent USPTO registrations of "SKU JEWELRY" and "SKU DIAMONDS," remain

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

valid on the USPTO's register.  The harm caused by continued registration of these marks poses a real threat to SKU Parties' ownership of the mark and use of the mark. For instance, Plaintiffs may use their registrations as a weapon to suspend SKU Parties' social media accounts, take possession of SKU Jewelry Company's website, sku.jewelry, or otherwise interfere with business relations.  Accordingly, there is an active "controversy."

The Declaratory Judgment Act provides: "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201. "[A] case or controversy must be based on a real and immediate injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm."  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed.Cir.2008).  Because of Plaintiffs' fraudulent registrations of "SKU JEWELRY" and "SKU DIAMONDS," there is a real and immediate threat to SKU Parties' use and ownership of the SKU Mark caused by Plaintiffs.

Because Plaintiffs' claims did not include a claim for declaratory judgment of *ownership* of the SKU Mark, SKU Parties' Counterclaim of non-infringement is still a live issue.  *See Righthaven LLC v. Choudhry*, No. 2:10-CV-2155 JCM PAL, 2011 WL 1743839, at \*6 (D. Nev. May 3, 2011) (declining to dismiss declaratory judgment of non-infringement counterclaim, reasoning "dismissal of the complaint with prejudice is no substitute for adjudication of the declaratory relief counterclaim"); *Castaline v. Aaron Mueller Arts*, No. C 09-02543 CRB, 2010 WL 583944, at \*5 (N.D. Cal. Feb. 16, 2010) ("[B]ecause a plaintiff alleging patent or trademark infringement may terminate the litigation, and leave the issue of patent or trademark validity unresolved, for the sake of 'avoidance of multiplicity of actions,' such counterclaims [for declaratory judgment of non-infringement and validity] should not be dismissed.") (citing *Dominion Elec.*

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

-10-

*Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir.1942)).

Accordingly, the First Cause of Action for Declaratory Judgment is an active controversy and is not moot.

### Second Cause of Action: 15 U.S.C. § 1119 Cancellation of Trademark Registration

The Second Cause of Action for Cancellation of the "SKU JEWELRY" is not moot because the mark remains registered on the Principal Register of the USPTO despite this Court's dismissal of Plaintiffs' claims, and finding that the USPTO registrations for both "SKU JEWELRY" and "SKU DIAMONDS" were void *ab initio*. Dkt. 60; RFJN Ex. A-B.  Accordingly, SKU Parties must continue to seek cancellation of both "SKU JEWELRY" as well as "SKU DIAMONDS," as detailed in the Proposed Amended Counterclaims.  Keshishian Decl. Ex. B.

### Third Cause of Action: Breach of the Separation Agreement

The Third Cause of Action for Breach of Contract is a live controversy because Plaintiffs refused to properly compensate Counterclaim Plaintiff Shirley Suleminian for the sale of her portion of SDJL to Orit in 2020, fraudulently filed federal trademark registrations for the SKU Mark, and otherwise failed to perform under the terms of the contract.  Accordingly, the Third Cause of Action for Breach of Contract is an active controversy and is not moot.

### Fourth Cause of Action: False Promise

The Fourth Cause of Action for Promise Without Intent to Perform ("False Promise") is a live controversy because Plaintiffs have not compensated SKU Parties for, or this Court otherwise addressed, the damages caused by Plaintiffs' false promises. Accordingly, the Fourth Cause of Action for False Promise is an active controversy and is not moot.

