Yana G. Henriks, Esq. (SBN 250638)
*yhenriks@law-mh.com*
**MCMURRAY HENRIKS, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

Attorneys for Plaintiff and Counter-Defendant Orit Cohen
Cross-Defendant Ronen Cohen, and Plaintiff SKU Diamond Jewelry, LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RONEN COHEN, an individual; ORIT COHEN, an individual; and SKU DIAMOND JEWELRY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHIRLEY SULEMINIAN, an individual; SKU JEWELRY COMPANY, a California Corporation; and KAYLEE AND ROSE, INC., a California Corporation,<br><br>Defendants.<br>SHIRLEY SULEMINIAN, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>RONEN COHEN and ORIT COHEN, individuals,<br><br>Counter-Defendants. | Case No. 2:21-cv-08597-SSS-ASx<br><br>*[Assigned to Hon. Sunshine S. Sykes]*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION:**<br>1. **FOR LEAVE TO AMEND PLAINTIFF'S SIXTH AMENDED COMPLAINT PURUSANT TO F.R.C.P. 15;**<br>2. **FOR ENTRY OF FINAL JUDGMENT AND RECONSIDERATION PURSUANT TO F.RC.P. 54; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>*[Concurrently filed with [Proposed] Order]*<br>**Date:** September 6, 2024<br>**Time:** 2:00p.m.<br>**Courtroom:** 2<br>**Location:** 3470 Twelfth Street<br>Riverside, CA 92501<br>Courtroom 2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

    **PLEASE TAKE NOTICE** that on September 6, 2024, at 2:00p.m., in Courtroom 2 of the United States District Court located at 3470 Twelfth Street, Riverside, CA 92501-3801, Plaintiffs and Cross-Defendants Ronen Cohen, Orit Cohen, and SKU Diamond Jewelry LLC will and hereby do move the Court pursuant to F.R.C.P. 15 and F.R.C.P. 54, for the following relief:

1. For an order granting Plaintiffs leave to amend their Sixth Amended Complaint.
2. For an order reconsidering the Court's July 22, 2024 Order (Dkt. 141) dismissal with prejudice, of Plaintiff's Sixth Amended Complaint.

    This motion is supported by this notice, the attached memorandum of points and authorities, the concurrently filed declaration of Yana Henriks, Request for Judicial Notice, and Proposed Order, and further evidence and argument as the Court may admit.

DATED: August 19, 2024          **MCMURRAY HENRIKS, LLP**

By: 

Yana G. Henriks, Esq.
Attorneys for Plaintiff,
SKU Diamond Jewelry, LLC

# TABLE OF CONTENTS

I. INTRODUCTION …………………………………………………………..1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY…….1

III. LAW AND ARGUMENT……………………………………………..2

   A. LEGAL STANDARD……………………………………………2

   B. COURT MUST GRANT LEAVE TO AMEND BECAUSE AMENDMENT WOULD NOT BE FUTILE……………………...2

      1. Futility Standard……………………………………………...2

      2. Amendment Would Not be Futile Because Plaintiff Adequately Pled Ownership via Assignment in Prior Complaints………………..3

      3. The Plaintiff Cured the Previous Deficiencies and so Leave to Amend Would not be Futile………………………………….5

   C. THE COURT SHOULD ENTER FINAL JUDGMENT UNDER F.R.C.P. 54 AS TO ALL CLAIMS IN PLAINTIFFS' SIXTH AMENDED COMPLAINT AND ALTER OR AMEND ITS RULING DISMISSING THE SIXTH AMENDED COMPLAINT…………..5

      1. Entry Final Judgment is Proper…………………………………6

      2. Action Contains Multiple Claims……………………………….6

      3. Final Decision as to at Least One Claim………………………..6

      4. Court's determination of No Just Reason for Delay…………....6

   D. THE COURT SHOULD RECONSIDER DISMISSAL OF PLAINTIFFS' SIXTH AMENDED COMPLAINT BECAUSE THE COURT COMMITTED CLEAR ERROR AND ITS DECISION IS MANIFESTLY UNJUST……………………………………………7