### 3. Because the Counterclaims are Independently Actionable Claims, Orit and Ronen are Still Parties to This Lawsuit

Plaintiffs' claims and SKU Parties' Counterclaims are separate and distinct

MILORD LAW GROUP P.C.
333 S. Hope Street, #4025
Los Angeles, CA 90071
(310) 226-7878

-11-

pleadings, thus, the Counterclaims persist as an independent document as long as the Court has jurisdiction.  Because SKU Parties' Counterclaims can remain pending for independent adjudication, both Orit and Ronen Cohen remain parties to this lawsuit via the Counterclaims.  *Hann v. Venetian Blind Corp.*, 15 F. Supp. 372, 377 (S.D. Cal. 1936) ("This assertion of a right of action in the defendant is of the very essence of a counterclaim.  By it, the defendant becomes an actor in the suit.  And thus each party is at once a plaintiff and defendant."); *Halm Instrument Co. v. Sigma Eng'g Serv., Inc.*, 42 F.R.D. 416, 421 (W.D. Pa. 1967) (dismissing plaintiff's complaint and allowing amendment to defendant's counterclaim, noting that the counterclaim "remains alive"); *Experience Hendrix, L.L.C. v. HendrixLicensing.com, LTD*, 766 F. Supp. 2d 1122 at n.3 (W.D. Wash. 2011) (defendant's counterclaims remained active after defendant was dismissed from the complaint).

Thus, despite their dismissal, both Orit and Ronen Cohen are still parties to this lawsuit as Counterclaim Defendants, and all Counterclaims are live controversies.  Moreover, because all Counterclaims are compulsory under Rule 13, they must be allowed to proceed.

### C.    The Counterclaims are Compulsory Because All Four Causes of Action Arise from the Separation Agreement and SKU mark, Which Formed the Basis of Plaintiffs' Claims

SKU Parties' Counterclaims are compulsory because they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a)(1).  All four Counterclaims and Plaintiffs' claims arise out of the Separation Agreement.  Plaintiffs erroneously claimed that the Separation Agreement granted them rights in the SKU Mark.  The Counterclaims concern the harm caused by Plaintiffs fraudulent claim of ownership of the SKU Mark via the Separation Agreement, resulting fraudulent trademark registrations (which were not permitted under the Separation Agreement), resulting trademark infringement, and breach of the Separation Agreement and related false promises of performance.

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

Under Rule 13(a), a court must consider whether "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982) ("Where there is federal jurisdiction over plaintiff's claim the court may retain and adjudicate a compulsory counterclaim under Fed. R. Civ. P. 13 of which it would not otherwise have had jurisdiction, notwithstanding that plaintiff had voluntarily dismissed his complaint.") (citation omitted); 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed.) (where a counterclaim is compulsory "the court can adjudicate the counterclaim if plaintiff's claim is defeated on the merits or is dismissed for failure to state a claim upon which relief can be granted.").

Dismissal of Plaintiffs' claims aside, the Counterclaims are compulsory counterclaims over which this Court has jurisdiction.

### 1.  Even if the Court finds that the Counterclaims are not Compulsory, they are So Related that Judicial Economy Would be Served by Allowing the Counterclaim to Proceed

Even if SKU Parties' Counterclaims are permissive, this Court can and should exercise supplemental jurisdiction over the claims.  Plaintiffs' claims and SKU Parties' Counterclaims form "part of the same case or controversy under Article III of the United States Constitution" because the claims all derive from a "common nucleus of operative fact" such that they would ordinarily be expected to be tried in one proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); 6. [2:825] Supplemental Jurisdiction:, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2B-6(c)(2)(b) ("[A] number of cases now uphold supplemental jurisdiction where the permissive counterclaim bears some factual relationship to the complaint.").  Because Plaintiffs' claims and all Counterclaims emanate from the same Separation Agreement and SKU mark, the Counterclaims still form part of the same case or controversy such that trying

MILORD LAW GROUP P.C.
333 S. Hope Street, #025
Los Angeles, CA 90071
(310) 226-7878

-13-

all claims together is both logical and an efficient use of judicial resources.

Finally, if the Court determines that SKU Parties' Counterclaims are not compulsory and/or dismisses the Counterclaims, SKU Parties will be forced to refile and designate it as a Related Case under L.R. 83-1.2.2 to this same Court. For the sake of judicial efficiency and the avoidance of duplicative litigation, the Court should allow the Counterclaims to proceed without this unnecessary re-filing. *See Lens.com, Inc. v. 1-800 CONTACTS, Inc.*, Case No. 2:11–cv–00918, 2012 WL 1155470, at *3 (D. Nev. Apr. 4, 2012) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pretrial proceedings and discovery and avoids duplicative litigation and inconsistent results.").