      1. The Court Committed a Clear Error in its Futility Analysis…...7

      2. The Court Committed Clear Error in Failing Consider the Entirety of Plaintiffs' Sixth Amended Complaint……………...8

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

       **3.** Reconsideration is Warranted Because the Court's Decision is Manifestly Unjust…………………………………………………9

**IV.** CONCLUSION……………………………………………………….9

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

# TABLE OF AUTHORITES

**Cases**

*Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978)……………………………………………………………………...3

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)…………..6

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)……………………………………………………………………..2,3

*Foman v. Davis*, 371 U.S. 178, 182 (1962)…………………………………2,5

*In re Irvine Sensors Corp. Securities Litigation* (C.D. Cal., Sept. 22, 2003), 2003 WL 25520735………………………………………………………8

*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)…………………………………………………………………..2

*Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)……………2,7

Smith v. Clark County School Dist., 727 F.3d 950, 955 (9th Cir. 2013)……………………………………………………………………..7

*State of Cal. v. Harvier*, 700 F.2d 1217, 1218 (9th Cir. 1983)……………...2

**Rules**

F.R.Civ.P. 15(a)(2) …………………………………………………………2

F.R.Civ.P. 54(b) ………………………………………………………5,6,7

F.R.Civ.P. 59(e) ……………………………………………………………7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court is familiar with the facts and vast procedural history of this case. Defendant Shirley Suleminian ("Suleminian"), entered into an agreement with Orit Cohen ("Cohen") to open a jewelry company together using SKU trademarks ("SKU marks") which Suleminian already possessed. *Id.* Cohen agreed, and together with Suleminian created Plaintiff SKU Diamond Jewelry, LLC, ("SKU LLC"). *Id.* SKU LLC and Orit Cohen are collectively ("Plaintiffs"). Suleminian and Cohen later had a falling out and on July 6, 2020, entered into a dissolution agreement. [Dkt. 129 at 3]. After dissolution, Defendants continued using the SKU marks in contravention of the dissolution agreement, leading to the current action.

The Plaintiffs filed their initial complaint on October 29, 2021. The Defendants filed an answer and asserted counterclaims on December 8, 2021. Throughout this action the Court has held that Plaintiffs sufficiently alleged an ownership interest in the SKU marks via assignment. [Dkt. 60]; [Dkt. 71]. Then, on July 22, 2024, in the Court's order dismissing Plaintiffs' Sixth Amended Complaint, the Court for the first time held that Plaintiffs had not sufficiently alleged an ownership interest in the SKU marks via assignment. [Dkt. 141]. The Plaintiffs now seek leave to amend their Sixth Amended Complaint to cure the new deficiencies. As elaborated below, leave to amend is proper because amendment would not be futile.

## II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 22, 2024, the Court entered an Order Granting Defendant's Motion to Dismiss Plaintiffs' Sixth Amended Complaint. [Dkt. 141]. In its July 22, 2024, order, the Court found that Plaintiffs failed to adequately plead ownership of the

SKU marks via assignment and so Plaintiffs' claims failed as a matter of law. [Dkt. 141 at 8]. Plaintiffs' Sixth Amended Complaint was dismissed with prejudice because amendment would be futile, as it was Plaintiffs' Sixth Amended Complaint, and the Plaintiffs had failed to remedy deficiencies identified in prior orders. *Id.*

## III. LAW AND ARGUMENT

### A. LEGAL STANDARD

The court may grant leave to amend after dismissal of a complaint but before entry of final judgement. *State of Cal. v. Harvier*, 700 F.2d 1217, 1218 (9th Cir. 1983). Whether to grant or deny leave to amend is within the trial court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, request for leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009). On appeal, the grant or denial of leave to amend is reviewed for abuse of discretion. *Id.* However, any legal rulings, including a determination that a proposed amendment would be futile, are reviewed de novo. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Lastly, it is the non-moving party that bears the burden of demonstrating why leave should not be granted. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. COURT MUST GRANT LEAVE TO AMEND BECAUSE AMENDMENT WOULD NOT BE FUTILE

#### 1. Futility Standard

A party may amend its pleadings with leave of court, and "the court should freely give leave when justice so requires." (Fed. R. Civ. P. 15(a)(2)). However, the court may deny leave to amend if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when there is no set of facts which could be proved under the amendment to the pleadings which would

constitute a valid and sufficient claim. *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978). If there is a set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim, then amendment would not be futile. *Id.* On that note, dismissal with prejudice and without leave to amend is an abuse of discretion unless the complaint could not be saved by amendment. *Eminence*, 316 F.3d at 1052.