In the interests of justice and judicial economy, the Court should allow the independent Counterclaims to proceed and permit amendment thereto.

**D.  The Court Should Permit Amendment to the Counterclaims and Allow SKU Parties to Add SDJL as a Third-Party Defendant**

The Court should permit amendment to SKU Parties' Counterclaims because, as detailed above, the Counterclaims are compulsory, remain active controversies on which the Court must rule, and amendment thereto is necessary to adjudicate fully the issues in this litigation. *Halm Instrument Co.*, 42 F.R.D. at 421 (dismissing plaintiff's complaint and allowing amendment to defendant's counterclaim, noting that the counterclaim "remains alive" because it is "logically part of the settlement defense").

Notably, the sole reason SKU Parties have not amended their counterclaims is due to Plaintiffs' continued failure to plausibly plead any claim and constant shuffling of various plaintiffs. Thus, though desired, SKU Parties were not given the opportunity to amend their Counterclaims "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1); *Heifei Morningstar Healthmate Fitness Co. v. Joy Home USA Int'l Co.*, No. CV224773FMOMARX, 2023 WL 5206813, at *1 (C.D. Cal. June 12, 2023). Moreover, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

-14-

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

1   requires that this policy favoring amendment be applied with "extreme liberality."

2   *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Morongo*

3   *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

4          Amendment of the Counterclaims to add third-party defendant SDJL is also

5   necessary because it is SDJL who is actually selling goods marked with the SKU Mark,

6   and improperly claiming ownership of, the SKU Mark.  Rule 14(a)(1) authorizes a

7   defending party to bring into a lawsuit "a nonparty who is or may be liable for all or part

8   of the claim against it."  6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.).  Thus, the Court

9   should permit SKU Parties to amend their Counterclaims.

### E.   Dismissal of SKU Parties' Claims Would Result in Substantial Prejudice, Including Lost Value Invested in the Instant Case

12         At this stage in litigation, after discovery and with multiple years of failed

13  pleading by Plaintiffs, dismissal of SKU Parties' Counterclaims would result in

14  substantial prejudice.

15         First, the statute of limitations has run on SKU Parties' claims, thus, SKU Parties

16  cannot refile and recover for the harm caused by Plaintiffs.  *See* Cal. Civ. Proc. Code §

17  337 (four-year statute of limitations for breach of contract); Cal. Civ. Proc. Code §

18  338(d) (three-year statute of limitations for false promise); *San Miguel Pure Foods Co.*,

19  2012 WL 13227045, at *10 (four-year laches limitation on damages for Lanham Act

20  claims and related declaratory relief claims).  Dismissal would thus essentially bar SKU

21  Parties from asserting their valid claims, resulting in substantial prejudice.

22         Further, SKU Parties have not shirked their duty to prosecute their claims despite

23  Plaintiffs' rotating parties, ever-changing claims, and facts that directly contradicted

24  previous pleadings (e.g., that Orit assigned her rights in SKU to SDJL though in prior

25  pleadings SDJL assigned its rights to Orit).  SKU Parties served discovery in 2022 (Orit

26  Cohen) and 2024 (SDJL), held multiple L.R. 37-1 conferences of counsel, exchanged

27  numerous emails with Plaintiffs' counsel to resolve discovery disputes, and attempted to

28  depose Orit Cohen, twice, both of which were unilaterally cancelled or refused by

-15-

Plaintiffs' counsel.  *See* Keshishian Decl. ¶¶3-4; *see also* Dkt. 132-2, Declaration of Milord A. Keshishian ISO Motion to Dismiss Sixth Amended Complaint ¶¶5-6; Dkt. 122-1, Declaration of Kirstin A. Jensvold-Rumage in Support of Defendants' *Ex Parte* Application to Continue Pre-Trial and Trial Dates by 5 Months, ¶¶ 3-5, 9-12; Dkt. 125-1, Declaration of Kirstin A. Jensvold-Rumage in Support of Defendants' Motion to Continue Pretrial and Trial Dates by 5 Months, ¶¶3-4, 9-12.  Thus, SKU Parties have invested substantial time, effort, and resources in prosecuting their claims in this matter.