### 2. Amendment Would Not be Futile Because Plaintiff Adequately Pled Ownership via Assignment in Prior Complaints

On March 15, 2023, the Court issued an Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. [Dkt. 60]. In its March 25, 2023, order, the Court held that the Plaintiff sufficiently pled that it acquired ownership of the SKU marks via a common law assignment of trademark rights. *id.* at 6. In so holding, the Court noted that:

> "Defendants began using the SKU marks in 2009 to sell jewelry. [Dkt. 51-1 at 11]. Defendnts sold jewelry using the SKU marks online. [Dkt. 51-1 at 11]. Accordingly, Defendants established common law trademark rights. In 2018, Plaintiffs and Defendants entered into a partnership and formed SKU Diamond Jewelry, LLC. [Dkt. 51 at 3]; [Dkt. 48 at 2, ¶ 3]. SKU Diamond Jewelry, LLC sold jewelry and advertised its jewelry on its Instagram account. [Dkt. 51-1 at 23]. As Defendants and Plaintiffs formed a new partnership using the SKU marks to sell jewelry, consistent with Defendants' prior use, Defendants' common law trademark rights passed to SKU Diamond Jewelry, LLC."

[Dkt. 60 at 6].

On July 3, 2023, the Court issued an Order Granting Defendants Motion to Dismiss the Plaintiff's Second Amended Complaint. [Dkt. 71]. In its March 15, 2023, order, the Court reiterated its finding that "the common law trademark rights to the word marks "SKU DIAMONDS" and "SKU JEWELRY" ("SKU

marks") at issue were assigned to company SKU Diamond Jewelry, LLC." *id.* at 2. The Court noted that:

> "Accordingly, whether Silver International or Suleminian is the senior use of the SKU mark, does not negate the Court's previous findings that the common law rights in the SKU marks were ultimately assigned to SKU Diamond Jewelry, LLC. See [Dkt. 60 at 5-7]. As such, SKU Diamond Jewelry. LLC maintains standing to pursue its claims for trademark infringement, false designation of origin, counterfeiting, and declaratory relief."

[Dkt. 71 at 9].

Leave to amend would not be futile because an amendment will cure the deficiencies in the Plaintiffs' Sixth Amended Complaint. As the Court previously noted, Plaintiff sufficiently alleged that the Defendant established common law trademark rights, and that those rights were passed to SKU Diamond Jewelry, LLC. [Dkt. 60 at 6]. In dismissing Plaintiff's Sixth Amended Complaint, the Court notes that the allegations in Plaintiffs' First Amended Complaint are markedly different from allegations in the Sixth Amended Complaint, making such reliance improper. [Dkt. 141 at 8]. If so, the deficiencies in Plaintiffs' Sixth Amended Complaint can still be cured by an amendment containing the allegations from Plaintiff's First Amended Complaint and Second Amended Complaint which the Court previously found were sufficient. [Dkt. 60 at 6]; [Dkt. 71 at 9]. Here, there is a set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim. That the Court previously noted that the Plaintiffs sufficiently alleged those facts establishes that amendment would not be futile. [Dkt. 60 at 6]; [Dkt. 71 at 9]. Therefore, because an amendment would not be futile, the Plaintiffs respectfully request the Court grant leave to amend.