Importantly, allowing the Counterclaims to proceed and permitting amendment thereto would not prejudice Plaintiffs because the delay in prosecution or amendment of the Counterclaims was a direct result of Plaintiffs' failure to plausibly plead their claims. Plaintiffs even explicitly asked SKU Parties to delay their motion to compel and deposition of Orit Cohen until after the Court had ruled on the recent motion to dismiss, and then refused to supplement their deficient discovery responses and document production likely for the same reason.  Keshishian Decl. ¶3-5.  Though not an original Counterclaim Defendant, SDJL has been a part of this lawsuit 1.5 years, is owned by Counterclaim Defendant Orit Cohen, and is, thus, well-acquainted with the issues and disputes, including the Counterclaims.  Plaintiffs have not otherwise indicated that there is any urgency to resolution of this lawsuit, thus, Plaintiffs will not be prejudiced by prosecution of the original and amended Counterclaims.

Thus, the Court's dismissal of such claims would result in substantial prejudice not only because SKU Parties claims are barred by the applicable limitations period, but SKU Parties have invested substantial effort and expense into this case which would be lost.  *See Owner–Operator Indep. Drivers Ass'n v. United Van Lines, Inc.*, No. 4:06–CV–219 (JCH), 2007 WL 1223463, at *2 (E.D. Mo. Apr. 24, 2007) (denying plaintiff's voluntary dismissal with prejudice because the defendant had put considerable effort and expense into the case, counterclaims were still pending, and dismissal with prejudice would not result in a final judgment).  SKU Parties have diligently prosecuted their claims, conducted discovery and multiple conferences of counsel.  Thus, not only would

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

1 | this time and effort be lost, but there is no independent reason for dismissing SKU

2 | Parties' Counterclaims for failure to prosecute.

3 |      Accordingly, the Court should allow all Counterclaims to proceed, permit

4 | amendment thereto, and allow SKU Parties to add SDJL as a third-party Counterclaim

5 | Defendant.

## IV.    Conclusion

     The Court's dismissal of SDJL's fabricated complaint with prejudice does not affect the validity of all four of SKU Parties' Counterclaims, which form a pleading distinct and separate from Plaintiffs' pleadings, and for which Ronen, Orit, and interested party SDJL must answer.  Because this Court has supplemental jurisdiction over all Counterclaims—which emanate from the same Separation Agreement as Plaintiffs' claims—they may proceed independent of Plaintiffs' case.  At this stage in litigation, dismissal of SKU Parties' Counterclaims or refusal to permit amendment thereto would substantially prejudice SKU Parties, who cannot refile their now time-barred claims not because of any fault of their own, but because of Plaintiffs' seven failed attempts to plead implausible, fabricated claims of ownership of the SKU Mark. Accordingly, in the interests of justice, judicial economy, and under federal law, the Court should permit the Counterclaims to proceed, permit amendment thereto, and allow joinder of SDJL as a third-party Counterclaim Defendant.

Dated:  August 2, 2024

                         Respectfully submitted,

                         MILORD LAW GROUP, P.C.

                         /s/ Kirstin A. Jensvold-Rumage
                         Kirstin A. Jensvold-Rumage
                         Attorneys for Defendants
                         and Counterclaim Plaintiffs
                         Shirley Suleminian,
                         SKU Jewelry Company, and

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

-17-

Kaylee and Rose, Inc.

MILORD LAW GROUP P.C.
333 S. Hope Street, 4025
Los Angeles, CA 90071
(310) 226-7878

-18-

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**