///

### 3. The Plaintiff Cured the Previous Deficiencies and so Leave to Amend Would not be Futile

The court may deny leave to amend for repeated failure to cure deficiencies by amendments previously allowed. *Foman*, 371 U.S. at 182. The Plaintiffs have cured the deficiencies that the Court has found in its prior complaints in this action. As previously stated, the deficiency which the Court found in Plaintiff's Sixth Amendment Complaint is one that did not exist in Plaintiffs' First Amended Complaint and Second Amended Complaint. [Dkt. 48]; [Dkt. 61]. The lack of facts alleging ownership of the SKU marks in the Sixth Amended Complaint was the result of misplaced reliance on the Court's prior orders, not a lack of facts to allege. Because leave to amend would not be futile, and Plaintiffs have cured previous deficiencies, the Plaintiffs respectfully request the Court exercise its discretion and grant leave to amend. Alternatively, if the Court denies Plaintiffs' request for leave to amend, they respectfully ask that based on mistake and an unjust outcome, the Court reconsider or amend its prior ruling dismissing Plaintiffs' Sixth Amended Complaint.

## C. THE COURT SHOULD ENTER FINAL JUDGEMENT UNDER F.R.C.P. 54 AS TO ALL CLAIMS IN PLAINTIFFS' SIXTH AMENDED COMPLAINT AND RECONSIDER OR AMEND ITS RULING DISMISSING THE SIXTH AMENDED COMPLAINT

When multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay. (Fed. R. Civ. P. 54(b)). Otherwise, any order, however designated, that adjudicates fewer than all the claims or parties may be revised at any time before entry of the judgment adjudicating all the claims and all the parties' rights and liabilities. *Id.*

///

### 1. Entry of Final Judgment is Proper

For entry of a final judgment to be proper, the court must make a final decision on at least one of Plaintiffs' claims. (Fed. R. Civ. P. 54(b)). Here, the Court has made a final decision as to all of Plaintiff's claims. [Dkt. 141 at 8].

### 2. Action Contains Multiple Claims

For a court to enter a final judgment as to one or more claims the action must involve multiple parties or cross-actions (Fed. R. Civ. P. 54(b)). The current action involves cross-actions, and so contains multiple claims. [Dkt. 12]. Further, the Defendant's claims have not been adjudicated. [Dkt. 142].

### 3. Final Decision as to at Least One Claim

Entry of final judgment pursuant to F.R.C.P. 54 is permissible if the trial court rendered a final decision on at least one of Plaintiffs' claims. (Fed. R. Civ. P. 54(b)). Here, the Court has rendered a final decision on all of Plaintiff's claims. [Dkt. 141 at 8].

### 4. Court's Determination of No Just Reason for Delay

The main factor courts consider in determining whether there is no just reason for delay is whether the claims that are final and the claims that are not final overlap as a practical matter, such that the court of appeals would end up dealing with the same issues twice. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the claims that are final do not overlap with the claims that are not final as a practical matter. Rather, all of Plaintiff's related claims were dismissed together, such that a court of appeals would not end up dealing with the same issues twice.

///

# D. THE COURT SHOULD RECONSIDER DISMISSAL OF PLAINTIFFS' SIXTH AMENDED COMPLAINT BECAUSE THE COURT COMMITTED CLEAR ERROR AND ITS DECISION IS MANIFESTLY UNJUST

After entering a final judgement as to one or more claims, courts invoke the limits governing reconsideration of final judgments under F.R.C.P. 59(e) when parties seek reconsideration of an interlocutory ruling under F.R.C.P. 54(b). *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Pursuant to F.R.C.P. 59, a court may reconsider or amend its prior order if it committed a clear error, the initial decision was manifestly unjust, or if there is an intervening change in the controlling law. *Id.*

### 1. The Court Committed a Clear Error in its Futility Analysis

Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment. *Moss*, 572 F.3d at 972. When dismissal is based on a pleading deficiency, the question is whether the proposed amendments have a chance of supplying the missing allegations. *Id.* When the Complaint is dismissed because the claim, though properly pleaded, is insufficient as a matter of law, the question is whether any proposed amendment could state a viable claim. *Id.*

In its July 22, 2024, order dismissing Plaintiff's Sixth Amended Complaint, the Court found that Plaintiffs' claims fail as a matter of law. [Dkt. 141 at 8]. However, the analysis which the Court conducted of Plaintiff's Sixth Amended Complaint was based pleading deficiencies, not claims that though properly pleaded, are insufficient as a matter of law. [Dkt. 141 at 7-8]. Under the proper analysis, the Plaintiff possesses facts which if alleged would cure the deficiencies in Plaintiff's Sixth Amended Complaint regarding the pleading of ownership via

assignment. Specifically, as Plaintiff previously alleged and the Court previously held:

> "Defendants began using the SKU marks in 2009 to sell jewelry. [Dkt. 51-1 at 11]. Defendnts sold jewelry using the SKU marks online. [Dkt. 51-1 at 11]. Accordingly, Defendants established common law trademark rights. In 2018, Plaintiffs and Defendants entered into a partnership and formed SKU Diamond Jewelry, LLC. [Dkt. 51 at 3]; [Dkt. 48 at 2, ¶ 3]. SKU Diamond Jewelry, LLC sold jewelry and advertised its jewelry on its Instagram account. [Dkt. 51-1 at 23]. As Defendants and Plaintiffs formed a new partnership using the SKU marks to sell jewelry, consistent with Defendants' prior use, Defendants' common law trademark rights passed to SKU Diamond Jewelry, LLC."

[Dkt. 60 at 6].

Because the Court committed clear error in determining whether amendment of Plaintiffs' Sixth Amendment Complaint would be futile, Plaintiffs' respectfully request the Court alter or amend its July, 22, 2024 order granting Defendants' Motion to Dismiss Plaintiffs' Sixth Amended Complaint. That Plaintiffs mistakenly relied on the Court's interlocutory orders in their Sixth Amended Complaint does not negate the sufficiency of the allegations that were previously pled establishing that SKU LLC obtained ownership of the SKU marks via assignment. [Dkt. 60 at 6]; [Dkt. 71 at 9].

### 2. The Court Committed Clear Error in Failing Consider the Entirety of Plaintiffs' Sixth Amended Complaint

Courts view complaints as a whole, even though individual allegations may contain flaws. *In re Irvine Sensors Corp. Securities Litigation* (C.D. Cal., Sept. 22, 2003), 2003 WL 25520735.

Here, the Plaintiffs attached a copy of the Separation Agreement to their Sixth Amended Complaint containing the assignment of common law trademark rights to SKU LLC. [Dkt. 129 Exhibit A]. The Separation agreement states "Shirley and/or her new gold and diamonds business will not use "SKU" in its name to sell, advertise, or advertise on Instagram selling gold and diamonds jewelry." *Id.* This clause constitutes an assignment of Defendants' rights in the SKU marks to the Plaintiffs.

### 3. Reconsideration is Warranted Because the Court's Decision is Manifestly Unjust

The Court's granting of Defendants' Motion to Dismiss Plaintiff's Sixth Amended Complaint has led to manifestly unjust results. Throughout this action the Court has consistently found that Plaintiffs properly pleaded ownership via assignment. It was not until the Court issued its order dismissing Plaintiffs Sixth Amended Complaint with prejudice that the Court reversed its prior findings.

## IV. CONCLUSION

Because amendment would not be futile the Plaintiff respectfully request the court exercise its discretion and grant Plaintiffs leave to amend its Sixth Amended Complaint. Alternatively, because of clear mistake and a manifestly unjust result, the Plaintiffs respectfully request the Court alter or amend its judgement dismissing Plaintiff's Sixth Amended Complaint.

DATED: August 19, 2024                    **MCMURRAY HENRIKS, LLP**

By: /s/

Yana G. Henriks, Esq.
Attorneys for Plaintiff,
SKU Diamond Jewelry, LLC

**CERTIFICATE OF SERVICE**

CENTRAL DISTRICT OF CALIFORNIA

*Cohen, et al. v. Suleminian, et al.*

Case No. 2-21-cv-08597-SSS-ASx

The undersigned certifies that on August 19, 2024, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND PLAINTIFF'S SIXTH AMENDED COMPLAINT PURUSUANT TO F.R.C.P. 15; FOR ENTRY OF FINAL JUDGMENT AND RECONSIDERATION PURSUANT TO F.RC.P. 54; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorney of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By: /s/ Marco Castellon